## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ---------------------------------------------------- ) | |
| **ARMANDO HERNANDEZ, MICHAEL** ) | |
| **WANDS, JOE ALVAREZ,** ) | |
| **BALMORES ORTIZ, DAVID** ) | |
| **RODRIGUEZ, LUIS TEJEDA, CHAD** ) | **06 CV 2675 (CLB) (MDF)** |
| **GOURLEY, JOSEPH GASDIA, PAUL** ) | |
| **GASDIA, ERIC CLEVELAND, JASON** ) | **FIRST AMENDED** |
| **DIXON and ERIC BOLISKI,** ) | **CLASS ACTION COMPLAINT** |
| **Individually and on Behalf** ) | |
| **of All Others Similarly Situated,** ) | |
| **As Class Representatives,** ) | *JURY TRIAL REQUESTED* |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **C&S WHOLESALE GROCERS, INC.** ) | |
| **and RICHARD "RICK" B. COHEN,** ) | |
| ) | |
| **Defendants.** ) | |
| ---------------------------------------------------- ) | |

1.      Plaintiffs Armando Hernandez, Michael Wands, Joe Alvarez, Balmores Ortiz (the "New York Named Plaintiffs"), David Rodriguez, Luis Tejeda (the "Connecticut Named Plaintiffs"), Chad Gourley (the "Pennsylvania Named Plaintiff"), Joseph Gasdia, Paul Gasdia (the "Maryland Named Plaintiffs"), Eric Cleveland, Jason Dixon (the "Vermont Named Plaintiffs"), and Eric Boliski (the "Massachusetts Named Plaintiff") (hereinafter "Plaintiffs" or "Named Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, Sanford Wittels & Heisler, LLP, allege upon knowledge as to themselves and their own acts, and otherwise upon information and belief, as follows:

**SUMMARY OF THIS COLLECTIVE AND CLASS ACTION FOR UNPAID WAGES
AND OVERTIME, AND TO STOP OTHER ILLEGAL LABOR PRACTICES**

2.     This suit seeks to remedy the illegal labor practices of Defendants C&S Wholesale Grocers, Inc. and its Chairman and Owner, Defendant Richard "Rick" B. Cohen, who cheat Plaintiffs and the class of "piece-rate incentive" warehouse workers out of their full earned wages and overtime pay in all states where the company operates warehouses including New York, Connecticut, Pennsylvania, Maryland, Vermont, Massachusetts, Alabama, California, Georgia, Hawaii, Iowa, New Jersey, Ohio, South Carolina, Tennessee, and Texas.

3.     The C&S Defendants have violated and continue to violate federal and state labor laws in a variety of ways:

   a)  making unlawful deductions from employees' wages as punishment for worker errors, worker injuries and/or worker tardiness or absences;

   b)  failing to pay employees for all time worked "off-the-clock" before and after shifts and during meals and rest periods when employees are performing tasks that are integral to the employees' job duties;

   c)  failing to correctly calculate and pay employees an overtime premium for working more than forty (40) hours in a week;

   d)  unilaterally deciding to pay workers at a lower rate than that agreed upon;

   e)  failing to provide employees with time off during a shift for rest periods or meals; and

   f)  failing to compensate New York employees for hours worked in excess of 10 hours per day (the "spread of hours payment").

4.     With more than 12,500 warehouse employees, Defendant C&S is the second-largest wholesale grocery store supplier and the eighth largest privately-held corporation in the United States.  The C&S Defendants employ workers in giant warehouses operated under the names C&S Wholesale Grocers, Inc. and ES3, LLC, ("ES3"), an affiliated company owned and controlled by Defendants C&S and Rick Cohen.  This action seeks damages for all piece-rate

incentive warehouse employees employed by Defendant C&S Wholesale Grocers Inc.,

Defendant Rick Cohen and their affiliated company ES3, LLC (collectively "C&S," "C&S

Defendants," or the "Company" unless otherwise specified).

5.      The Plaintiff-class of "piece-rate incentive" workers perform the manual labor which

enables C&S to deliver the grocery and freezer products that the company supplies to its

customers — many of the largest independent supermarket chains in the country.   Plaintiffs

work in positions including but not limited to: Selectors, Hi-Lo Lift Operators, Slot Cleaners,

and Backhaulers (whose duties are more fully described in paragraphs 39-43 of this

complaint).

6.      The Named Plaintiffs from six states bring their claims:

> a)   individually and as a collective action under the Fair Labor Standards, 29 U.S.C.
>       § 216(b), and
>
> b)   individually and as a class action under Fed. R. Civ. P. 23(b)(3) and the applicable
>       state labor laws, on behalf of all current and former C&S piece-rate incentive
>       workers who have been denied their full and legally required wages and overtime
>       compensation, and proper working conditions.   Under the state law claims, each
>       of the Named Plaintiffs seeks to represent Subclasses of piece-rate incentive
>       workers from their respective work states: New York, Connecticut, Pennsylvania,
>       Maryland, Vermont, and Massachusetts.

7.      Defendants' conduct violates (a) the Federal Fair Labor Standards Act ("FLSA"), 29

U.S.C. §§ 201 et seq. (Counts 1 and 2); (b) New York Labor Law §§ 190 et seq., and §§ 650 et

seq. (Counts 3 through 8); and (c) the applicable wage and hour laws and regulations of the

states of Connecticut General Statutes Annotated, C.G.S.A. §§ 31-70 et seq. (Counts 9 through

13); Pennsylvania Statutes, 43 P.S. §§ 260.1 et seq. and §§ 333.101 et seq. (Counts 14 through

17); Maryland, Md. Labor & Emply Code §§ 3-413 et seq. and §§ 3-501 et seq. (Counts 18

through 21); Vermont Statutes Annotated, 21 V.S.A. §§ 341 et seq. and §§ 381 et seq. (Counts

22 through 26); and Massachusetts General Law Annotated, M.G.L.A. 151 §§ 1A et seq. and

149 §§ 148 et seq. (Counts 27 through 31).

8.    Plaintiffs' collective action claims under the FLSA are brought on behalf of all C&S piece-rate incentive employees in every state where the grocery giant operates. The Collective Action Plaintiffs seek (a) all unpaid overtime compensation and (b) recovery of pay for all hours worked off-the-clock that were required, suffered, or permitted by Defendants, plus liquidated damages and/or interest, injunctive and declaratory relief, and attorneys' fees and costs under the FLSA 29 U.S.C. §§ 207 and 216(b).

9.    Through their Fed. R. Civ. P. 23 class-wide claims, Plaintiffs seek compensation for all unpaid wages including but not limited to (a) pay for hours worked off-the-clock that were required, suffered or permitted by Defendants, (b) all unpaid overtime, and (c) all damages permitted by New York State laws and the laws of the five other states under which claims are brought, plus restitution and disgorgement of all benefits Defendants obtained from their unlawful practices, injunctive and declaratory relief, interest, and attorneys' fees and costs.

## JURISDICTION AND VENUE

10.   This Court possesses federal subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs seek relief under federal law, specifically the FLSA, 29 U.S.C. §§ 201 et seq.

11.   This Court possesses supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 as they arise out of the same case and controversy.  These claims do not involve new or novel aspects of state law nor do they predominate over federal issues.

12.   For the following reasons, this Court also possesses federal subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 (109 P.L. 2; 119 Stat. 4; effective February 18, 2005):

a) members of the proposed Plaintiff Class number one hundred (100) or more;

b) there is diversity of citizenship between *any one* member of the Plaintiff Class (named and unnamed) and the Defendants.  Plaintiffs Armando Hernandez, Michael Wands, Joseph Alvarez, and Balmores Ortiz are residents of New York; Plaintiffs David Rodriguez and Luis Tejeda are residents of Connecticut; Plaintiff Chad Gourley is a resident of Pennsylvania; Plaintiffs Joseph Gasdia and Paul Gasdia are residents of Maryland; Plaintiff Eric Cleveland was at all relevant times a resident of Vermont; Plaintiff Jason Dixon was at all relevant times a resident of Vermont and Maryland; and Plaintiff Eric Boliski is a resident of Massachusetts.  Defendant C&S Wholesale Grocers, Inc. is a foreign corporation incorporated in Delaware and with its principal place of business in the State of New Hampshire.  Defendant Rick Cohen is a resident of New Hampshire.

c) the amount in controversy – which may be calculated by aggregating the claims of the putative Class members – exceeds $5 million.

13.   Venue belongs in this district pursuant to 28 U.S.C. §§ 1391(a)(1) and (2) because (a) Defendant C&S is licensed to do business and conducts business within the State of New York; (b) a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this district; (c) four of the Representative Plaintiffs work and/or reside here; and (d) a substantial part of the property that is the subject of the action is situated in this district. Additionally, C&S is deemed to reside in this district because it is subject to personal jurisdiction here.

14.   Defendants are amenable to personal jurisdiction in New York State because this lawsuit arises from C&S' wrongful conduct in New York State and because C&S derives substantial revenue from the sale of products within New York State.

## THE PARTIES

### New York Named Plaintiffs

15.   At all times relevant to this action, Plaintiff Armando Hernandez resided and continues to reside in New Windsor, New York.  Plaintiff Hernandez worked primarily as a Selector in C&S' Newburgh, NY warehouse from August 2000 through February 2004. During his

5

employment at C&S, Plaintiff Hernandez was a piece-rate incentive employee who periodically worked more than 40 hours per week.

16.   At all times relevant to this action, Plaintiff Michael Wands resided and continues to reside in Newburgh, New York.   Plaintiff Wands began working as a Selector at C&S in December 1999 and is still employed at the Newburgh, NY facility.  During his employment at C&S, Plaintiff Wands has been a piece-rate incentive employee who periodically worked more than 40 hours per week.

17.   At all times relevant to this action, Plaintiff Joe Alvarez resided and continues to reside in Newburgh, New York.  Plaintiff Alvarez worked as a Selector and Slot Cleaner at C&S' Newburgh, NY facility from March 2000 through May 2002.  During his employment at C&S, Plaintiff Alvarez was a piece-rate incentive employee who periodically worked more than 40 hours per week.

18.   At all times relevant to this action, Plaintiff Balmores Ortiz resided and continues to reside in Newburgh, New York.  Plaintiff Ortiz began working as a Selector at C&S in October 1998 and is still employed at the Newburgh, NY facility.  During his employment at C&S, Plaintiff Ortiz has been a piece-rate incentive employee who periodically worked more than 40 hours per week.

**<u>Connecticut Named Plaintiffs</u>**

19.   At all times relevant to this action, Plaintiff David Rodriguez resided and continues to reside in New Britain, Connecticut.  Plaintiff Rodriguez worked as a Selector at C&S' Windsor Locks, CT facility from February 2004 through August 2005.  During his employment at C&S, Plaintiff Rodriguez was a piece-rate incentive employee who periodically worked more than 40 hours per week.

20.   At all times relevant to this action, Plaintiff Luis Tejeda resided and continues to reside in New Britain, Connecticut.  Plaintiff Tejeda began working as a Selector at C&S in February 2001 and is still employed at the Windsor Locks, CT facility.  During his employment at C&S, Plaintiff Tejeda has been a piece-rate incentive employee who periodically worked more than 40 hours per week.

**Pennsylvania Named Plaintiff**

21.   At all times relevant to this action, Plaintiff Chad Gourley resided and continues to reside in Annville, Pennsylvania.  Plaintiff Gourley worked as a Selector and Hi-Lo Operator at C&S' York and Harrisburg facilities from August 2001 through November 2005.  During his employment at C&S, Plaintiff Gourley was primarily a piece-rate incentive employee who periodically worked more than 40 hours per week.

**Maryland Named Plaintiffs**

22.   At all times relevant to this action, Plaintiff Joseph Gasdia resided and continues to reside in Perryman, Maryland.  Plaintiff Joseph Gasdia worked as a Selector and Supervisor at C&S' Aberdeen, MD facility from February 2000 through September 2005.  During his employment at C&S, Plaintiff Joseph Gasdia was primarily a piece-rate incentive employee who periodically worked more than 40 hours per week.

23.   At all times relevant to this action, Plaintiff Paul Gasdia resided and continues to reside in Perryman, Maryland.  Plaintiff Paul Gasdia began working as a Selector at C&S' Aberdeen, MD facility in May 2002 and is still employed at the Aberdeen facility.  During his employment at C&S, Plaintiff Gasdia has been a piece-rate incentive employee who periodically worked more than 40 hours per week.

**Vermont Named Plaintiffs**

24.    At all times relevant to this action, Plaintiff Eric Cleveland resided and continues to reside in Brattleboro, Vermont.  Plaintiff Cleveland worked as a Selector at C&S' Brattleboro, VT facility from August 2003 through March 2006.  During his employment at C&S, Plaintiff Cleveland was a piece-rate incentive employee who periodically worked more than 40 hours per week.

