# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

| | |
|---|---|
| **ARMANDO HERNANDEZ, MICHAEL WANDS, JOE ALVAREZ, BALMORES ORTIZ, DAVID RODRIGUEZ, LUIS TEJEDA, CHAD GOURLEY, JOSEPH GASDIA, PAUL GASDIA, ERIC CLEVELAND, JASON DIXON and ERIC BOLISKI, Individually and on Behalf of All Others Similarly Situated, As Class Representatives,** | ) ) ) ) ) ) ) ) ) ) ) |
| **Plaintiffs,** | ) ) |
| **v.** | ) ) ) |
| **C&S WHOLESALE GROCERS, INC. and RICHARD "RICK" B. COHEN,** | ) ) ) |
| **Defendants.** | ) ) |

**06 CV 2675 (CLB) (MDF)**

---------------------------------------------------------

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STAY DUPLICATIVE COUNTS IN A SECOND-FILED FLSA COLLECTIVE ACTION AND STATE WAGE AND HOUR CLASS ACTION UNDER THE FIRST-TO-FILE RULE

SANFORD WITTELS & HEISLER, LLP
950 Third Avenue, 10th Floor
New York, New York 10022
Telephone: (646) 723-2947
Facsimile: (646) 723-2948
www.nydclaw.com
Attorneys for Plaintiffs and the Class

# TABLE OF CONTENTS

INTRODUCTION AND BASIS OF THIS MOTION .................................................... 1

PROCEDURAL AND FACTUAL BACKGROUND ...................................................... 3

ARGUMENT ............................................................................................................... 3

I.   The First-to-File Rule Should be Applied to Stay the
     Duplicative Counts in the Second-Filed *Mahaney*
     Case in Favor of the First-Filed *Hernandez* Case ................................................. 3

     A.      *Mahaney* Alleges Duplicative Counts Now
             Pending in *Hernandez* in this Court .......................................................... 3

     B.      The First-To-File Rule Has Often Been Applied
             In FLSA Suits ............................................................................................... 5

             (1)     *Mahaney* Was Filed Almost One And
                     A Half Years After *Hernandez* ........................................................ 5

             (2)     The Parties in *Mahaney* Are Substantially
                     Similar to the Parties in *Hernandez* ................................................. 6

             (3)     The Claims in *Mahaney* Are Substantially
                     Similar to the Claims in *Hernandez* .................................................. 7

CONCLUSION ............................................................................................................. 9

## TABLE OF AUTHORITIES

### Federal Cases

800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 131 (S.D.N.Y.1994) .................................................................................................................................... 3, 6

Alltrade, Inc. v. Uniweld Prods., Inc. 946 F.2d 622, 625-26 (9th Cir. 1991) .................... 7

Curtis v. Citibank N.A., 226 F.3d 133, 138 (2d Cir. 2000)........................................... 4, 7

D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir.2006)...................... 3, 6

Devlin v. Transportation Communications Int'l Union, 175 F.3d 121, 129-30 (2d Cir.1999)............................................................................................................................... 4

England v. New Century Financial Corporation, No. 03-360-B-M1, 2005 U.S. Dist. LEXIS 8403 (M.D. La. Apr. 26, 2005) ......................................................................... 5

First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 80 (2d Cir.1989)................ 4

Fuller v. Abercrombie & Fitch Stores, Inc., 370 F. Supp. 2d 686 (E.D. Tenn. May 31, 2005)........................................................................................................................ 5, 6, 7

In re Cuyahoga Equip. Corp., 980 F.2d 110, 116-7 (2d Cir.1992)................................. 7, 8

Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 186 (1952) ............... 4

Meeropol v. Nizer, 505 F.2d 232, 235 (2d Cir. 1974) .................................................... 4, 6

National Equipment Rental Ltd v. A.L. Fowler, 287 F.2d 43 (2d Cir 1961)................. 4, 5

New York v. Exxon Corp., 932 F.2d 1020, 1025 (2d Cir.1991) ..................................... 3, 6

Schnabel v. Ramsey Quantitative Systems, Inc., 322 F.Supp.2d 505, 510 (S.D.N.Y. 2004) .................................................................................................................................... 4

