
### LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

September 20, 2007

David M. Wirtz
Direct: 212.583.2699
Direct Fax: 646.219.5834
dwirtz@littler.com

### VIA FACSIMILE (914) 390-4085 & ECF

Honorable Charles L. Brieant
United States District Judge
United States Courthouse
300 Quarropas Street, Room 275
White Plains, New York 10601-4150

Re: **Hernandez et al. v. C&S Wholesale Grocers, et al.**
**Docket No. 06 CV 2675 (CLB)(MDF)**

Dear Judge Brieant:

  This firm represents Defendants in the above-captioned matter. On August 31, 2007, Plaintiffs filed a Motion to Stay certain counts of another action, which was filed in the District Court of Connecticut on August 7, 2007, entitled, <u>Mahaney, et al. v. C&S Wholesale Grocers, Inc.</u> [Docket Nos. 42-48]. Their motion is premised on the "first-to-file rule."

  We wrote to the Court yesterday to express the view that the Plaintiffs' motion to stay the <u>Mahaney</u> matter is premature, because the <u>Mahaney</u> complaint has not been served on Defendants. We asked the Court either to dismiss Plaintiffs' motion, without prejudice, as prematurely filed, or, in the alternative, to stay the Plaintiffs' motion until the <u>Mahaney</u> complaint has actually been served and Plaintiffs' motion is properly before the Court.

  Chambers advised us this morning that our requests have been denied. Accordingly, we are submitting this letter in opposition to Plaintiffs' motion. We also believe that, when and if the <u>Mahaney</u> complaint is served, it would appropriate to transfer that action to this Court. In the absence of such service, we believe that a motion from Defendants seeking such a transfer would also be premature for the same reason that Plaintiffs' motion to stay is premature – no complaint has been served. If

Honorable Charles L. Brieant
September 20, 2007
Page 2

this Court disagrees and concludes that transfer is appropriate before service, we ask that the Court treat this submission as Defendants' motion seeking that relief.

**There Is No Matter To Transfer Because Defendants Have Not Been Served.**

For the reasons set forth in Defendants' September 19, 2007 letter to the Court, Defendants oppose Plaintiff's motion because the complaint in Mahaney has not been served on Defendants, so that there is nothing for this Court to stay.

**Plaintiffs' Do Not Have Standing To Bring Their Motion To Stay Mahaney**

If this Court disagrees, Plaintiffs' motion to stay should be also be denied because they do not have standing to bring it. To have standing, "'[a] plaintiff must 1) allege personal injury 2) fairly traceable to the defendant's allegedly unlawful conduct and 3) likely to be redressed by the requested relief.'" Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1091 (2d Cir. 1995) (quoting Flast v. Cohen, 392 U.S. 83, 99-100 (1968)). A plaintiff must show that he or she has suffered a "distinct and palpable injury to himself." Hirsch, 72 F.2d 1091 (citations omitted). Further, the injury must be "concrete in nature," "particularized to [the plaintiff]," and not "[a]bstract, "conjectural," or "hypothetical." Id. (citations omitted). "The burden to establish standing remains with the party claiming that standing exists." Id. at 1092. (citations omitted).

Non-parties to an action usually fail to meet the above requirements, and therefore lack standing to seek action or relief in lawsuits in which they are not named as a plaintiff or a defendant. See, e.g., Kahn v. Chase Manhattan Bank, N.A., 1997 U.S. App. LEXIS 33510 at *5-6 (2d Cir. 1997) (non-party who has failed to intervene has not demonstrated strong interest in the litigation and lacks standing to challenge judgment); United States v. American Soc'y of Composers, 32 F.3d 727, 733 (2d Cir 1994) (non-party to consent judgment lacks standing to petition court to enforce); In Re Cuyahoga Equiment Corp., 980 F.2d 110, 116 (2d Cir. 1992) (non-parties lack standing to challenge venue dispositions); Dover Limited v. A.B. Watley, Inc., 2006 U.S. Dist. LEXIS 76004 at *23 (S.D.N.Y. 2006) (non-party cannot attack legal sufficiency of counts in which he is not named as a defendant); American Home Assurance Co. v. RJR Nabisco Holdings Corp., 70 F. Supp. 2d 296, 298-99 (S.D.N.Y. 1999) (non-parties lack standing to remove).

