**SANFORD WITTELS & HEISLER, LLP**
**950 Third Avenue, 10th Floor**
**New York, New York 10022**
**(646) 723-2947**
**Fax: (646) 723-2948**
**E-Mail: swittels@nydclaw.com**
**www.nydclaw.com**

| 18 Half Mile Road | 1666 Connecticut Ave., NW, Suite 310 | 440 West Street |
|---|---|---|
| Armonk, NY 10504 | Washington, DC 20009 | Fort Lee, NJ 07024 |
| (914) 273-7314 | (202) 742-7777 | (201) 585-5288 |
| Fax: (914) 273-2563 | Fax: (202) 742-7776 | Fax: (201) 585-5233 |

September 26, 2007

BY HAND AND EFILING
Hon. Charles L. Brieant
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

    Re:    Hernandez, et al., v. C&S Wholesale Grocers, Inc., et al.
           06 CV 2675 (CLB)

Dear Judge Brieant:

    Plaintiffs submit this Reply Letter Brief in support their motion filed August 31, 2007 to stay two duplicative counts in Mahaney, et al. v. C&S Wholesale Grocers, Inc., a recently-filed case in Federal Court Connecticut, Dkt. No. 3:07-CV-01205 (D. Conn. 8/7/07). On September 20, 2007, the C&S Defendants filed a Letter in Opposition to Plaintiffs' Motion. *Critically, the Mahaney Plaintiffs have not opposed Plaintiffs' Motion to Stay*. Thus, the Mahaney parties must be deemed to have consented to a stay. Plaintiffs submit this letter in response to Defendants' Letter in Opposition.

    **I.**    **Plaintiffs Have Standing to Petition this Court to Act in *Hernandez*;**
           **Staying Two Counts in the *Mahaney* Case is a**
           **Proper Exercise of Judicial Authority in *Hernandez***

    While Defendants contend that Plaintiffs lack standing because they are not "parties" in the action, this misses the mark entirely. As noted, the Mahaney Plaintiffs (by their non-opposition) have, in effect, consented to a stay of the duplicative two counts (One and Seventeen) in the Connecticut suit. Since this is so, it is the C&S Defendants who suffer from a lack of standing to contest the current motion. By only staying the two duplicative counts in the Connecticut action, this Court will have left the remainder of that case intact, with the Mahaney plaintiffs free to proceed on their non-duplicative counts. In any event, our Plaintiffs' "standing" stems from their having filed the instant action in this jurisdiction *before* Mahaney was filed. Plaintiffs are not attempting to assert standing in another case in a different jurisdiction; in fact, they concede that they would not have standing to do so. Rather, Plaintiffs are merely moving this Court to exercise its authority to stay certain identical claims in another court.

The Hon. Judge Charles Brieant                                                                              2
Sept. 26, 2007

      Defendants' argument is based on a misunderstanding of the "first-to-file" rule and a mischaracterization of its implementing authorities. As was set forth in Plaintiffs' opening brief, the first-to-file rule is not based on a principle of the rights of the parties but rather on a principle of judicial efficiency. See Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc., 259 F.3d 949, 953 (8th Cir. 2001) (citing, Colorado River Water Conservation Dist. V. United States, 424 U.S. 800, 817 (1976)). Application of the first-to-file rule will result in a single court presiding over the core FLSA claims in this matter, thus maximizing judicial economy and eliminating the risk of inconsistent verdicts in the came case or controversy. This mandates that this Court, and this Court alone, exercise jurisdiction over the duplicative FLSA count filed in Connecticut.

      Moreover, none of the cases to which Defendants cite discuss the implementation of the first-to-file rule. Each of the five cases cited by Defendants concerns the standing of parties to petition courts on motions that are both substantively and procedurally distinct from the matter at hand. Plaintiffs have not moved to appeal a final order of the court (Kahn), to enforce a judgment (American Soc'y of Composers), to transfer a matter to which they are not party to a different venue (In re Coyahoga Equipment Corp.), to move to dismiss claims to which they are not defendants (Dover Limited), or to remove a case from state to federal court (American Home Assurance Co.). Accordingly, none of the cases cited by Defendants has any bearing on the issue at hand: whether Plaintiffs may move the Court which presides over a first-filed case to stay two counts in another, nearly identical matter, that was later filed in another jurisdiction.

      While the C&S Defendants make much of the fact that it is typically the defendant who seeks to stay the second litigation, whether a motion is "typical" has no bearing on the merits of Plaintiffs' motion. Rather, application of the rule hinges solely on whether the exercise of judicial authority is appropriate, not on the posture of the moving party. As Defendants themselves point out in their September 20, 2007 letter, the Mahaney action is duplicative of this one. As such, the duplicative counts in it should be stayed.

      In short, Plaintiffs undeniably have standing to petition the court in their own case, and this Court has discretion to act in the interests of judicial efficiency in Hernandez under the first-to-file rule. The Court should apply the first-to-file rule and stay the duplicative counts in Mahaney.

**II.    The Court Should Stay the Duplicative Counts in the Connecticut Action; Transferring Mahaney to the Southern District At this Time is Not Proper**

      The C&S Defendants concede in their September 20th letter opposition (p.1) that it is "premature" for them to request a transfer of the Mahaney case to this Court because Defendants have not yet been served with the Mahaney complaint, and thus there is not yet joinder. Plaintiffs agree.[1] If the mediation in Hernandez before Judge Politan is not successful next week, then it may well be advisable to consolidate both this Hernandez case with Mahaney, but now is *not* the time to decide that issue. First, however, this Court should stay the duplicative

---

[1] Of course, by so agreeing, Plaintiffs do not agree that Defendants' concededly "premature" motion for a transfer has any bearing on Plaintiffs' current request to stay the duplicative counts. Our motion is ripe because this Court has inherent power under the first-to-file rule to stay the duplicative counts, which are now operative, since they have been deemed filed in a sister Connecticut federal court.

The Hon. Judge Charles Brieant 3
Sept. 26, 2007

Mahaney counts, let the long-scheduled mediation run its course, and then evaluate at a later time upon proper notice whether there should be a transfer of the Connecticut case.

    Such a result is approved by one of the cases cited by Defendants, Meeropol v. Nizer, 505 F.2d 232, 235 (2d Cir. 1974), as well as other federal cases in this Circuit: Marshak v. Reed, No. 96 CV 2292, 2000 WL 33152076, at *3 (E.D.N.Y. Oct. 17, 2000) (stay of later filed case approved pending resolution of the original case in lieu of effectuating a transfer).

    For all the reasons set forth herein and in Plaintiffs' moving papers, Plaintiffs request that this Court stay the two duplicative counts in the Mahaney case.

                                  Respectfully submitted,

                                  s/ Steven L. Wittels

                                  Steven L. Wittels

cc:
Will Madsen & Katalin A. Demitrus
MADSEN, PRESTLEY & PARENTEAU, LLC
*Co-Counsel for Plaintiffs in the Mahaney action*
(BY EMAIL AND OVERNIGHT DELIVERY)

Scott W. Day, Esq.
DUNN & PHILLIPS, P.C.
*Co-Counsel for Plaintiffs in the Mahaney action*
(BY FAX AND OVERNIGHT DELIVERY)

Glenn Smith & David Wirtz
LITTLER MENDELSON
*Counsel for C&S Defendants in the Hernandez action*
(BY EFILING AND EMAIL)