25.    At all times relevant to this action, Plaintiff Jason Dixon lived in Vermont, Maryland, New York, and Pennsylvania; he currently resides in Elkton, Maryland.  Plaintiff Dixon worked as a Selector and Hi-Lo Lift Operator for C&S from June 2000 through April 2006 with most time spent at C&S' Brattleboro, VT facility.  During his employment at C&S, Plaintiff Dixon was a piece-rate incentive employee who periodically worked more than 40 hours per week.

**Massachusetts Named Plaintiff**

26. At all times relevant to this action, Plaintiff Eric Boliski resided and continues to reside in Berndaston, Massachusetts.   Plaintiff Boliski worked at C&S' North Hatfield, MA facility from March 2002 through March 2004; he worked at other C&S facilities intermittently throughout this period.  During his employment at C&S, Plaintiff Boliski was a piece-rate incentive employee who periodically worked more than 40 hours per week.

* * *

27. Each of the Named Plaintiffs consents to sue in this action pursuant to 29 U.S.C. §216(b). Additional C&S Plaintiff piece-rate incentive workers have filed and/or will be filing consent forms and joining as Plaintiffs on the federal claims in the future.

**Defendant C&S**

28.   Upon information and belief, Defendant C&S Wholesale Grocers, Inc. is a grocery wholesale food distribution company.  Its headquarters is located in Keene, New Hampshire.

29.   Upon information and belief, the Defendant C&S maintains and operates warehouse storage facilities consisting of over 15 million square feet located in at least 16 states throughout the United States.

30.   Upon information and belief, Defendants ship approximately 20 million cases of food and nonfood items to 4,000 corporate customers each week.  These goods include produce, meat, dairy products, delicatessen products, fresh/frozen bakery items, health and beauty aids, candy, and tobacco.

31.   Upon information and belief, Defendants' customers are typically independent grocery stores, supermarkets, and military bases throughout the United States who order their products from C&S.  They include supermarket chains such as Pathmark, Safeway, Giant Food Stores, Shaw's, Stop and Shop, A&P Food Mart, Big Y Foods, BJ's Warehouse, Great American, SavMart/Foodmax, and Demoulas.

**Defendant Rick Cohen**

32.   Upon information and belief, Defendant Rick Cohen is the Chairman, Chief Executive Officer, and Owner of Defendant C&S Wholesale Grocers, Inc. and ES3, LLC.   Upon information and belief, Defendant Cohen is the architect of C&S' pay scheme for piece-rate incentive employees and implemented this scheme in or around 1987.  Defendant Cohen has the power to hire and fire employees, set wages and schedules, and retain these records.

**Defendants' Affiliated Company: ES3**

33.   Upon information and belief, Defendant C&S Wholesale Grocers, Inc. and/or Defendant

Cohen own, operate and/or control ES3, LLC, an affiliated company.  ES3 is in the same type of grocery warehouse business as C&S and also employs piece-rate incentive workers.

34.   Upon information and belief, ES3 has its headquarters in Keene, New Hampshire.

35.   Upon information and belief, ES3 operates warehouses in Pennsylvania, California, Georgia, Iowa, Ohio, and Texas.  At the direction of Defendants C&S and/or Cohen, ES3 engages in the same unfair labor practices described in this complaint as C&S Wholesale Grocers, Inc.

36.   Upon information and belief, ES3 employees receive paychecks issued by C&S and drawn on bank accounts in C&S' name.  Furthermore, upon information and belief, Geoff Davis is an officer and Executive Vice President at both ES3 and C&S.  Because of these factors C&S and ES3 constitute a "single employer."  Throughout this Complaint, reference to C&S includes ES3 and its incentive rate employees, unless otherwise specified.

## FACTUAL ALLEGATIONS

### A.   Piece-Rate Incentive Employees at C&S:
### The "Team Approach" to Punishment

37.   To supply their supermarket customers' grocery needs, Defendants employ more than twelve thousand warehouse workers in more than fifty massive warehouses.  Upon information and belief, most of these warehouse workers, like the Named Plaintiffs, are piece-rate incentive workers paid based on the amount of grocery and freezer products they move.

38.   The Defendants introduced the "incentive" program for paying piece-rate employees in or around 1987 at the direction of owner-Defendant Rick Cohen.  Under the program, piece-rate employees work in teams of 4-8 members, with their pay dependent upon the efforts of the whole team.  Touted by management as a way for workers to earn more money, the incentive pay scheme is in practice a penalty system under which Defendants make unlawful deductions

from workers' earned wages.

39.   The C&S workers adversely affected by the Defendants' penalty pay scheme are the company's manual laborers, the majority of whom work in incentive positions as "selectors," "hi-lo lift operators," "back-haulers," and "slot cleaners."

40.   All of the Named Plaintiffs work and/or worked primarily as Selectors, who comprise the greatest number of incentive positions in the warehouse.  Using large motorized pallet jacks, Plaintiffs' job is to pick, wrap, check, and load customers' grocery and freezer orders, which are then trucked to the customers' supermarkets.

41.   For each case of product "picked," Defendants agree to pay Selectors a pre-determined incentive rate, typically 10 cents per case.  In actuality, however, Defendants punish workers for mistakes, injuries, tardiness, and/or absences, thereby reducing the 10-cent rate to a so-called "Disciplinary Rate" of 8 cents per case (or lower).  To add to the punishment, Defendants do not limit punishment to the employee worker who made the error or who was late.  Instead, Defendants punish the entire team, knocking their case rates below 10 cents for weeks at a time, or even months.

42.   Other Plaintiff incentive workers suffer the same fate as Selectors.  The Defendants also punish Hi-Lo Lift Operators, whose job it is to "put-away" and "take-down" pallets of products.  If a Hi-Lo Operator makes a mistake or damages a product, Defendants cut his pallet piece-rate below the typical $1 per pallet for take-downs.

43.   Piece-rate employees working as backhaulers (who unload merchandise from trucks) and slot cleaners (who keep the slots clean into which lift operators drop the products) also have their incentive rates cut for similar reasons.

44.   According to C&S' website, the piece-rate incentive program "proved to be a huge

success."  That is, a huge success for management.  Within six months after introducing the program, **"*the total volume shipped increased by 35%, <u>while total labor costs declined by more than 20%</u>.*"

45.    The Defendants' illegal wage scheme is predicated on punishing employees by encouraging them to work as quickly as possible through lunch and breaks -- and to work off-the-clock whenever possible -- in order to boost what C&S dubbed the employees' "8-Week Average."  Defendants informed Plaintiffs that they would earn the average of their previous "8-week" hourly rate when, during their shifts, the workers were not actually selecting or backhauling, but rather performing other related work activities.  Defendants further informed Plaintiffs they would be paid the "8-Week Average" for vacation, holiday, sick, and personal pay.

46.    C&S supervisors and managers promote the belief that employees should begin working before their regularly-scheduled start time and through meals and breaks in order to maintain a high 8-Week Average.  Unless workers arrive early to get ready for work, for example to find their pallet jacks and/or prepare their batteries, they are unable to begin working when their official shift starts.  Workers are constantly told, "It's on your time if you stop for lunch or a break."  But instead of paying employees their 8-Week Average, Defendants resorted to a form of bait and switch, either paying workers a much lower so-called "Utility Rate" of $9 (or less) per hour or not compensating workers at all.

47.    Additionally, when employees assert their rights under federal and state labor and employment laws, C&S, instead of acknowledging the rights of workers, frequently chooses to retaliate against them.

48.    On its website and on the identification cards the Company forces its employees to carry,

C&S proclaims that its warehouses are brimming with "*Braggingly Happy Team Members*." Unfortunately, the idealized, "braggingly happy" world envisioned by C&S and its CEO Rick Cohen is a far different place from the depressing reality that Plaintiff "team members" and thousands of other such C&S team members experience every day.  These team members go to work each day not knowing how much they will earn, subject to unannounced wage deductions at the whim of supervisors.

49.    It is not the team approach that Plaintiffs challenge in this lawsuit, however; there is nothing fundamentally wrong with a team work structure.  Rather it is Defendants' failure to pay the individual team members their rightfully earned compensation that is at the heart of Plaintiffs' claims.

       **B.**       **Summary of Defendants' Unlawful Labor Practices**

50.    Defendants use a collection of unfair practices to avoid paying Plaintiffs and the Class of piece-rate incentive employees their full earned wages and overtime.  These common illegal labor practices include the following:

       **i)**  **Unlawful Penalty Deductions from Wages**

51.    Foremost among the Company's illegal pay schemes is the above-described penalty policy under which the Company lowers the piece-rate compensation by making deductions from earned wages of workers and their team members for mistakes, injuries, tardiness, and absences.  Upon information and belief, Defendants made, and continue to make, unlawful wage deductions to the paychecks of its piece-rate incentive employees in all states where the company operates warehouses.

52.    By reducing wages through penalty deductions, Defendants' actions have another intended effect: lowering workers' overtime pay.  Defendants use the "deducted" penalty rate

as the regular hourly rate for overtime purposes.  This penalty rate runs afoul of both federal and state laws, which forbid companies from calculating overtime based on a penalty-reduced hourly rate.

### ii)  Failure to Pay for All Hours Worked

53.   Defendants encourage their employees to work "off-the-clock," i.e. work hours not recorded, in order to increase employees' 8-Week Average rate.

54.   Defendants fail to pay employees for all hours worked by:

  a)  encouraging employees to work "off-the-clock" without compensation both before and after shifts, while performing tasks integral to the shift; and

  b)  encouraging employees to work through mandatory meal and/or break periods so that they will have a higher 8-Week Average.

55.   By failing to compensate their workers for all time worked "off-the-clock" both before and after shifts, and for time worked through meals and breaks, Defendants have violated federal and state laws.

### iii)  Failure to Pay All Overtime Due

56.   Plaintiffs and the Class of piece-rate incentive employees periodically work more than forty hours per week.  Accordingly, Defendants are required by federal and state law to pay Plaintiffs and the Class overtime calculated at the rate of one and one-half times an employee's regular hourly rate.

57.   Defendants systematically and illegally lower the amount of overtime paid to employees by wrongfully reducing the employee's regular hourly rate.  A lower hourly rate translates into a lower time–and-a-half overtime rate.

58.   In addition, Defendants undercount the number of overtime hours (and amount of such pay) due to Class Members.  Defendants fail to count compensable time that employees spend working "off-the-clock" before and after shifts as well as during meals and breaks.

59.   By both artificially lowering employees' hourly wages and not including the full number of hours worked during a week, Defendants have furthered their scheme to pay employees either no overtime or far less than is actually owed in overtime pay.

### iv)  Failure to Pay Agreed Upon Wages Earned and Due

60.   Defendants agreed to pay Plaintiffs and the Class of incentive pay employees at their 8-Week Average during the times in an employee's shift he was not selecting, hauling, slot cleaning or operating a hi-lo lift.

61.   For example, if a Named Plaintiff-Selector finished selecting his assigned orders for customers during a shift, then for the remaining hours of the shift, management agreed to pay the incentive employee his 8-Week Average.  Instead, however, Defendants unilaterally and wrongfully paid incentive employees a much lower "utility rate" of $9 (or even lower) rather than the significantly higher 8-Week Average.

62.   The "utility rate" was neither agreed to by employees before they were hired or afterwards. Further, this "utility rate" brings down an employee's 8-Week Average, thereby decreasing the hourly rate used to calculate overtime, holiday and vacation pay, and sick pay.

63.   Additionally, Defendants repeatedly fail to pay agreed wages by making mistakes in payroll calculations and failing to remedy these mistakes when brought to management's attention by employees.

### v)  Failure to Provide Full, Uninterrupted Off-Duty Meal Periods & Breaks

64.   The Defendants regularly deprive their piece-rate incentive employees of the opportunity to take scheduled breaks or time off for meals despite state laws mandating meal and/or break periods.  Plaintiffs and the Class of piece-rate incentive employees work long and physically demanding shifts, periodically logging more than 12 hours per shift without meals or rest

breaks in Defendants' windowless and hot warehouses.

65.  Despite the difficult working conditions and the lengthy hours, Defendants and their supervisors and managers consistently deny Plaintiffs and the Class the opportunity to take breaks or eat meals by advising them that this time would be counted against them when determining their 8-Week Average.  In other words, every minute that Plaintiffs and the Class spent not picking goods or moving groceries would lower their 8-Week Average rate, thus decreasing the total wages that C&S would pay them.

**vi)  Denial of "Spread of Hours" Pay for Time Worked Exceeding 10 Hours**

66.  The New York Named Plaintiffs and the Class of New York incentive employees periodically work more than ten hours per day.  Accordingly, Defendants are required by law to pay New York Plaintiffs and the members of the New York Subclass an extra hour's pay for split shifts or any time worked in excess of the 10-hour shift pursuant to 12 N.Y.C.R.R. § 142-2.18.