Smith v. Mclver, 22 U.S. 532 (1824)................................................................................. 3

Walker v. Progressive Casualty Insurance Co., No. C03-656R, 2003 Westlaw 21056704 (W.D. Wash. May 9, 2003) ............................................................................................ 5

Weinstein v. Metlife, Inc., No. C 06-04444 SI, 2006 WL 3201045 (N.D. Cal. Nov. 6, 2006)............................................................................................................................ 2, 5

### Federal Statutes

29 U.S.C. §§ 1001............................................................................................................... 2

29 U.S.C. §§ 201............................................................................................................... 1

**State Regulations**

Conn. Agencies Regs. § 31-62-D1 ................................................................................... 2

## INTRODUCTION AND BASIS OF THIS MOTION

Almost one and a half years ago, Plaintiffs[1] filed the instant Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., collective action and six (6) state wage and hour class actions against Defendants C&S Wholesale Grocers, Inc. and its Chairman and Owner, Defendant Richard "Rick" B. Cohen (collectively, "Defendants" or "C&S").[2] The twelve named Plaintiffs work or have worked at C&S warehouses in six Northeastern states:  New York, Connecticut, Pennsylvania, Vermont and Massachusetts, and Maryland

As this Court is aware from the last status conference held on March 30, 2007, the parties have agreed to mediate the case before former federal Judge Nicholas H. Politan. The mediation is set for October 1st and 3rd, 2007.  The parties met recently with Judge Politan on August 7th to discuss the framework for the mediation and the history of the case.

With the mediation looming and the parties engaged in extensive preparations for mediation, Plaintiffs' counsel just learned from defense counsel that a separate FLSA case had been filed against C&S in the District Court in Connecticut (styled Mahaney v C&S) which parrots many of the allegations in the present Hernandez case, and in many instances lifts paragraphs *verbatim* from the Hernandez complaint.  (The Hernandez and Mahaney complaints are attached respectively as Exhibits A & B to the accompanying Affidavit of Plaintiffs' Counsel, Steven Wittels).  It is plain that this later-filed case is simply a copy-cat case seeking to tag on to the present Hernandez case before this Court.

---

[1] The Named Representative Plaintiffs are Armando Hernandez, Michael Wands, Joe Alvarez, Balmores Ortiz, David Rodriguez, Luis Tejeda, Chad Gourley, Joseph Gasdia, Paul Gasdia, Eric Cleveland, Jason Dixon, and Eric Boliski (hereinafter "Plaintiffs" or "Hernandez Plaintiffs").

[2] Hereafter, this action will be referred to as "Hernandez."

1

The <u>Mahaney</u> case alleges ancillary claims not alleged in the <u>Hernandez</u> case. These claims include violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 <u>et seq.</u>, and violations of a Connecticut state wage and hour regulation, Conn. Agencies Regs. § 31-62-D1. Despite the ancillary claims alleged in <u>Mahaney</u>, however, the first-filed <u>Hernandez</u> case and second-filed <u>Mahaney</u> case are essentially duplicative lawsuits pending in separate federal courts. A resolution of the FLSA and state wage and hour violations in <u>Hernandez</u> would leave little to decide in the <u>Mahaney</u> case. This is recognized explicitly in the ERISA claims alleged in <u>Mahaney</u>, which characterize the violations as a direct "consequence of not receiving the proper wages and overtime to which [piece-rate incentive employees] are entitled." <u>Mahaney</u> Compl. ¶¶ 19 and 80.

While both lawsuits substantially overlap in their entirety, Plaintiffs in <u>Hernandez</u> only request that this Court stay the duplicative counts in <u>Mahaney</u>. Plaintiffs specifically seek a stay of the FLSA collective action claims alleged in <u>Mahaney's</u> first cause of action and the Connecticut class action claims alleged in the seventeenth cause of action, pending the outcome of these identical causes of action first-filed in <u>Hernandez</u> over one and a half years earlier. <u>See</u> <u>Weinstein v. Metlife, Inc.</u>, No. C 06-04444, 2006 WL 3201045 (N.D. Cal. Nov. 6, 2006) (granting motion to stay plaintiff's duplicative third cause of action in second-filed FLSA and state wage and hour class action). For the reasons set forth below, this Court should grant the stay.