Honorable Charles L. Brieant
September 20, 2007
Page 3

Plaintiffs in this case cannot identify what injury they will suffer if counts one and seventeen of the Mahaney action are not stayed. Further, there is no injury that is in any way traceable to Defendants' conduct. Since Plaintiffs cannot demonstrate any way in which allowing the Mahaney action to proceed injures them, they cannot establish how staying the Mahaney action would redress their ephemeral harm.

Rather than identify an injury that they will suffer, Plaintiffs assert that staying these two counts "would serve the interest of justice by avoiding duplicative litigation, and thereby advance the purposes of FLSA collective actions and state wage and hour class actions." (Plaintiff's Brief at pp. 9-10). This is not the type of concrete, palpable injury sufficient for them to request a stay in a lawsuit to which they are not a party. Although Plaintiffs cite numerous cases detailing the purpose of the first-to-file rule, it is telling that they do not cite a single case in which a court has stayed, transferred, or dismissed a case pending in another district court upon the motion of a non-party or non-intervener in that other case.

The first-to-file rule does not allow a party to circumvent the basic principles of standing. Accordingly, Plaintiffs' motion to stay should be dismissed because Plaintiffs do not have standing to bring it.

**If Plaintiffs' Motion Is Properly Before This Court The Proper Relief Is Not a Stay But An Order Transferring Mahaney To The Southern District**

If this Court disagrees that Plaintiffs' motion is premature and finds that they have standing to bring it, we submit that the motion should still be denied, because the appropriate action here is to transfer Mahaney to this Court.

The first-to-file rule affords District Courts the discretion to transfer actions. See Fleet Capitol Corp. v. Mullins, 2004 U.S. Dist. LEXIS 4425 at *12-13 (S.D.N.Y. 2004)(In applying the first-to-file rule, courts may use their discretion to dismiss, transfer, or stay a proceeding.) Indeed, three of the cases that Plaintiffs' rely upon resulted in the second-filed case being transferred and/or consolidated in the district where the first lawsuit was filed. See, e.g., Meeropol v. Nizer, 505 F.2d 232, 235 (2d Cir. 1974); Fuller v. Abercrombie & Fitch Stores, Inc., 370 F. Supp. 2d 686, 690-91 (E.D. Tenn. 2005); England v. New Century Fin. Corp., 370 F. Supp. 504, 511-512 (M.D. La. 2005).

Honorable Charles L. Brieant
September 20, 2007
Page 4

The Second Circuit recognizes of the importance of avoiding duplicative litigation and inconsistent decisions. The first-to-file rule allows District Courts to transfer litigations where "[t]here is a significant overlap of issues, and allowing two actions to proceed in parallel would require the involvement of two courts, where one would be sufficient." BBC Int'l Ltd. V. Lumino Designs, Inc., 441 F.Supp. 2d 438, 446-47 (E.D.N.Y. 2006); See also Everest Capital Ltd. V. Everst Funds Mgmt., LLC, 178 F. Supp. 2d 459, 470 (S.D.N.Y. 2002) (action transferred to the venue where a similar case was first filed, and left to the court in the first-filed case to determine whether the action should be consolidated with the first action or dismissed).

### The Mahaney Complaint Contains Duplicative Counts And Similar Plaintiffs

Counts one and seventeen of the Mahaney action are duplicative of counts in this case. The underlying claim in both actions is that C&S failed to compensate piece-rate incentive employees properly. The same evidence that will determine the merits in this action will ultimately determine the duplicative counts in the Mahaney action. Pursuant to the parties' mediation agreement in this case, much of this evidence has already been exchanged/prepared by Defendants as part of the mediation process, at a significant cost in time and resources.