67.  Additionally, because Defendants encourage employees to work "off-the-clock" and fail to recognize hours worked proceeding and following shifts, Defendants consistently shorten the length of the day worked by employees.  If properly calculated, workers' shifts would frequently extend beyond ten hours and warrant an additional hour's pay.  Defendants' scheme enables the company to avoid paying the spread of hours due under New York law.

**COLLECTIVE ACTION UNDER THE FLSA**
**FOR ALL INCENTIVE COMPENSATION EMPLOYEES**

68.  **FLSA Collective Action Plaintiffs (FLSA Claims):** Named Plaintiffs bring Counts 1 and  2 for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendants as piece-rate incentive employees in every state where Defendants employ

warehouse workers, including Alabama, California, Connecticut, Georgia, Hawaii, Iowa, Maryland, Massachusetts, New Jersey, New York, Ohio, Pennsylvania, South Carolina, Tennessee, Texas, and Vermont, at any time within the past three years, and thereafter. The FLSA action includes employees who (a) worked off-the-clock as required, suffered or permitted by Defendants, and have not been fully compensated for all hours worked and wages earned and other benefits, and/or (b) who have not been fully compensated for all overtime hours at one and one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week.

69.   Questions of law and fact common to the FLSA Collective Action Plaintiffs as a whole include but are not limited to the following:

   a)   Whether Defendants unlawfully failed and continue to fail to fully pay employees for all hours worked and wages earned by the FLSA Collective Plaintiffs in violation of FLSA, 29 U.S.C §§ 201 et seq.;

   b)   Whether Defendants unlawfully failed and continue to fail to fully pay employees for all overtime compensation earned by the FLSA Collective Plaintiffs in violation of FLSA, 29 U.S.C §§ 201 et seq.;

   c)   Whether Defendants' policy and practice of failing to fully pay employees (i) for all hours worked and wages earned and/or (ii) for all overtime compensation earned violates applicable provisions of the FLSA;

   d)   Whether Defendants' failure to pay employees (i) for all hours worked and wages earned and/or (ii) for all overtime compensation earned was willful within the meaning of the FLSA;

   e)   Whether Defendants failed and continue to fail to maintain accurate records of hours worked by the FLSA Collective Plaintiffs; and

   f)   Whether Defendants failed and continue to fail to provide accurate wage statements itemizing all hours worked and wages earned by the FLSA Collective Plaintiffs.

70.   Counts 1 and 2 for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted

by the FLSA Collective Action Plaintiffs because the claims of the Named Plaintiffs are similar to the claims of the members of the FLSA Collective Action Plaintiffs.

71.   Plaintiffs Hernandez, Wands, Alvarez, Ortiz, Rodriquez, Gasdia (Joseph), Gasdia (Paul), Boliski, Gourley, Cleveland, and Dixon, and the FLSA Collective Action Plaintiffs (a) are similarly situated, (b) have substantially similar job requirements and pay provisions, and (c) are subject to Defendants' common policy and practice of failing to pay for all hours worked and wages earned, and failing to fully pay for all overtime in violation of the FLSA.

### CLASS ACTION ALLEGATIONS FOR C&S WORKERS IN SIX STATES

72.   Plaintiffs bring their state wage and hour claims in this case in their individual capacity and as a class action, pursuant to Fed. R. Civ. P. 23 (b)(3) on behalf of themselves and all similarly situated C&S piece-rate incentive employees during the applicable statute of limitations periods in New York, Connecticut, Pennsylvania, Maryland, Vermont, and Massachusetts.

73.   Plaintiffs have hired counsel who are able and experienced in class action litigation, and who will fairly and adequately protect the interests of the Class.

74.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.   The expense of individual litigation may be prohibitive and render it impractical for Class members to sue Defendants for wrongfully withheld wages.

Plaintiffs assert this action on behalf of the following Subclasses:

### New York Subclass (New York Labor Law Counts)

75.   The New York Named Plaintiffs Armando Hernandez, Michael Wands, Joe Alvarez, and Balmores Ortiz bring the third through eighth claims for relief for violations of New York Labor Laws as a class action, pursuant to Fed. R. Civ. P. 23, on behalf of themselves and a

Subclass of C&S employees, defined as follows:

> All persons who are, were, or will be employed by Defendants as piece-rate incentive employees in New York State, and who, at any time within the six years prior to the date of the filing of the Complaint, and thereafter: (a) suffered unlawful penalty deductions from their wages, and/or (b) did not receive agreed-upon wages, and/or (c) did not receive compensation for all overtime hours worked, and/or (d) did not receive compensation for all hours worked and wages earned, and/or (e) did not receive spread of hours compensation for work days exceeding ten hours, and/or (f) were not afforded proper meal breaks.

76.   The New York Subclass is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable.  On information and belief, thousands of individuals were employed as piece-rate incentive employees in Defendants' Buffalo, Chester, Central Islip, Montgomery, and Newburgh, New York warehouses during the relevant time period.

77.   There exist questions of law and fact common to the New York Subclass which predominate over any questions affecting only individual members, including:

    a)   Whether Defendants made unlawful deductions from employee wages, in violation of N.Y. Labor Law § 193;

    b)   Whether Defendants failed to pay piece-rate incentive employees for all hours worked, in violation of N.Y. Labor Law §§ 191 & 198;

    c)   Whether Defendants failed to fully pay piece-rate incentive employees all overtime compensation earned, in violation of N.Y. Labor Law §§ 650 et seq. and 12 N.Y.C.R.R. § 142-2.2;

    d)   Whether Defendants failed to pay piece-rate incentive employees all wages earned and due, in violation of N.Y. Labor Law §§ 191 and 195;

    e)   Whether Defendants failed to afford piece-rate incentive employees with proper meal periods, in violation of N.Y. Labor Law  § 162;

    f)   Whether Defendants failed to pay employees spread-of-hours compensation for shifts exceeding ten hours, in violation of 12 N.Y.C.R.R. § 142-2.4;

    g)   Whether Defendants failed to make, keep, preserve and/or furnish records of all wages earned and due for all work performed by piece-rate incentive employees, in violation of N.Y. Labor Law § 195 and 12 N.Y.C.R.R. § 142-2.6;

h)  Whether Defendants should be enjoined from continuing their unlawful practices;

i)  Whether Defendants are liable to the New York Subclass; and

j)  Whether the Class can be made whole by payment of damages.

78.  The New York Named Plaintiffs' claims are typical of the claims of the New York Subclass.  Like all Subclass members, Plaintiffs Hernandez, Wands, Alvarez, and Ortiz were employed in Defendants' warehouses and denied rightful compensation.  Named Plaintiffs suffer the same kind of harm as other Subclass members.

**Connecticut Subclass (Connecticut Labor Law Counts)**

79.  The Connecticut Named Plaintiffs David Rodriguez and Luis Tejeda bring the ninth through thirteenth claims for relief for violations of Connecticut Labor Laws as a class action, pursuant to Fed. R. Civ. P. 23, on behalf of themselves and a Subclass of C&S employees, defined as follows:

> All persons who are, were, or will be employed by Defendants as piece-rate incentive employees in the State of Connecticut and who, at any time within the two years prior to the date of the filing of the Complaint, and thereafter: a) suffered unlawful penalty deductions from their wages, and/or (b) did not receive agreed-upon wages, and/or (c) did not receive compensation for all hours worked, and/or (d) did not receive compensation for all overtime hours worked, and/or (e) were not afforded proper meal and/or rest breaks.

80.  The Connecticut Subclass is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable.  On information and belief, thousands of individuals were employed as piece-rate incentive employees in Defendants' Suffield and Windsor Locks, Connecticut warehouses during the relevant time period.

81.  There exist questions of law and fact common to the Connecticut Subclass which predominate over any questions affecting only individual members, including:

a)  Whether Defendants made unlawful deductions from employee wages, in violation of C.G.S.A. § 31-71e;

20

b)  Whether Defendants failed to pay piece-rate incentive employees for all hours worked, in violation of C.G.S.A. § 31-71b;

c)  Whether Defendants failed to fully pay piece-rate incentive employees all overtime compensation earned, in violation of C.G.S.A. §§ 31-76c and 31-76f;

d)  Whether Defendants failed to pay piece-rate incentive employees all wages earned and due, in violation of C.G.S.A. §31-71b and § 31-71f;

e)  Whether Defendants failed to afford piece-rate incentive employees with proper meal periods, in violation of C.G.S.A. § 31-51ii;

f)  Whether Defendants failed to make, keep, preserve and/or furnish records of all wages earned and due for all work performed by piece-rate incentive employees, in violation of C.G.S.A. § 31-66;

g)  Whether Defendants should be enjoined from continuing their unlawful practices;

h)  Whether Defendants are liable to the Connecticut Subclass; and

i)  Whether the Class can be made whole by payment of damages.

82.  The Connecticut Named Plaintiffs' claims are typical of the claims of the Connecticut Subclass.  Like all Class members, Plaintiffs Rodriguez and Tejeda were employed in Defendants' warehouses and denied rightful compensation.  The Connecticut Named Plaintiffs have suffered the same kind of harm as other Subclass members.

### Pennsylvania Subclass (Pennsylvania Labor Law Counts)

83.  The Pennsylvania Named Plaintiff Chad Gourley brings the fourteenth through seventeenth claims for relief for violations of Pennsylvania Labor Laws as a class action, pursuant to Fed. R. Civ. P. 23, on behalf of himself and a Subclass of C&S employees, defined as follows:

> All persons who are, were, or will be employed by Defendants as piece-rate incentive employees in the State of Pennsylvania, and who, at any time  within the three years prior to the date of the filing of the Complaint, and thereafter: (a) suffered unlawful penalty deductions from their wages, and/or (b) did not receive agreed-upon wages, and/or (c) did not receive compensation for overtime hours

worked, and/or (d) did not receive compensation for all hours worked and wages earned, and/or (e) did not receive notice of their reduced rates of compensation.

84. The Pennsylvania Subclass is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable. On information and belief, thousands of individuals were employed as piece-rate incentive employees in Defendants' Dunmore, Harrisburg, York, and other Pennsylvania warehouses during the relevant time period.

85. There exist questions of law and fact common to the Pennsylvania Subclass which predominate over any questions affecting only individual members, including:

    a) Whether Defendants made unlawful deductions from employee wages, in violation of 34 Pa. Code § 9.1;

    b) Whether Defendants failed to pay piece-rate incentive employees for all hours worked, in violation of 43 P.S. § 260.3;

    c) Whether Defendants failed to fully pay piece-rate incentive employees all overtime compensation earned, in violation of 43 P.S. § 333.104(c);

    d) Whether Defendants failed to pay piece-rate incentive employees all wages earned and due, in violation of 43 P.S. §§ 260.3 and 260.4;

    e) Whether Defendants failed to make, keep, preserve and/or furnish records of all wages earned and due for all work performed by piece-rate incentive employees, in violation of 43 P.S. § 333.108;

    f) Whether Defendants should be enjoined from continuing their unlawful practices;

    g) Whether Defendants are liable to the Pennsylvania Subclass; and

    h) Whether the Class can be made whole by payment of damages.

86. The Pennsylvania Named Plaintiff's claims are typical of the claims of the Pennsylvania Subclass. Like all Class members, Plaintiff Gourley was employed in Defendants' warehouses and denied rightful compensation. Named Plaintiff has suffered the same kind of harm as other Subclass members.

**Maryland Subclass (Maryland Labor Law Counts)**

87.   The Maryland Named Plaintiffs Paul Gasdia and Joseph Gasdia bring the eighteenth through twenty-first claims for relief for violations of Maryland Labor Laws as a class action, pursuant to Fed. R. Civ. P. 23, on behalf of themselves and a Subclass of C&S employees, defined as follows:

>    All persons who are, were, or will be employed by Defendants as piece-rate incentive employees in the State of Maryland, and who at any time within the three years prior to the date of the filing of the Complaint, and thereafter: (a) suffered unlawful penalty deductions from their wages, and/or (b) did not receive agreed-upon wages, and or (c) did not receive compensation for overtime hours worked, and/or (d) did not receive compensation for all hours worked and wages earned.

88.   The Maryland Subclass is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable.  On information and belief, hundreds of individuals were employed as piece-rate incentive employees in Defendants' Aberdeen, Baltimore, Upper Marlboro, and North East, Maryland warehouses during the relevant time period.