2

## PROCEDURAL AND FACTUAL BACKGROUND

The accompanying Affidavit of Steven L. Wittels, Esq., counsel for Plaintiffs in

Hernandez, contains a complete description of this action's factual and procedural

background, and the Court is respectfully referred thereto.

## ARGUMENT

### I.    THE FIRST-TO-FILE RULE SHOULD BE APPLED TO STAY THE DUPLICATIVE COUNTS IN THE SECOND-FILED *MAHANEY* CASE IN FAVOR OF THE FIRST-FILED *HERNANDEZ* CASE.

#### A.    The Applicable Case Law On The "First-To-File" Rule.

The "first-to-file" rule is a well-established doctrine of federal comity that was

first recognized in Smith v. McIver, 22 U.S. 532 (1824).  In Smith, the Supreme Court

held that "[i]n all cases of concurrent jurisdiction, the court which first has possession of

the subject must decide it."  Id. at 535.

The "first-to-file" rule provides that where two courts have concurrent jurisdiction

over an action involving the same or similar representative parties and the same issues,

the court where the action was "first filed" has priority over the second action.  D.H.

Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir.2006); New York v. Exxon

Corp. at 1025; 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 131

(S.D.N.Y.1994).  It is a rule of judicial economy that creates a "strong presumption in

favor of the forum of the first-filed suit." New York v. Exxon Corp., 932 F.2d 1020, 1025

(2nd Cir.1991); 800-Flowers, supra, 860 F. Supp. at 128. A party seeking to overcome

the presumption must show that "there are special circumstances which justify giving

priority to the second action." Exxon Corp., 923 F.2d at 1025.

The court where the action was first filed decides the question of whether or not the "first-to-file" rule, or alternatively, an exception to the "first-to-file" rule, applies. Schnabel v. Ramsey Quantitative Sys., Inc., 322 F. Supp.2d 505, 510 (S.D.N.Y. 2004). It also has the authority to decide whether to stay, dismiss, or transfer the second action. See National Equip. Rental Ltd. v. A.L. Fowler, 287 F.2d 43, 45 (2nd Cir 1961) ("The bulk of authority supports the position that when a case is brought in one federal district court, and the case so brought embraces essentially the same transactions as those in a case pending in another federal district court, the latter court may enjoin the suitor in the more recently commenced case from taking any further action in the prosecution of that case."); see also Meeropol v. Nizer, 505 F.2d 232, 235 (2nd Cir. 1974) ("Where an action is brought in one federal district court and a later action embracing the same issue is brought in another federal court, the first court has jurisdiction to enjoin the prosecution of the second action.").

"A court faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions." Curtis v. Citibank N.A., 226 F.3d 133, 138 (2nd Cir. 2000) (dismissal of duplicative claims); see also Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 186 (1952) (stay) First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2nd Cir.1989) (dismissal without prejudice); National Equipment Rental Ltd v. A.L. Fowler, 287 F.2d 43 (2nd Cir 1961) (parties enjoined); Devlin v. Transportation Communications Intl Union, 175 F.3d 121, 129-30 (2d Cir. 1999) (remanding for consideration of consolidation).

4

**B.    The First-To-File Rule Has Often Been Applied In FLSA Suits.**

Courts have liberally applied the first-to-file rule to stay, dismiss and transfer duplicative FLSA collective actions cases later filed in another federal district court. See Weinstein v. Metlife, Inc., No. C 06-0444, 2006 WL 3201045 (N.D. Cal. Nov. 6, 2006) (district court applied first-to-file rule to stay plaintiff's duplicative third cause of action in second-filed FLSA and state wage and hour class action); Fuller v. Abercrombie & Fitch Stores, Inc., 370 F. Supp. 2d 686, 690 (E.D. Tenn. May 31, 2005) (district court applied first-to-file rule in an FLSA collective action to dismiss the second-filed case even though named plaintiffs were different); England v. New Century Financial Corp., No. 03-360-B-M1, 2005 U.S. Dist. LEXIS 8403 (M.D. La. Apr. 26, 2005) (district court applied first-to-file rule in an FLSA collective action to transfer the second-filed case to district court with first-filed FLSA case); Walker v. Progressive Casualty Ins. Co., No. C03-656R at *2, 2003 WL 21056704 (W.D. Wash. May 9, 2003) (district court dismissed a second-filed FLSA action even though the parties and issues were not identical to those in the first-filed FLSA action.)