Second, the parties in both actions are substantially similar. The plaintiffs in both actions purport to represent the same category of putative class members, and both lawsuits name C&S as the primary defendant. As plaintiffs acknowledge, the additional named defendant in this case (C&S CEO Rick Cohen) and the additional named defendant in the Mahaney case (the Plan Administrator for the Retirement Plan of C&S Wholesale Grocers, Inc.) do not prevent operation of the first-to-file rule. See Meeropol, 505 F.2d at 235 (first-to-file rule applicable even where the parties in the two actions are not identical).

Given the duplicative nature of Counts One and Seventeen, the overlapping evidence that is necessary to determine all claims, the similarity of the plaintiffs, and the extensive discovery that has already been exchanged between the Hernandez parties over the past one and one-half years, it is well within this Court's discretion and appropriate to transfer Mahaney to the Southern District for consolidation and adjudication of all claims and/or to dismiss the duplicative claims. See Everest Capital Ltd., 178 F. Supp. 2d at 470.

Honorable Charles L. Brieant
September 20, 2007
Page 5

### Inclusion of Non-Duplicative Claims In The Second Lawsuit Does Not Prohibit This Court From Transferring The Action.

It does not follow from the fact that the Mahaney complaint contains related, but non-duplicative, claims under ERISA and Connecticut's state wage and hour law that this Court is prevented from transferring the Mahaney matter. The Southern District is fully capable of applying ERISA and Connecticut wage law, especially since the additional claims derive from underlying duplicative wage and hour law claims.

In fact, the Mahaney complaint makes clear that the alleged violations of ERISA are a "consequence of Defendant C&S's failure to pay Plaintiffs and other class members the proper wages and overtime to which they are entitled." (Mahaney Complaint at ¶ 80). In other words, before the Mahaney plaintiffs can establish an ERISA violation, they first need to establish that C&S violated the same wage and hour violations that are at issue in this case. The damages for the Mahaney plaintiffs' ERISA claims, assuming they are even viable claims, will be based on the extent of their wage and hour claims.

Finally, with respect to the additional Connecticut state law claim, Plaintiffs in Mahaney allege that C&S failed to pay the Connecticut class of plaintiffs, as well as the named plaintiffs, a minimum of four hours at their regular rate of pay on days in which they reported for work but were relieved from duty before four hours had elapsed. Ultimately, whether the Mahaney plaintiffs have a viable claim under Connecticut state law as to this claim will turn on the same evidence that will determine the duplicative wage and hour claims – whether plaintiffs' were properly paid for the hours they alleged to have worked. Most of the data pertaining to this class of employees' time and payroll records have already been produced and analyzed as part of the mediation process currently underway in this case.

### Conclusion

For all the foregoing reasons, Defendants respectfully submit that Plaintiffs' motion is not properly before the Court. In the alternative, should the Court reach the merits of the motion, the Court should exercise its discretion to transfer the Mahaney action to the Southern District to avoid waste of judicial resources, piecemeal litigation, confusion, and the substantial threat of inconsistent decisions among sister

Honorable Charles L. Brieant
September 20, 2007
Page 6

courts. We look forward to sorting through and resolving these complexities with the Court at the conference scheduled for the morning of September 28, 2007.

Thank you for your courtesies this matter.

Respectfully submitted,

LITTLER MENDELSON, P.C.

David M. Wirtz
Counsel for Defendants
C&S Wholesale Grocers and Richard Cohen

cc: Steven L. Wittels, Esq. (Counsel for <u>Hernandez</u> plaintiffs) – Fax no. (646) 7232948
Will Madsen, Esq. (Counsel for <u>Mahaney</u> plaintiffs) – Fax no. (860) 246-1794
Michael Newbold, Esq.