89.   There exist questions of law and fact common to the Maryland Subclass which predominate over any questions affecting only individual members, including:

a)   Whether Defendants made unlawful deductions from employee wages, in violation of Md. Labor & Emply Code  § 3-503;

b)   Whether Defendants failed to pay piece-rate incentive employees for all hours worked, in violation of Md. Labor & Emply Code § 3-502;

c)   Whether Defendants failed to fully pay piece-rate incentive employees all overtime compensation earned, in violation of Md. Labor & Emply Code §§ 3-415 and 3-420;

d)   Whether Defendants failed to pay piece-rate incentive employees all wages earned and due, in violation of Md. Labor & Emply Code §§ 3-502 and 3-504;

e)   Whether Defendants failed to make, keep, preserve and/or furnish records of all wages earned and due for all work performed by piece-rate incentive employees, in violation of Md. Labor & Emply Code § 3-424;

    f)   Whether Defendants should be enjoined from continuing their unlawful practices;

    g)   Whether Defendants are liable to the Maryland Subclass; and

    h)   Whether the Class can be made whole by payment of damages.

90.   The Maryland Named Plaintiffs' claims are typical of the claims of the Maryland Subclass.  Like all Class members, Plaintiffs Paul Gasdia and Joseph Gasdia were employed in Defendants' warehouses and denied rightful compensation.  Named Plaintiffs suffer the same kind of harm as other Subclass members.

### Vermont Subclass (Vermont Labor Law Counts)

91.   The Vermont Named Plaintiffs Eric Cleveland and Jason Dixon bring the twenty-second through twenty-sixth claims for relief for violations of Vermont Labor Laws as a class action, pursuant to Fed. R. Civ. P. 23, on behalf of themselves and a Subclass of C&S employees, defined as follows:

> All persons who are, were, or will be employed by Defendants as piece-rate incentive employees in the State of Vermont and who, at any time  within the two years prior to the date of the filing of the Complaint, and thereafter:  (a) suffered unlawful penalty deductions from their wages, and/or (b) did not receive compensation at the agreed-upon wage rate; (c) did not receive compensation for overtime hours worked, and/or (d) did not receive compensation for all hours worked and wages earned, and/or (e) were not afforded the reasonable opportunity to eat, rest,  and use toilet facilities.

92.   The Vermont Subclass is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable.  On information and belief, thousands of individuals were employed as piece-rate incentive employees in Defendants' Brattleboro, Vermont warehouse during the relevant time period.

93.   There exist questions of law and fact common to the Vermont Subclass which predominate over any questions affecting only individual members, including:

a) Whether Defendants made unlawful deductions from employee wages, in violation of VT Code R 24 090 003 §§ X and XI;

b) Whether Defendants failed to pay piece-rate incentive employees for all hours worked, in violation of 21 V.S.A. § 342 and VT Code. R 24 090 003 § VII;

c) Whether Defendants failed to fully pay piece-rate incentive employees all overtime compensation earned, in violation of 21 V.S.A. § 384;

d) Whether Defendants failed to pay piece-rate incentive employees all wages earned and due, in violation of 21 V.S.A. § 342 and VT Code. R 24 090 003 § VII;

e) Whether Defendants failed to provide piece-rate incentive employees with a reasonable opportunity to eat, rest, and use toilet facilities, in violation of 21 V.S.A. § 304;

f) Whether Defendants failed to make, keep, preserve and/or furnish records of all wages earned and due for all work performed by piece-rate incentive employees, in violation of 21 V.S.A. §§ 441 & 449;

g) Whether Defendants should be enjoined from continuing their unlawful practices;

h) Whether Defendants are liable to the Vermont Subclass; and

i) Whether the Class can be made whole by payment of damages.

94.   The Vermont Named Plaintiffs' claims are typical of the claims of the Vermont Subclass. Like all Class members, Representative Plaintiffs Eric Cleveland and Jason Dixon were employed in Defendants' warehouses and denied rightful compensation.  The named Plaintiffs suffer the same kind of harm as other Subclass members.

**Massachusetts Subclass (Massachusetts Labor Law Counts)**

95.   The Massachusetts Named Plaintiff Eric Boliski brings the twenty-seventh through thirty-first claims for relief for violations of Massachusetts Labor Laws as a class action, pursuant to Fed. R. Civ. P. 23, on behalf of himself and a Subclass of Defendants' employees, defined as follows:

All persons who are, were, or will be employed by Defendants as piece-rate incentive

25

employees in the State of Massachusetts, and who, at any time within the three years prior to the date of the filing of the Complaint, and thereafter: (a) suffered unlawful penalty deductions from their wages, and/or (b) did not receive agreed-upon wages, and/or (c) did not receive compensation for overtime hours worked, and/or (d) did not receive compensation for all hours worked and wages earned; and/or (e) were not afforded proper meal breaks.

96.   The Massachusetts Subclass is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable.   On information and belief, thousands of individuals were employed as piece-rate incentive employees in Defendants' Hatfield and Westfield, Massachusetts warehouses during the relevant time period.

97.   There exist questions of law and fact common to the Massachusetts Subclass which predominate over any questions affecting only individual members, including:

a)   Whether Defendants made unlawful deductions from employee wages, in violation of M.G.L.A. 149 §§ 152 and 150A;

b)   Whether Defendants failed to pay piece-rate incentive employees for all hours worked, in violation of M.G.L.A.149 § 148;

c)   Whether Defendants failed to fully pay piece-rate incentive employees all overtime compensation earned, in violation of M.G.L.A. 151 § 1A;

d)   Whether Defendants failed to pay piece-rate incentive employees all wages earned and due, in violation of M.G.L.A. 149 §§ 148 and 157A;

e)   Whether Defendants failed to afford piece-rate incentive employees with proper meal breaks, in violation of M.G.L.A. 149 § 100;

f)   Whether Defendants failed to make, keep, preserve and/or furnish records of all wages earned and due for all work performed by piece-rate incentive employees, in violation of M.G.L.A. 151 § 15;

g)   Whether Defendants should be enjoined from continuing their unlawful practices;

h)   Whether Defendants are liable to the Massachusetts Subclass; and

i)   Whether the Class can be made whole by payment of damages.

98.   The Massachusetts Named Plaintiff's claims are typical of the claims of the

Massachusetts Subclass.  Like all Class members, Plaintiff Eric Boliski was employed in Defendants' warehouses and denied rightful compensation.  Plaintiff Boliski has suffered the same kind of harm as other Subclass members.

## CAUSES OF ACTION

## COUNT 1

### FAILURE TO PAY ALL HOURS WORKED
(FLSA Claims, 29 U.S.C. §§ 201 et seq.; Brought by All Plaintiffs on Behalf of Themselves and All Members of the FLSA Collective Plaintiffs)

99.   All Named Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat and incorporate by reference all prior paragraphs of the complaint as if fully alleged herein.

100.  At all times relevant to this action, Defendants C&S and Cohen have been, and continue to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

101.  At all times relevant to this action, Defendants have employed, and continue to employ, "employees," including Named Plaintiffs, and each of the FLSA Collective Plaintiffs.

102.  Defendants have a policy and practice of failing and refusing to pay Plaintiffs and others similarly situated for all hours worked in violation of 29 U.S.C. §201-219.

103.  Defendants' policy and practice of failing to pay employees who work "off-the-clock" is specifically prohibited by 29 C.F.R. §785.11, which requires employers to compensate employees for any work an employee is "suffered or permitted" to perform.  Plaintiffs, and others similarly situated, are denied rightful compensation for time spent before and after assigned shifts in violation of the FLSA.  These tasks are integral and essential to their primary employment and required by Defendants.  Defendants are obligated to compensate employees for these tasks under 29 U.S.C. §§ 201 et seq.

104.  Defendants have not made a good faith effort to comply with the FLSA with respect to its failure to pay to Plaintiffs and others similarly situated for all hours worked.

105.  In addition to failing to record, report, and/or compensate the Named Plaintiffs and the FLSA Collective Plaintiffs, Defendants have also failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment in violation of 29 U.S.C. §§ 211(c) and 215(a).

106.  The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendants willfully violate the FLSA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

107.  As a result of Defendants' unlawful acts, Named Plaintiffs and all similarly situated current and former employees are being deprived of earned wages in amounts to be determined at trial.  They are entitled to recover all compensatory damages for unpaid overtime and hours worked off-the-clock, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT 2

### FAILURE TO PAY OVERTIME DUE
**(FLSA Claims, 29 U.S.C. §§ 201 et seq.; Brought by All Plaintiffs on Behalf of Themselves and All Members of the FLSA Collective Plaintiffs)**

108.  Named Plaintiffs, on behalf of themselves and all FLSA Collective Plaintiffs, repeat and incorporate by reference all prior paragraphs of this complaint as if fully alleged herein.

109.  At all times relevant to this action, Defendants C&S and Cohen have been, and continue to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

110.  At all times relevant to this action, Defendants have employed, and continue to employ,

"employees," including Named Plaintiffs and each of the FLSA Collective Plaintiffs.

111. Defendants willfully engage in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by not paying Plaintiffs, as well as all others similarly situated, proper overtime wages in accordance with 29 U.S.C. §§ 206 and 207.

112. The FLSA 29 U.S.C. §§ 206 and 207 mandate that in calculating overtime the employer must utilize the employees' regular rate of pay.

113. For overtime purposes, an employer is prohibited under 29 C.F.R. § 778.307 from making disciplinary deductions and using the reduced rate as the regular rate of pay. Thus, the overtime must be calculated based on total compensation – before any disciplinary deductions.

114. Defendants willfully engage in a widespread pattern and practice of unlawfully applying disciplinary deductions before calculating employees' regular rate of pay, thereby reducing their overtime compensation in violation of the FLSA and 29 C.F.R. §§ 778.304-7.

115. As a result of Defendants' violations of the FLSA, Named Plaintiffs, as well as all others similarly situated, suffered damages by being denied proper overtime wages in accordance with sections 206 and 207 of the FLSA.

116. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Because Defendants willfully violate the FLSA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

117. As a result of Defendants' unlawful acts, Named Plaintiffs and all similarly situated employees are being deprived of overtime compensation in amounts to be determined at trial. They are entitled to recover compensatory damages for all unpaid overtime, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT 3

**UNLAWFUL PENALTY DEDUCTION FROM WAGES**
**(New York Labor Law Claims, N.Y. Labor Law § 193 and 12 NYCRR § 142-2.10; Brought**
**by Plaintiffs Hernandez, Wands, Ortiz, and Alvarez,**
**on Behalf of Themselves and All Members of the New York Subclass)**

118.  The New York Named Plaintiffs, on behalf of themselves and all members of the New
York Subclass, repeat and incorporate by reference all prior paragraphs of the complaint as if
fully set forth herein.

119.  At all relevant times, Defendants C&S and Cohen have been and continue to be an
"employer" within the meaning of N.Y. Labor Law §§ 190 and 651.

120.  At all relevant times, the New York Named Plaintiffs and all members of the New York
Subclass have earned and continue to earn "wages" for labor or services rendered to
Defendants, including earnings determined on a time, piece, commission or other basis, within
the meaning of N.Y. Labor Law §190(1).

121.  N.Y. Labor Law § 193 and 12 NYCRR § 142-2.10 prohibit employers, like Defendants,
from making any deduction or subtraction from an employee's compensation as a penalty for
mistakes, injuries, tardiness, or absences.

122.  In violation of N.Y. Labor Law § 193 and 12 NYCRR § 142-2.10, Defendants engage in
a widespread pattern and practice of unlawfully deducting wages from its piece-rate incentive
employees.

123.  As a result of Defendants' unlawful acts, the New York Named Plaintiffs and members
of the New York Subclass suffered damages by being denied wages earned and due in
accordance with New York laws and regulations.

124.  The New York Named Plaintiffs, on behalf of themselves and all members of the New
York Subclass, seek damages in the amount of all unpaid wages earned and due during the six

years previous to commencing this action and thereafter, as provided by N.Y. Labor Law §
198, and such other legal and equitable relief, including attorneys' fees and costs, as the Court
deems just and proper.

### COUNT 4

**FAILURE TO PAY ALL HOURS WORKED**
**(New York Labor Law Claims, N.Y. Labor Law §§ 190 et seq.;**
**Brought by Plaintiffs Hernandez, Wands, Alvarez, and Ortiz on Behalf of Themselves and**
**All Members of the New York Subclass)**

125. The New York Named Plaintiffs, on behalf of themselves and all members of the New
York Subclass, repeat and incorporate by reference all prior paragraphs of the complaint as if
fully set forth herein.

126. At all relevant times, Defendants C&S and Cohen have been and continue to be an
"employer" within the meaning of N.Y. Labor Law §§ 190 and 651.

127. At all relevant times, the New York Named Plaintiffs and all members of the New York
Subclass have earned and continue to earn "wages" for labor or services rendered to
Defendants, including earnings determined on a time, piece, commission or other basis, within
the meaning of N.Y. Labor Law §190(1).

128. In violation of N.Y. Labor Law §§ 190 et seq., Defendants engage in a widespread
pattern and practice of failing to pay piece-rate incentive employees for all hours actually
worked.

129. Defendants' failure to pay wages earned and due to its piece-rate incentive employees
who worked "off-the-clock" deprives Plaintiffs Hernandez, Wands, Alvarez, and Ortiz and all
members of the New York Subclass of full and timely payment for all hours worked in
violation of N.Y. Labor Law §§ 190 et seq.