*** 

Based on the above precedent and the reasons set forth below, this Court should apply the first-to-file rule and  stay the duplicative causes of action alleged in the second-filed Mahaney action.

**1.    *Mahaney* Was Filed Almost One And A Half Years After Hernandez.**

The Hernandez case was filed well before the Mahaney case.   Plaintiffs in Hernandez filed their case on April 6, 2006 in United States District Court, Southern District of New York.   Almost one and a half years after Hernandez was filed, the

5

Plaintiffs in <u>Mahaney</u> filed a strikingly similar case in the United States District Court, District of Connecticut. Accordingly, the <u>Hernandez</u> case clearly has priority. <u>See</u> <u>New York v. Exxon Corp.</u>, 932 F.2d 1020, 1025 (2d Cir.1991) (In the Second Circuit, there is generally a strong presumption in favor of the first-filed suit.); <u>see also</u> <u>D.H. Blair & Co., Inc. v. Gottdiener</u>, 462 F.3d 95, 106-07 (2d Cir.2006); <u>800-Flowers, Inc. v. Intercontinental Florist, Inc.</u>, 860 F. Supp. 128, 131 (S.D.N.Y.1994).

### 2. The Parties in *Mahaney* Are Substantially Similar to the Parties in *Hernandez*.

The <u>Mahaney</u> case involves the same category of parties as the <u>Hernandez</u> case. In the Second Circuit, the first-to-file rule requires only that the parties be substantially similar. <u>Meeropol v. Nizer</u>, 505 F.2d 232, 235 (2nd Cir. 1974) ("This rule is applicable even where the parties in the two actions are not identical."). Application of the first-to-file rule is therefore appropriate even when the claims in the second action are not identical to the first.

C&S Wholesale Grocers, Inc. is undoubtedly the principal defendant in both <u>Mahaney</u> and <u>Hernandez</u>. The additional defendant in <u>Hernandez</u> – the CEO of C&S Wholesale Grocers, Inc., Rick Cohen – and the additional defendant in <u>Mahaney</u> – the Plan Administrator for the Retirement Plan of C&S Wholesale Grocers, Inc. –- do not overcome the substantial overlap between the defendants in both actions.

<u>Mahaney</u> involves the same category of plaintiffs as <u>Hernandez</u>. The named plaintiffs in both actions are piece-rate incentive employees at C&S Wholesale Grocers, Inc. and, therefore, are effectively identical   <u>See</u> <u>Fuller v. Abercrombie & Fitch Stores, Inc.</u>, 370 F.Supp.2d 686, 689 (E.D. Tenn. 2005) (finding the named plaintiffs in two FLSA collective actions were "effectively identical" because the named plaintiffs in both

6

actions were employees of the same defendant who held the same employment positions and their respective claims were based on their employment positions).

Both actions also seek to certify the same collective action on behalf of current and former C&S piece-rate incentive employees who were not properly compensated for overtime hours and "off-the-clock" hours.   Compare Mahaney Compl. ¶ 14, with Hernandez Compl. ¶¶ 5, 6 and 68. Both actions also seek to certify the same Connecticut class on behalf of current and former C&S piece-rate incentive employees "who have been denied their full and legally required wages and overtime compensation, and proper working conditions," who worked "off-the-clock" without receiving appropriate pay, who suffered "unlawful deductions from [their] wages," and who were not "afford[ed] ... proper meal periods." Compare Mahaney Compl. ¶ 25, with Hernandez Compl. ¶¶ 5, 6, 9, 79, 81.

As the parties in the two actions substantially overlap, this Court should apply the first-to-file rule and stay the duplicative counts in the second-filed Mahaney case.