130. The New York Named Plaintiffs, on behalf of themselves and all members of the New

York Subclass, seek damages in the amount of all unpaid wages earned and due during the six years previous to commencing this action and thereafter, as provided by N.Y. Labor Law §198, and such other legal and equitable relief, including attorneys' fees and other costs, as the Court deems just and proper.

### COUNT 5

**FAILURE TO PAY OVERTIME DUE**
**(New York Labor Law Claims, N.Y. Labor Law §§ 650 et seq. and**
**12 NYCRR § 142-2.1 et seq.; Brought by Plaintiffs Hernandez, Wands, Alvarez, and Ortiz**
**on Behalf of Themselves and All Members of the New York Subclass)**

131.  The New York Named Plaintiffs, on behalf of themselves and all members of the New York Subclass, repeat and incorporate by reference all prior paragraphs of this complaint as if fully alleged herein.

132.  At all relevant times, Defendants C&S and Cohen have been and continue to be an "employer" within the meaning of N.Y. Labor Law §§ 190 and 651.

133.  At all relevant times, the New York Named Plaintiffs and all members of the New York Subclass have earned and continue to earn "wages" for labor or services rendered to Defendants, including earnings determined on a time, piece, commission or other basis, within the meaning of N.Y. Labor Law §190(1).

134.  New York Labor Law §§ 650 et seq. and 12 NYCRR § 142-2.2 (2004) state, "an employer shall pay an employee overtime at a wage rate of one and a half times the employee's regular rate."

135.  In violation of New York Labor Law §§ 650 et seq. and applicable regulations and wage orders issued by the New York Department of Labor (12 NYCRR § 142-2.2 (2004)), Defendants engage in a widespread pattern and practice of unlawfully deducting and reducing wages and hours of their employees and thereby reducing their rightful overtime.

136.  As a result of Defendants' unlawful acts, the New York Named Plaintiffs, on behalf of themselves and all members of the New York Subclass, seek damages for unpaid overtime wages earned and due during the six years previous to commencing this action and thereafter, as provided by N.Y. Labor Law § 663, and such other legal and equitable relief, including attorneys' fees and costs, as the Court deems just and proper.

## COUNT 6

**FAILURE TO PAY AGREED UPON WAGES EARNED AND DUE**
**(New York Labor Law Claims, N.Y. Labor Law §§ 191 and 195; Brought by Plaintiffs Hernandez, Wands, Alvarez, and Ortiz on Behalf of Themselves and All Members of the New York Subclass)**

137.  The New York Named Plaintiffs, on behalf of themselves and all members of the New York Subclass, repeat and incorporate all prior paragraphs of the complaint as if fully set forth herein.

138.  At all relevant times, Defendants C&S and Cohen have been and continue to be an "employer" within the meaning of N.Y. Labor Law §§ 190 and 651.

139.  At all relevant times, the New York Named Plaintiffs and all members of the New York Subclass have earned and continue to earn "wages" for labor or services rendered to Defendants, including earnings determined on a time, piece, commission or other basis, within the meaning of N.Y. Labor Law §190(1).

140.  N.Y. Labor Law § 191 requires employers, such as Defendants, to pay to employees all agreed upon wages earned and due.  Defendants violate N. Y. Labor Law § 191 by engaging in a widespread pattern and practice of failing to pay piece-rate incentive employees agreed upon wages earned and due.

141.  By unilaterally reducing employees' wage rates on an arbitrary basis and failing to pay such wages at the agreed upon rate, Defendants continually violate N.Y. Labor Law §§ 191

and 195.

142.  As a result of Defendants' unlawful acts, the New York Named Plaintiffs and members of the New York Subclass suffer damages by being denied wages earned and due in accordance with N.Y. Labor Law §§ 190 et seq.

143.  The New York Named Plaintiffs, on behalf of themselves and all members of the New York Subclass, seek damages in the amount of all unpaid wages earned and due during the six years previous to commencing this action and thereafter, as provided by N.Y. Labor Law § 198, and such other legal and equitable relief, including attorneys' fees and costs, as the Court deems just and proper.

## COUNT 7

**FAILURE TO PROVIDE FULL AND UNINTERRUPTED OFF-DUTY MEAL PERIODS**
**(New York Labor Law Claim, N.Y. Labor Law § 162;**
**Brought by Plaintiffs Hernandez, Wands, Alvarez, and Ortiz, on Behalf of Themselves and**
**All Members of the New York Subclass)**

144.  The New York Named Plaintiffs, on behalf of themselves and all members of the New York Subclass, repeat and incorporate by reference all prior paragraphs of this complaint as if fully alleged herein.

145.  At all relevant times, Defendants C&S and Cohen have been and continue to be an "employer" within the meaning of N.Y. Labor Law §§ 190 and 651.

146.  At all relevant times, the New York Named Plaintiffs and all members of the New York Subclass have earned and continue to earn "wages" for labor or services rendered to Defendants, including earnings determined on a time, piece, commission or other basis, within the meaning of N.Y. Labor Law §190(1).

147.  N.Y. Labor Law §162 requires employers to provide employees working a full shift with at least sixty minutes for an off-duty meal.

148.  Because Defendants fail to afford full and uninterrupted off-duty meal periods, Plaintiffs and all members of the New York Subclass seek damages and injunctive relief requiring Defendants to comply with N.Y. Labor Law §162.

149.  Accordingly, the New York Named Plaintiffs, on behalf of themselves and all members of the New York Subclass, respectfully request that the Court award judgment and relief in their favor as described herein.

## COUNT 8

### FAILURE TO PAY SPREAD OF HOURS COMPENSATION
(New York Labor Law Claims, N.Y. Labor Law §§ 190 et seq. & 650 et seq.
and 12 NYCRR 142-2.4; Brought by Plaintiffs Hernandez, Wands,  Alvarez, and Ortiz on
Behalf of Themselves and All Members of the New York Subclass)

150.  The New York Named Plaintiffs, on behalf of themselves and all members of the New York Subclass, repeat and incorporate by reference all prior paragraphs of the complaint as if fully set forth herein.

151.  At all relevant times, Defendants C&S and Cohen have been and continue to be an "employer" within the meaning of N.Y. Labor Law §§ 190 and 651.

152.  At all relevant times, the New York Named Plaintiffs and all members of the New York Subclass have earned and continue to earn "wages" for labor or services rendered to Defendants, including earnings determined on a time, piece, commission or other basis, within the meaning of N.Y. Labor Law §190(1).

153.  Under 12 NYCRR § 142-2.4 Defendants are required to pay an employee an extra hour of pay for any split-shift or day in which the employee's "spread of hours" exceeds 10 hours. The relevant spread is the time between the beginning and the end of employee's work day including all working time, time off for meals, and time off duty, as defined by 12 NYCRR § 142-2.18.

154.  The New York Named Plaintiffs and the members of the New York Subclass consistently work a spread of hours in excess of ten (10) hours per day.  However, Defendants never pay these employees an extra hour of pay on each day on which they worked over ten (10) hours. Defendants continually violate 12 NYCRR § 142-2.4.

155.  Defendants also fail to establish, maintain, and preserve records of the number of hours worked daily and weekly, including the time of arrival and departure of each employee working a splitshift or spread of hours exceeding ten (10) hours in violation of 12 NYCRR § 142-2.6(4).

156.  Defendants fail to record, report, credit, and furnish to each of its piece-rate incentive employees who were, are, or will be employed by Defendants in the State of New York, including the New York Named Plaintiffs and all members of the New York Subclass, documentation of their respective wage and hour records showing all wages earned and due for all work performed.  Defendants failed to make, keep, preserve, and furnish such records in violation of N.Y. Labor Law § 195.

157. As a result of Defendants' unlawful acts, the New York Named Plaintiffs and all members of the New York Subclass suffer damages by being denied wages earned and due in accordance with N.Y. Labor Law §§ 190 et seq. and 12 NYCRR § 142-2.1 et seq.

158.  The New York Named Plaintiffs, on behalf of themselves and members of the New York Subclass, seek damages in the amount of all unpaid wages earned and due during the six years previous to commencing this action and thereafter, as provided by N.Y. Labor Law §§ 198 and 663, and such other legal and equitable relief, including attorneys' fees and costs, as the Court deems just and proper.

## COUNT 9

**UNLAWFUL PENALTY DEDUCTIONS FROM WAGES**
**(Connecticut Labor Law Claims, C.G.S.A. § 31-71e;**
**Brought by Plaintiffs David Rodriquez and Luis Tejeda on Behalf of Themselves and**
**All Members of the Connecticut Subclass)**

159. The Connecticut Named Plaintiffs, on behalf of themselves and all members of the Connecticut Subclass, repeat and incorporate by reference all prior paragraphs of the complaint as if fully set forth herein.

160. At all relevant times, Defendants C&S and Cohen have been and continue to be an "employer" within the meaning of C.G.S.A. § 31-71a.

161. At all relevant times, Plaintiffs Rodriguez and Tejeda and all members of the Connecticut Subclass have earned and continue to earn "wages" for labor or services rendered to Defendants, including earnings determined on a time, piece, commission or other basis, within the meaning of C.G.S.A. § 31-71a.

162. C.G.S.A. § 31-71e forbids Defendants from making unauthorized deductions from an employee's wages or compensation as a penalty for mistakes, injuries, tardiness, or absences.

163. In violation of these laws, Defendants engage in a widespread pattern and practice of unlawfully deducting wages from its piece-rate incentive employees in the State of Connecticut.

164. As a result of Defendants' unlawful acts, Plaintiffs Rodriguez and Tejeda and the members of the Connecticut Subclass suffer damages by being denied wages earned and due in accordance with Connecticut labor laws and regulations.

165. Plaintiff Rodriguez and Tejeda, on behalf of themselves and all members of the Connecticut Subclass, seek damages in the amount of all unpaid wages earned and due during the two years prior to commencing this action and thereafter, as provided by C.G.S.A. § 52-

596, and such other legal and equitable relief, including attorneys' fees and costs, as the Court deems just and proper.

## COUNT  10

**FAILURE TO PAY ALL HOURS WORKED**
**(Connecticut Labor Law Claims, C.G.S.A. § 31-71b;**
**Brought by Plaintiffs David Rodriguez and Luis Tejeda on Behalf of**
**Themselves and All Members of the Connecticut Subclass)**

166. The Connecticut Named Plaintiffs, on behalf of themselves and all members of the Connecticut Subclass, repeat and incorporate by reference all prior paragraphs of the complaint as if fully set forth herein.

167. At all relevant times, Defendants C&S and Cohen have been and continue to be an "employer" within the meaning of C.G.S.A. § 31-71a.

168. At all relevant times, Plaintiffs Rodriguez and Tejeda and all members of the Connecticut Subclass have earned and continue to earn "wages" for labor or services rendered to Defendants, including earnings determined on a time, piece, commission or other basis, within the meaning of C.G.S.A. § 31-71a.

169. In violation of C.G.S.A. § 31-71b, Defendants engage in a widespread pattern and practice of failing to pay piece-rate incentive employees for all hours actually worked.

170. Defendants' failure to pay wages earned and due to their piece-rate incentive employees who worked "off-the-clock" deprives Plaintiff Rodriguez and the all members of the Connecticut Subclass of full and timely payment for all hours worked in violation of C.G.S.A. § 31-71b.

171. Plaintiffs Rodriguez and Tejeda, on behalf of themselves and all members of the Connecticut Subclass, seeks damages in the amount of all unpaid wages earned and due during the two years previous to commencing this action and thereafter, as provided by C.G.S.A. §

52-596, and such other legal and equitable relief, including attorneys' fees and other costs, as the Court deems just and proper.

**COUNT 11**

**FAILURE TO PAY OVERTIME DUE**
**(Connecticut Labor Law Claims, C.G.S.A. §§ 31-76c, 31-76f & 31-60;**
**Brought by Plaintiffs David Rodriguez and Luis Tejeda on Behalf of Themselves**
**and All Members of the Connecticut Subclass)**

172. The Connecticut Named Plaintiffs, on behalf of themselves and all members of Connecticut Subclass, repeat and incorporate by reference all prior paragraphs of this complaint as if fully alleged herein.

173. At all relevant times, Defendants C&S and Cohen have been and continue to be an "employer" within the meaning of C.G.S.A. § 31-71a.

174. At all relevant times, Plaintiffs Rodriguez and Tejeda and all members of the Connecticut Subclass have earned and continue to earn "wages" for labor or services rendered to Defendants, including earnings determined on a time, piece, commission or other basis, within the meaning of C.G.S.A. § 31-71a.

175. In violation of C.G.S.A. §§ 31-76c and 31-76f, Defendants engage in a widespread pattern and practice of unlawfully deducting and reducing wages and hours of their employees and thereby underestimating their rightful overtime.