### 3.    The Claims in *Mahaney* Are Substantially Similar to the Claims in *Hernandez*.

In determining whether the first-filed rule applies, a district court must consider whether in fact the two actions are duplicative. Curtis v. Citibank, N.A., 226 F.3d 133 (2nd Cir. 2000). This determination hinges on three factors: (1) the chronology of the actions; (2) the similarity of the parties involved; (3) the similarities of the issues at stake. Fuller v. Abercrombie & Fitch Stores, Inc., 370 F.Supp.2d 686, 688 (E.D. Tenn. 2005) (citing Alltrade, Inc. v. Uniweld Prods., Inc. 946 F.2d 622, 625-26 (9th Cir. 1991)). The rule applies when there is substantial overlap between the two competing cases in that

7

they have "substantially similar parties and claims." In re Cuyahoga Equip. Corp., 980 F.2d 110, 116-17 (2nd Cir.1992).

The Mahaney action involves the same claims as the Hernandez action. In the Second Circuit, the first-to-file rule requires only that the claims be substantially similar. In re Cuyahoga Equip. Corp., 980 F.2d 110, 116-7 (2nd Cir.1992) ("This rule usually applies when identical or substantially similar parties and claims are present in both courts."). Application of the first-to-file rule is therefore appropriate even when the claims in the second action are not identical to the first.

The Mahaney case alleges the same FLSA collective action claims as the Hernandez case. Both actions allege that Defendants have failed to pay Plaintiffs for all hours worked, including "off-the-clock" hours and overtime hours, in violation of the FLSA. Because both also allege that Defendants willfully violated the FLSA, a three-year statute of limitations applies to such violations. Compare Mahaney Compl. ¶ 49 with Hernandez Compl. ¶¶ 111 and 116.

The Mahaney case also alleges the same Connecticut wage and hour class action claims as the Hernandez case. Both allege that:

> a. Defendants have failed to pay the Connecticut class of current and former C&S piece rate incentive employees their full and legally required wages and/or overtime compensation. Compare Mahaney Compl. ¶¶ 157-162 with Hernandez Compl. ¶¶ 172-177.
>
> b. Defendants have failed to pay the Connecticut class of current and former C&S piece rate incentive employees for all hours worked "off-the-clock."

8

Compare <u>Mahaney</u> Compl. ¶¶ 158-159 with <u>Hernandez</u> Compl. ¶¶ 169-171.

c. Defendants have failed to provide the Connecticut class of current and former C&S piece rate incentive employees proper meal and/or rest breaks. <u>Compare</u> <u>Mahaney</u> Compl. ¶¶ 158-159 with <u>Hernandez</u> Compl. ¶¶ 186-191.

d. Defendants have made improper deductions from wages of the Connecticut class of current and former C&S piece rate incentive employees. <u>Compare</u> <u>Mahaney</u> Compl. ¶¶ 158-159 with <u>Hernandez</u> Compl. ¶¶ 159-165.

e. Defendants have failed to provide the Connecticut class of current and former C&S piece rate incentive employees proper working conditions. <u>Compare</u> <u>Mahaney</u> Compl. ¶¶ 158-159 with <u>Hernandez</u> Compl. ¶¶ 6 159-191.

As the claims in the two actions substantially overlap, this Court should apply the first-to-file rule and stay the duplicative counts in the second-filed <u>Mahaney</u> case.

## CONCLUSION

Pursuant to the first-to-file rule, Plaintiffs in <u>Hernandez</u> respectfully request that this Court stay the proceedings of the duplicative First and Seventeenth Causes of Action alleged in <u>Mahaney</u> pending the outcome of identical causes of action alleged in <u>Hernandez</u>. Not only would such an outcome comport with the well-established first-to-file rule, but it would serve the interests of justice by avoiding duplicative litigation, and

9

thereby advance the purposes of FLSA collective actions and state wage and hour class

actions.

DATED:      New York, New York
            August 31, 2007

Of counsel:   Janette Wipper
              Steven L. Wittels
              Jeremy Heisler

Respectfully submitted,

_____
Jeremy Heisler (JH 0145)
Janette Wipper (467313)
Steven L. Wittels (SLW 8110)
**SANFORD WITTELS & HEISLER, LLP**
950 Third Avenue, 10th Floor
New York, New York 10022
Tel: (646) 723-2947
Fax: (646) 723-2948

*Attorneys for Plaintiff and the Class*

10