176. In violation of C.G.S.A. §§ 31-76c and 31-76f, Defendants fail to pay employees overtime at a wage rate of one and one-half times the employee's regular rate.

177. Plaintiffs Rodriguez and Tejeda , on behalf of themselves and all members of the Connecticut Subclass, seeks damages in the amount of twice the unpaid overtime wages earned and due during the two years previous to commencing this action and thereafter, as provided by C.G.S.A. §§ 31-68 and 52-596, and such other legal and equitable relief, including

attorneys' fees and costs, as the Court deems just and proper.

## COUNT 12

**FAILURE TO PAY AGREED UPON WAGES EARNED AND DUE**
**(Connecticut Labor Law Claims, C.G.S.A. §§ 31-71b and 31-71f;**
**Brought by Plaintiffs David Rodriguez and Luis Tejeda, on Behalf of Themselves**
**and All Members of the Connecticut Subclass)**

178. The Connecticut Named Plaintiffs, on behalf of themselves and all members of Connecticut Subclass, repeat and incorporate by reference all prior paragraphs of the complaint as if fully set forth herein.

179. At all relevant times, Defendants C&S and Cohen have been and continue to be an "employer" within the meaning of C.G.S.A. § 31-71a.

180. At all relevant times, Plaintiffs Rodriguez and Tejeda and all members of the Connecticut Subclass have earned and continue to earn "wages" for labor or services rendered to Defendants, including earnings determined on a time, piece, commission or other basis, within the meaning of C.G.S.A. § 31-71a.

181. C.G.S.A. § 31-71b requires Defendants to pay employees all agreed upon wages earned and due. Defendants violate C.G.S.A. § 31-71b by engaging in a widespread pattern and practice of failing to pay piece-rate incentive employees agreed upon wages earned and due.

182. C.G.S.A. §§ 31-71f requires Defendants to notify employees in writing of their rate of pay at the time of hire, and of any changes to that pay rate prior to the time of change.

183. By unilaterally reducing employees' wage rates on an arbitrary basis and failing to pay such wages at the agreed upon rate, Defendants continuously violate C.G.S.A. §§ 31-71b and 31-71f.

184. As a result of Defendants' unlawful acts, Plaintiffs and all members of the Connecticut Subclass suffer damages by being denied wages earned and due in accordance with C.G.S.A.

§§ 31-70 et seq.

185. Plaintiffs Rodriguez and Tejeda, on behalf of themselves and all members of the Connecticut Subclass, seek damages in the amount of all unpaid wages earned and due during the two years previous to commencing this action and thereafter, as provided by C.G.S.A. § 52-596, and such other legal and equitable relief, including attorneys' fees and costs, as the Court deems just and proper.

## COUNT 13

**FAILURE TO PROVIDE FULL AND UNINTERRUPTED OFF-DUTY MEAL PERIODS**
**(Connecticut Labor Law Claims, C.G.S.A. § 31-51ii;**
**Brought by Plaintiffs David Rodriguez and Luis Tejeda on Behalf of Themselves**
**and All Members of the Connecticut Subclass)**

186. The Connecticut Named Plaintiffs, on behalf of themselves and all members of the Connecticut Subclass, repeat and incorporate by references all prior paragraphs of the complaint as if fully set forth herein.

187. At all relevant times, Defendants C&S and Cohen have been and continue to be an "employer" within the meaning of C.G.S.A. § 31-71a.

188. At all relevant times, Plaintiffs Rodriguez and Tejeda and all members of the Connecticut Subclass have earned and continue to earn "wages" for labor or services rendered to Defendants, including earnings determined on a time, piece, commission or other basis, within the meaning of C.G.S.A. § 31-71a.

189. C.G.S.A. § 31-51ii requires Defendants to provide at least a half-hour meal period to employees who work in excess of seven and a half (7 1/2) hours a day.

190. Because Defendants fail to afford full and uninterrupted off-duty meal periods, the Connecticut Named Plaintiffs and all members of the Connecticut Subclass seek damages and injunctive relief requiring Defendant to comply with C.G.S.A. § 31-51ii.

41

191. Accordingly, Plaintiffs Rodriguez and Tejeda, on behalf of themselves and all members of the Connecticut Subclass, respectfully request that the Court award judgment and relief in their favor as described herein.

## COUNT 14

### UNLAWFUL PENALTY DEDUCTION FROM WAGES
**(Pennsylvania Labor Law Claims, 34 Pa. Code § 9.1; Brought by Plaintiff Chad Gourley on Behalf of Himself and All Members of the Pennsylvania Subclass)**

192. The Pennsylvania Named Plaintiff, on behalf of himself and all members of the Pennsylvania Subclass, repeats and incorporates by reference all prior paragraphs of the complaint as if fully set forth herein.

193. At all relevant times, Defendants C&S and Cohen have been and continue to be an "employer" within the meaning of 43 P.S. §§ 260.2a and 333.103.

194. At all relevant times Plaintiff Gourley and all members of the Pennsylvania Subclass have earned and continue to earn "wages" for labor or services rendered to Defendants, including earnings determined on a time, piece, commission or other basis, within the meaning of 43 P.S. §§ 260.2a.

195. 34 Pa. Code § 9.1 prohibits Defendants from making any deduction or subtraction from an employee's compensation as a penalty for mistakes, injuries, tardiness, or absences.

196. In violation of these laws, Defendants engage in a widespread pattern and practice of unlawfully deducting wages from its piece-rate incentive employees.

197. By unlawfully deducting wages as alleged herein, Defendants continuously violate 34 Pa. Code § 9.1.

198. As a result of Defendants' unlawful acts, Plaintiff Gourley and the Pennsylvania Subclass suffer damages by being denied wages earned and due in accordance with Pennsylvania labor

laws and regulations.

199.  Plaintiff Gourley, on behalf of himself and all members of the Pennsylvania Subclass, seeks damages in the amount of all unpaid wages earned and due during the three years previous to commencing this action and thereafter, as provided by 43 P.S. §260.9a, and such other legal and equitable relief, including attorneys' fees and costs, as the Court deems just and proper.

## COUNT 15

### FAILURE TO PAY ALL HOURS WORKED
**(Pennsylvania Labor Law Claim, 43 P.S. § 260.3; Brought by Chad Gourley on Behalf of Himself and All Members of the Pennsylvania Subclass)**

200.  The Pennsylvania Named Plaintiff, on behalf of himself and all members of the Pennsylvania Subclass, repeats and incorporates by reference all prior paragraphs of the complaint as if fully set forth herein.

201.  At all relevant times, Defendants C&S and Cohen have been and continue to be an "employer" within the meaning of 43 P.S. §§ 260.2a and 333.103.

202.  At all relevant times, Plaintiff Gourley and all members of the Pennsylvania Subclass have earned and continue to earn "wages" for labor or services rendered to Defendants, including earnings determined on a time, piece, commission or other basis, within the meaning of 43 P.S. §§ 260.2a.

203.  In violation of 43 P.S. § 260.3, Defendants engage in a widespread pattern and practice of failing to pay piece-rate incentive employees for all hours actually worked.

204.  Defendants' failure to pay wages earned and due to their piece-rate incentive employees who worked "off-the-clock" deprives Plaintiff Gourley and the members of the Pennsylvania Subclass of full and timely payment for all hours worked in violation of 43 P.S. § 260.3.

205. Plaintiff Gourley, on behalf of himself and all members of the Pennsylvania Subclass, seeks damages in the amount of all unpaid wages earned and due during the three years previous to commencing this action and thereafter, as provided by 43 P.S. §260.9a, and such other legal and equitable relief, including attorneys' fees and other costs, as the Court deems just and proper.

## COUNT 16

### FAILURE TO PAY OVERTIME DUE
**(Pennsylvania Labor Law Claim, 43 P.S. § 333.104(c); Brought by Plaintiff Chad Gourley on Behalf of Himself and All Members of the Pennsylvania Subclass)**

206. Plaintiff Gourley, on behalf of himself and all members of Pennsylvania Subclass, repeats and incorporates by reference all prior paragraphs of this complaint as if fully alleged herein.

207. At all relevant times, Defendants C&S and Cohen have been and continue to be an "employer" within the meaning of 43 P.S. §§ 260.2a and 333.103.

208. At all relevant times Plaintiff Gourley and all members of the Pennsylvania Subclass have earned and continue to earn "wages" for labor or services rendered to Defendants, including earnings determined on a time, piece, commission or other basis, within the meaning of 43 P.S. §§ 260.2a.

209. 43 P.S. § 333.104(c) requires an employer to pay employees overtime at a wage rate of one and one-half times the employee's regular rate.

210. In violation of 43 P.S. § 333.104(c), Defendants engage in a widespread pattern and practice of unlawfully deducting and reducing wages and hours of their employees and thereby underestimating their rightful overtime.

211. Plaintiff Gourley, on behalf of himself and all members of the Pennsylvania Subclass, seeks suffered damages for unpaid overtime wages earned and due during the three years

previous to commencing this action and thereafter, as provided by 43 P.S. §260.9a, and such other legal and equitable relief, including attorneys' fees and costs, as the Court deems just and proper.

## COUNT 17

### FAILURE TO PAY AGREED UPON WAGES EARNED AND DUE
(Pennsylvania Labor Law Claims, 43 P.S. §§ 260.3 & 260.4; Brought by Plaintiff Chad Gourley, on Behalf of Himself and All Members of the Pennsylvania Subclass)

212.  The Pennsylvania Named Plaintiff, on behalf of himself and all members of Pennsylvania Subclass, repeats and incorporates by reference all prior paragraphs of the complaint as if fully set forth herein.

213.  At all relevant times, Defendants C&S and Cohen have been and continue to be an "employer" within the meaning of 43 P.S. §§ 260.2a and 333.103.

214.  At all relevant times Plaintiff Gourley and all members of the Pennsylvania Subclass have earned and continue to earn "wages" for labor or services rendered to Defendants, including earnings determined on a time, piece, commission or other basis, within the meaning of 43 P.S. §§ 260.2a.

215.  43 P.S. § 260.3 requires Defendants to pay to an employee all agreed upon wages earned and due.  Defendants violate 43 P.S. § 260.3 by engaging in a widespread pattern and practice of failing to pay piece-rate incentive employees agreed upon wages earned and due.

216.  By unilaterally reducing employees' wage rates on an arbitrary basis and failing to pay such wages at the agreed upon rate, Defendants continuously violate 43 P.S. §§ 260.3 and 260.4.

217.  As a result of Defendants' unlawful acts, Plaintiff Gourley and all members of the Pennsylvania Subclass suffer damages by being denied wages earned and due in accordance

with 43 P.S. §§ 260.3 and 260.4.

218.  Plaintiff Gourley, on behalf of himself and all members of the Pennsylvania Subclass, seeks damages in the amount of all unpaid wages earned and due during the three years previous to commencing this action and thereafter, as provided by 43 P.S. § 260.9a, and such other legal and equitable relief, including attorneys' fees and costs, as the Court deems just and proper.

## COUNT 18

### UNLAWFUL PENALTY DEDUCTION FROM WAGES
(Maryland Labor Law Claims, Md. Labor & Emply Code § 3-503; Brought by Plaintiffs Joseph Gasdia and Paul Gasdia on Behalf of Themselves and All Members of the Maryland Subclass)

219.  The Maryland Named Plaintiffs, on behalf of themselves and all members of the Maryland Subclass, repeat and incorporate by reference all prior paragraphs of the complaint as if fully set forth herein.

220.  At all relevant times, Defendants C&S and Cohen have been and continue to be an "employer" within the meaning of Md. Labor & Emply Code §§ 3-401 and 3-501.

221.  At all relevant times, the Maryland Named Plaintiffs and all members of the Maryland Subclass have earned and continue to earn "wages" for labor or services rendered to Defendants, including earnings determined on a time, piece, commission or other basis, within the meaning of Md. Labor & Emply Code §§ 3-401 and 3-501.

222.  Md. Labor & Emply Code § 3-503 prohibits Defendants from making unauthorized deductions from an employee's wages or compensation as a penalty for mistakes, injuries, tardiness, or absences.

223.  In violation of Md. Labor & Emply Code § 3-503, Defendants engage in a widespread pattern and practice of unlawfully deducting wages from its piece-rate incentive employees.

224.  As a result of Defendants' unlawful acts, the Maryland Named Plaintiffs and all members of the Maryland Subclass suffer damages by being denied wages earned and due in accordance with Maryland labor laws and regulations.

225.  The Maryland Named Plaintiffs, on behalf of themselves and all members of the Maryland Subclass, seek damages in the amount of three times all unpaid wages earned and due during the three years and two weeks previous to commencing this action and thereafter, as provided by Md. Labor & Emply Code § 3-507.1, and such other legal and equitable relief, including attorneys' fees and costs, as the Court deems just and proper.

## COUNT 19

**FAILURE TO PAY ALL HOURS WORKED**
**(Maryland Labor Law Claims, Md. Labor & Emply Code § 3-502; Brought by Plaintiffs Joseph Gasdia and Paul Gasdia on Behalf of Themselves and All Members of the Maryland Subclass)**

226.  The Maryland Named Plaintiffs, individually and on behalf of all members of the Maryland Subclass, repeat and incorporate by reference all prior paragraphs of the complaint as if fully set forth herein.

227.  At all relevant times, Defendants C&S and Cohen have been and continue to be an "employer" within the meaning of Md. Labor & Emply Code §§ 3-401 and 3-501.

228.  At all relevant times, the Maryland Named Plaintiffs and all members of the Maryland Subclass have earned and continue to earn "wages" for labor or services rendered to Defendants, including earnings determined on a time, piece, commission or other basis, within the meaning of Md. Labor & Emply Code §§ 3-401 and 3-501.

229.  In violation of Md. Labor & Emply Code § 3-502, Defendants engage in a widespread pattern and practice of failing to pay incentive employees for all hours actually worked.

230.  Defendants' failure to pay wages earned and due to its piece-rate incentive employees

who worked "off-the-clock" deprives the Gasdia Plaintiffs and all members of the Maryland Subclass of full and timely payment for all hours worked in violation of Md. Labor & Emply Code § 3-502.

231.  The Maryland Named Plaintiffs, on behalf of themselves and members of the Maryland Subclass, seek damages in the amount of three times all unpaid wages earned and due during the three years and two weeks previous to commencing this action and thereafter, as provided by Md. Labor & Emply Code § 3-507.1, and such other legal and equitable relief, including attorneys' fees and costs, as the Court deems just and proper.

## COUNT 20

**FAILURE TO PAY OVERTIME DUE**
**(Maryland Labor Law Claims, Md. Labor & Emply Code §§ 3-415 & 3-420;**
**Brought by Plaintiff Joseph Gasdia and Paul Gasdia on Behalf of Themselves and All**
**Members of the Maryland Subclass)**

232.  The Maryland Named Plaintiffs, on behalf of themselves and all members of the Maryland Subclass, repeat and incorporate by reference the all prior paragraphs of this complaint as if fully alleged herein.

233.  At all relevant times, Defendants C&S and Cohen have been and continue to be an "employer" within the meaning of Md. Labor & Emply Code §§ 3-401 and 3-501.

234.  At all relevant times, the Maryland Named Plaintiffs and all members of the Maryland Subclass have earned and continue to earn "wages" for labor or services rendered to Defendants, including earnings determined on a time, piece, commission or other basis, within the meaning of Md. Labor & Emply Code §§ 3-401 and 3-501.

235.  Md. Labor & Emply Code §§ 3-415 and 3-420 require an employer to pay an employee overtime at a wage rate of one and one-half times the employee's regular rate.

236.  In violation of Md. Labor & Emply Code §§ 3-415 and 3-420, Defendants engage in a

widespread pattern and practice of unlawfully deducting and reducing wages and hours of their employees and thereby underestimating their rightful overtime.

237. The Maryland Named Plaintiffs, on behalf of themselves and all members of the Maryland Subclass, seek damages for unpaid overtime wages earned and due during the three years and two weeks previous to commencing this action and thereafter, as provided by Md. Labor & Emply Code § 3-507.1 and such other legal and equitable relief, including attorneys' fees and costs, as the Court deems just and proper.

**COUNT 21**

**FAILURE TO PAY AGREED UPON WAGES EARNED AND DUE**
**(Maryland Labor Law Claims, Md. Labor & Emply Code §§ 3-502 & 3-504;**
**Brought by Plaintiff Joseph Gasdia and Paul Gasdia, on Behalf of Themselves and All**
**Members of the Maryland Subclass)**

238. The Maryland Named Plaintiffs, on behalf of themselves and all members of Maryland Subclass, repeat and incorporate by reference all prior paragraphs of the complaint as if fully set forth herein.

239. At all relevant times, Defendants C&S and Cohen have been and continue to be an "employer" within the meaning of Md. Labor & Emply Code §§ 3-401 and 3-501.

240. At all relevant times, the Maryland Named Plaintiffs and all members of the Maryland Subclass have earned and continue to earn "wages" for labor or services rendered to Defendants, including earnings determined on a time, piece, commission or other basis, within the meaning of Md. Labor & Emply Code §§ 3-401 and 3-501.

241. Md. Labor & Emply Code § 3-502 requires Defendants to pay employees all agreed upon wages earned and due. Defendants violate Md. Labor & Emply Code § 3-502 by engaging in a widespread pattern and practice of failing to pay piece-rate incentive employees agreed upon wages earned and due.

242. As a result of Defendants' unlawful acts, the Gasida Plaintiffs and all members of the Maryland Subclass suffer damages by being denied wages earned and due in accordance with Md. Labor & Emply Code §§ 3-501 et seq.

243. The Maryland Named Plaintiffs, on behalf of themselves and all members of the Maryland Subclass, seek damages in the amount of three times all unpaid wages earned and due during the three years and two weeks previous to commencing this action and thereafter, as provided by Md. Labor & Emply Code § 3-507.1, and such other legal and equitable relief, including attorneys' fees and costs, as the Court deems just and proper.

## COUNT 22

**UNLAWFUL PENALTY DEDUCTION FROM WAGES**
**(Vermont Labor Law Claims, VT Code R 24 090 003 §§ X and XI;**
**Brought by Plaintiffs Eric Cleveland and Jason Dixon on Behalf of Themselves and All**
**Members of the Vermont Subclass)**

244. The Vermont Named Plaintiffs, on behalf of themselves and all members of the Vermont Subclass, repeat and incorporate by reference all prior paragraphs of the complaint as if fully set forth herein.

245. At all relevant times, Defendants C&S and Cohen have been and continue to be an "employer" within the meaning of 21 V.S.A. § 341.

246. At all relevant times, the Vermont Named Plaintiffs and all members of the Vermont Subclass have earned and continue to earn "wages" for labor or services rendered to Defendants, including earnings determined on a time, piece, commission or other basis.

247. VT Code R 24 090 003 §§ X and XI prohibit employers, like Defendants, from making any deduction or subtraction from an employee's compensation as a penalty for mistakes, injuries, tardiness, or absences.

248. In violation of these laws, Defendants engage in a widespread pattern and practice of

unlawfully deducting wages from its piece-rate incentive employees.

249.  As a result of Defendants' unlawful acts, Plaintiffs Cleveland and Dixon and members of the Vermont Subclass suffer damages by being denied wages earned and due in accordance with the labor laws and regulations of the State of Vermont.

250.  The Vermont Named Plaintiffs, on behalf of themselves and all members of the Vermont Subclass, seek damages in the amount of all unpaid wages earned and due during the two years previous to commencing this action and thereafter, as provided by 12 V.S.A. § 520, and such other legal and equitable relief, including attorneys' fees and costs, as the Court deems just and proper.

## COUNT 23

### FAILURE TO PAY ALL HOURS WORKED
**(Vermont Labor Law Claims, 21 V.S.A. § 342 and VT Code R 24 090 003 § VII, Brought by Plaintiffs Eric Cleveland and Jason Dixon, on Behalf of Themselves and All Members of the Vermont Subclass)**

251.  The Vermont Named Plaintiffs, on behalf of themselves and all members of the Vermont Subclass, repeat and incorporate by reference all prior paragraphs of the complaint as if fully set forth herein.

252.  At all relevant times, Defendants C&S and Cohen have been and continue to be an "employer" within the meaning of 21 V.S.A. § 341.

253.  At all relevant times, the Vermont Named Plaintiffs and all members of the Vermont Subclass have earned and continue to earn "wages" for labor or services rendered to Defendants, including earnings determined on a time, piece, commission or other basis.

254.  In violation of 21 V.S.A. § 342 and VT Code R 24 090 003 § VII, Defendants engage in a widespread pattern and practice of failing to pay incentive employees for all hours actually worked.

255.  Defendants' failure to pay wages earned and due to its piece-rate incentive employees who worked "off-the-clock" deprives Plaintiffs Cleveland and Dixon and members of the Vermont Subclass of full and timely payment for all hours worked in violation of 21 V.S.A. § 342 and VT Code R 24 090 003 § VII.

256.  The Vermont Named Plaintiffs, on behalf of themselves and all members of the Vermont Subclass, seek damages in the amount of all unpaid wages earned and due during the two years previous to commencing this action and thereafter, as provided by 12 V.S.A. § 520, and such other legal and equitable relief, including attorneys' fees and other costs, as the Court deems just and proper.

## COUNT 24

### FAILURE TO PAY OVERTIME DUE
**(Vermont Labor Law Claim, Vermont, 21 V.S.A. § 384; Brought by Plaintiffs Eric Cleveland and Jason Dixon, on Behalf of Themselves and All Members of the Vermont Subclass)**

257.  The Vermont Named Plaintiffs, on behalf of themselves and all members of Vermont Subclass, allege and incorporate by reference all prior paragraphs of this complaint as if fully alleged herein.

258.  At all relevant times, Defendants C&S and Cohen have been and continue to be an "employer" within the meaning of 21 V.S.A. § 341.

259.  At all relevant times, the Vermont Named Plaintiffs and all members of the Vermont Subclass have earned and continue to earn "wages" for labor or services rendered to Defendants, including earnings determined on a time, piece, commission or other basis.

260.  21 V.S.A. § 384 requires an employer to pay an employee overtime at a wage rate of one and one-half times the employee's regular rate.

261.  In violation of 21 V.S.A. § 384, Defendants engage in a widespread pattern and practice

of unlawfully deducting and reducing wages and hours of their employees and thereby underestimating their rightful overtime.

262.  The Vermont Named Plaintiffs, on behalf of themselves and all members of the Vermont Subclass, seek damages for unpaid overtime wages earned and due during the two years previous to commencing this action and thereafter, as provided by 12 V.S.A. § 520, and such other legal and equitable relief, including attorneys' fees and costs, as the Court deems just and proper.

**COUNT 25**

**FAILURE TO PAY AGREED UPON WAGES EARNED AND DUE**
**(Vermont Labor Law Claim, 21 V.S.A. § 342 and Code R 24 090 003 § VII; Brought by Plaintiffs Eric Cleveland and Jason Dixon, on Behalf of Themselves and All Members of the Vermont Subclass)**

263.  The Vermont Named Plaintiffs, on behalf of themselves and all members of Vermont Subclass, repeat and incorporate by reference all prior paragraphs of the complaint as if fully set forth herein.

264.  At all relevant times, Defendants C&S and Cohen have been and continue to be an "employer" within the meaning of 21 V.S.A. § 341.

265.  At all relevant times, the Vermont Named Plaintiffs and all members of the Vermont Subclass have earned and continue to earn "wages" for labor or services rendered to Defendants, including earnings determined on a time, piece, commission or other basis.

266.  21 V.S.A. § 342 and Code. R 24 090 003 § VII require employers, like Defendants, to pay employees all agreed upon wages earned and due.  Defendants violate 21 V.S.A. § 342 and Code R 24 090 003 § VII by engaging in a widespread pattern and practice of failing to pay piece-rate incentive employees agreed upon wages earned and due.

267.  As a result of Defendants' unlawful acts, Plaintiff Cleveland and all members of the

Vermont Subclass suffer damages by being denied wages earned and due in accordance with 21 V.S.A. §§ 341 et seq.

268.  The Vermont Named Plaintiffs, on behalf of themselves and all members of the Vermont Subclass, seeks damages in the amount of all unpaid wages earned and due during the two years previous to commencing this action and thereafter, as provided by 12 V.S.A. § 520, and such other legal and equitable relief, including attorneys' fees and costs, as the Court deems just and proper.

## COUNT 26

**FAILURE TO PROVIDE FULL AND UNINTERRUPTED OFF-DUTY MEAL PERIODS**
**(Vermont Labor Law Claim, 21 V.S.A. § 304, Brought by Plaintiffs Eric Cleveland and**
**Jason Dixon, on Behalf of Himself and All Members of the Vermont Subclass)**

269.  The Vermont Named Plaintiffs, on behalf of themselves and all members of Vermont Subclass, repeat and incorporate by reference all prior paragraphs all prior paragraphs of the complaint as if fully set forth herein.

270.  At all relevant times, Defendants C&S and Cohen have been and continue to be an "employer" within the meaning of 21 V.S.A. § 341.

271.  At all relevant times, the Vermont Named Plaintiffs and all members of the Vermont Subclass have earned and continue to earn "wages" for labor or services rendered to Defendants, including earnings determined on a time, piece, commission or other basis.

272.  21 V.S.A. § 304 requires an employer to afford employees reasonable opportunity to eat, rest, and use toilet facilities.

273.  Because Defendants failed to afford full and uninterrupted off-duty meal periods, Plaintiffs and the members of the Vermont Subclass seek damages and injunctive relief requiring Defendants to comply with 21 V.S.A. § 304.

274.  Accordingly, Plaintiffs Cleveland and Dixon, on behalf of themselves and all members of the Vermont Subclass, respectfully request that the Court award judgment and relief in their favor as described herein.

## COUNT 27

### UNLAWFUL PENALTY DEDUCTION FROM WAGES
### (Massachusetts Labor Law Claim, M.G.L.A. 149 §§150A and 152; Brought by Plaintiff Eric Boliski on Behalf of Himself and All Members of the Massachusetts Subclass)

275.  The Massachusetts Named Plaintiff, on behalf of himself and all members of the Massachusetts Subclass, repeats and incorporates by reference all prior paragraphs of the complaint as if fully set forth herein.

276.  At all relevant times, Defendants C&S and Cohen have been and continue to be an "employer" within the meaning of M.G.L.A. 149 § 1.

277.  At all relevant times Plaintiff Boliski and all members of Massachusetts Subclass have earned and continue to earn "wages" for labor or services rendered to Defendants, including earnings determined on a time, piece, commission or other basis, within the meaning of M.G.L.A. 149 § 1.

278.  Plaintiff Eric Boliski timely filed a Non-Payment of Wage Complaint with the Massachusetts Attorney General on our about May 22, 2006.  Mr. Boliski received his Notice of Right to Sue on May 23, 2006.

279.  M.G.L.A. 149 §§ 150A and 152 prohibits Defendants from making any deduction or subtraction from an employee's compensation as a penalty for mistakes, injuries, tardiness, or absences.

280.  In violation of M.G.L.A. 149 §§ 150A and 152, Defendants engage in a widespread pattern and practice of unlawfully deducting wages from its piece-rate incentive employees.

281. As a result of Defendants' unlawful acts, Plaintiff Boliski and all members of the Massachusetts Subclass suffer damages by being denied wages earned and due in accordance with Massachusetts labor laws and regulations.

282. Plaintiff Boliski, on behalf of himself and all members of the Massachusetts Subclass, seeks damages in the amount of three times all unpaid wages earned and due during the three years previous to commencing this action and thereafter, as provided by  M.G.L.A. 149 § 150, and such other legal and equitable relief, including attorneys' fees and costs, as the Court deems just and proper.

## COUNT 28

### FAILURE TO PAY ALL HOURS WORKED
**(Massachusetts Labor Law Claims, M.G.L.A. 149 § 148; Brought by Plaintiff Eric Boliski on Behalf of Himself and All Members of the Massachusetts Subclass)**

283. Plaintiff Eric Boliski, on behalf of himself and all members of the Massachusetts Subclass, repeats and incorporates by reference all prior paragraphs of the complaint as if fully set forth herein.

284. At all relevant times, Defendants C&S and Cohen have been and continue to be an "employer" within the meaning of M.G.L.A. 149 § 1.

285. At all relevant times Plaintiff Boliski and all members of Massachusetts Subclass have earned and continue to earn "wages" for labor or services rendered to Defendants, including earnings determined on a time, piece, commission or other basis, within the meaning of M.G.L.A. 149 § 1.

286. Plaintiff Eric Boliski timely filed a Non-Payment of Wage Complaint with the Massachusetts Attorney General on our about May 22, 2006.  Mr. Boliski received his Notice of Right to Sue on May 23, 2006.

287. In violation of M.G.L.A. 149 § 148, Defendants engage in a widespread pattern and practice of failing to pay incentive employees for all hours actually worked.

288. Defendants' failure to pay wages earned and due to its piece-rate incentive employees who worked "off-the-clock" deprives Plaintiff Boliski and members of the Massachusetts Subclass of full and timely payment for all hours worked in violation of M.G.L.A. 149 § 148.

289. Plaintiff Boliski, on behalf of himself and all members of the Massachusetts Subclass, seeks damages in the amount of three times all unpaid wages earned and due during the three years previous to commencing this action and thereafter, as provided by M.G.L.A. 149 § 150, and such other legal and equitable relief, including attorneys' fees and other costs, as the Court deems just and proper.

## COUNT 29

### FAILURE TO PAY OVERTIME DUE
**(Massachusetts Labor Law Claim, M.G.L.A. 151 § 1A-B; Brought by Plaintiff Eric Boliski on Behalf of Himself and All Members of the Massachusetts Subclass)**

290. The Massachusetts Named Plaintiff, on behalf of himself and all members of the Massachusetts Subclass, repeats and incorporates by reference all prior paragraphs of this complaint as if fully alleged herein.

291. At all relevant times, Defendants C&S and Cohen have been and continue to be an "employer" within the meaning of M.G.L.A. 149 § 1.

292. At all relevant times Plaintiff Boliski and all members of Massachusetts Subclass have earned and continue to earn "wages" for labor or services rendered to Defendants, including earnings determined on a time, piece, commission or other basis, within the meaning of M.G.L.A. 149 § 1.

293. M.G.L.A. 151 § 1A-B requires an employer to pay an employee overtime at a wage rate

of one and one-half times the employee's regular rate.

294.  In violation of M.G.L.A. 151§1A-B, Defendants engage in a widespread pattern and practice of unlawfully deducting and reducing wages and hours of their employees and thereby underestimating their rightful overtime.

295.  The Massachusetts Named Plaintiff, on behalf of himself and all members of the Massachusetts Subclass, seeks damages for unpaid overtime wages earned and due during the two years previous to commencing this action and thereafter,  as provided by M.G.L.A. 151 § 20A. and such other legal and equitable relief, including attorneys' fees and other costs, as the Court deems just and proper.

## COUNT 30

**FAILURE TO PAY AGREED UPON WAGES EARNED AND DUE**
**(Massachusetts Labor Law Claim, M.G.L.A. 149 §§ 148 and 157A; Brought by Plaintiff Eric Boliski, on Behalf of Himself and All Members of the Massachusetts Subclass)**

296.  The Massachusetts Named Plaintiff, on behalf of himself and all members of Massachusetts Subclass, repeat and incorporate by reference all prior paragraphs of the complaint as if fully set forth herein.

297.  At all relevant times, Defendants C&S and Cohen have been and continue to be an "employer" within the meaning of M.G.L.A. 149 § 1.

298.  At all relevant times Plaintiff Boliski and all members of Massachusetts Subclass have earned and continue to earn "wages" for labor or services rendered to Defendants, including earnings determined on a time, piece, commission or other basis, within the meaning of M.G.L.A. 149 § 1.

299.  Plaintiff Eric Boliski timely filed a Non-Payment of Wage Complaint with the Massachusetts Attorney General on our about May 22, 2006.  Mr. Boliski received his Notice

of Right to Sue on May 23, 2006.

300.  M.G.L.A. 149 §§148 and 157A require employers, like Defendants, to pay employees all agreed upon wages earned and due.  Defendants violate M.G.L.A. 149 §§ 148 and 157A by engaging in a widespread pattern and practice of failing to pay piece-rate incentive employees agreed upon wages earned and due.

301.  M.G.L.A. 149 § 148 also requires employers to provide employees with written notice of the hourly rate and the amount of deductions made for each pay period. Additionally, M.G.L.A. 149 § 157A requires employers to provide piece-rate incentive employees with either a printed ticket indicating the rate of remuneration before that employee begins a particular assignment or, at a minimum, notice through posting of the same within forty-eight hours of completing a unit of work.

302.  By unilaterally reducing employees' wage rates on an arbitrary basis and failing to pay such wages at the agreed upon rate, Defendants continuously violate M.G.L.A. 149 §§  148 and 157A.

303. As a result of Defendants' unlawful acts, Plaintiff Boliski and all members of the Massachusetts Subclass suffer damages by being denied wages earned and due in accordance with M.G.L.A. 149 §§ 148 et seq.

304.  Plaintiff Boliski, on behalf of himself and all members of the Massachusetts Subclass, seeks damages in the amount of three times all unpaid wages earned and due during the three years previous to commencing this action and thereafter, as provided by M.G.L.A. 149 § 150, and such other legal and equitable relief, including attorneys' fees and costs, as the Court deems just and proper.

## COUNT 31

**FAILURE TO PROVIDE FULL AND UNINTERRUPTED OFF-DUTY MEAL PERIODS**
**(Massachusetts Labor Law Claim, M.G.L.A. 149 § 100; Brought by Plaintiff Eric Boliski**
**on Behalf of Himself and All Members of the Massachusetts Subclass)**

305. The Massachusetts Named Plaintiff, on behalf of himself and all members of the Massachusetts Subclass, repeats and incorporates by reference all prior paragraphs of the complaint as if fully set forth herein.

306. At all relevant times, Defendants C&S and Cohen have been and continue to be an "employer" within the meaning of M.G.L.A. 149 § 1.

307. At all relevant times Plaintiff Boliski and all members of Massachusetts Subclass have earned and continue to earn "wages" for labor or services rendered to Defendants, including earnings determined on a time, piece, commission or other basis, within the meaning of M.G.L.A. 149 § 1.

308. M.G.L.A. 149 § 100 requires that an employer afford an employee at least a half-hour meal period during any shift in excess of six (6) hours.

309. Because Defendants fail to afford full and uninterrupted off-duty meal periods, Plaintiff and members of the Massachusetts Subclass seek damages and injunctive relief requiring Defendants to comply with M.G.L.A. 149 § 100.

310. Accordingly, Plaintiff Boliski, on behalf of himself and all members of the Massachusetts Subclass, respectfully requests that the Court award judgment and relief in their favor as described herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and all members of the proposed Class and Subclasses pray that the Court issue relief as follows:

A.     Designating this action as a collective action on behalf of the proposed FLSA Collective Plaintiffs (asserting FLSA claims) and

(i) promptly issuing notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-In Class, which (a) apprises them of the pendency of this action, and (b) permits them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. §216(b)

(ii) tolling the statute of limitations on the claims of all members of the FLSA Opt-In Class from the date the original complaint was filed until the Class members are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt in as Plaintiffs;

B.     Designating Plaintiffs Hernandez, Wands, Alvarez, Ortiz, Rodriquez, Gourley, Gasdia (Joseph), Gasdia (Paul), Cleveland, Dixon, and Boliski as representatives of the FLSA Collective Action;

C.     Certifying this action as a Class action on behalf of the New York Subclass, the Connecticut Subclass, the Maryland Subclass, the Massachusetts Subclass, the Pennsylvania Subclass, and the Vermont Subclass, respectively;

D.     Designating Plaintiffs Hernandez, Wands, Alvarez, and Ortiz as representatives of the New York Subclass;

E.     Designating Plaintiffs Rodriguez and Tejeda as representatives of the Connecticut

Subclass;

F.      Designating Plaintiff Gourley as representative of the Pennsylvania Subclass;

G.      Designating Plaintiffs Gasdia (Joseph) and Gasdia (Paul) as representatives of the Maryland Subclass;

H.      Designating Plaintiffs Cleveland and Dixon as representative of the Vermont Subclass;

I.      Designating Plaintiff Boliski as representative of the Massachusetts Subclass;

J.      Awarding compensatory and punitive damages and other statutory penalties to be paid by Defendants, except with regard to the New York Subclass, where Plaintiffs seek only compensatory damages;

K.      Awarding costs of action incurred herein, including reasonable attorneys' fees and expert fees;

L.      Awarding pre-judgment and post-judgment interest, as provided by law; and

M.      Ordering such other and further legal and equitable relief as this Court deems, necessary, just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.


Dated: June 15, 2006

Respectfully submitted,

By: _S/_____
Steven L. Wittels (SLW-8110)
Jeremy Heisler (JH-0145)
Janette Wipper, D.C. Bar No. 467313
Stefanie Roemer D.C. Bar No. 464450

**SANFORD WITTELS & HEISLER, LLP**
950 Third Avenue, 10th Floor
New York, New York 10022
Telephone: (646) 723-2947
Facsimile: (646) 723-2948
swittels@nydclaw.com
www.nydclaw.com

**SANFORD WITTELS & HEISLER, LLP**
1666 Connecticut Avenue, NW, Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7777
Facsimile: (202) 742-7776
stefanieroe@msn.com

*Attorneys for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the First Amended Complaint

has been served on June 13, 2006 via electronic mail to the following party:

Michael Weber, Esq.
**LITTLER MENDELSON**
885 Third Avenue
New York, NY 10022

*Counsel for Defendant C&S Wholesale Grocers, Inc.*

By:    S/_____
        Steven L. Wittels
        NY Bar No. SLW-8110
        **SANFORD WITTELS & HEISLER, LLP**
        Counsel for Plaintiffs
        950 Third Avenue, 10th Floor
        New York, New York 10022
        Telephone: (646) 723-2947
        Facsimile:  (646) 723-2948
        swittels@nydclaw.com