## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
_____

ARMANDO HERNANDEZ, MICHAEL WANDS,
JOE ALVAREZ, BALMORES ORTIZ, DAVID
RODRIGUEZ, LUIS TEJADA, CHAD GOURLEY,
JOSEPH GASDIA, PAUL GASDIA, ERIC
CLEVELAND, JASON DIXON, ERIC BOLISKI,
ERIC MAHANEY, RICHARD PITNEY, ELIJAH
NAYLOR AND SHAWN NEARY, Individually and
on Behalf of All Others Similarly Situated, As Class     06 CV 2675 (CLB) (MDF)
Representatives,

           Plaintiffs,

           v.

C&S WHOLESALE GROCERS, INC. and
RICHARD "RICK" B. COHEN,

           Defendants.

_____

## STIPULATION AND SETTLEMENT AGREEMENT

Armando Hernandez, Michael Wands, Joe Alvarez, Balmores Ortiz, David

Rodriguez, Luis Tejada, Chad Gourley, Joseph Gasdia, Paul Gasdia, Eric Cleveland, Jason

Dixon and Eric Boliski (the "HERNANDEZ PLAINTIFFS"), Joseph Gasdia and Paul Gasdia

(the "GASDIA PLAINTIFFS") and Eric Mahaney, Richard Pitney, Elijah Naylor and Shawn

Neary (the "MAHANEY PLAINTIFFS") (collectively, the "PLAINTIFFS"), individually

and on behalf of the classes described below (hereinafter referred to collectively as

"SETTLEMENT CLASSES"), C&S Wholesale Grocers, Inc. ("C&S") and Richard Cohen

("COHEN") (C&S and Cohen when used collectively, "DEFENDANTS"), (collectively, the

"PARTIES"), and their respective counsel of record enter into this Stipulation and Settlement

Agreement ("SETTLEMENT AGREEMENT") conditioned upon entry by the COURT of a FINAL ORDER and judgment approving the SETTLEMENT AGREEMENT and dismissing with prejudice all claims encompassed by the SETTLEMENT AGREEMENT.

I.      **RECITALS AND BACKGROUND**

A.      On April 6, 2006, Armando Hernandez, Michael Wands, Michael Rodrigues and Joe Alvarez filed a class action Complaint in the United States District Court for the Southern District of New York, asserting violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") on behalf of themselves and other incentive piece-rate workers who were  employed at C&S Wholesale Grocers, Inc.  The Complaint also alleged violations of the wage and hour laws of New York, New Jersey, Connecticut, Pennsylvania, Massachusetts, New Hampshire, Vermont, Ohio, Maryland, South Carolina, Tennessee, Alabama, California and Hawaii.  The Complaint alleged that C & S failed to pay employees the full amount of all hours and overtime owed, due to disciplinary reductions in piece rates and failure to pay for all compensable time.

B.      On June 16, 2006 Armando Hernandez, Michael Wands, Joe Alvarez, Balmores Ortiz, David Rodriguez, Luis Tejada, Chad Gourley, Joseph Gasdia, Paul Gasdia, Eric Cleveland, Jason Dixon and Eric Boliski filed a First Amended Class Action Complaint in the Southern District of New York, asserting violations of the Fair Labor Standards Act, 29, U.S.C. § 201 *et seq*. ("FLSA") on behalf of themselves and as a collective action under the FLSA, 29 U.S.C. §216(b) on behalf of other incentive piece-rate workers who were employed in their respective work states:  New York, Connecticut, Pennsylvania, Maryland,

Vermont and Massachusetts.  Plaintiffs also assert that the alleged conduct violated New York Labor Law §193; N.Y. Labor Law §§191 and 198; N.Y. Labor Law §§ 650 et seq. and 12 N.Y.C.R.R. §142-2.2; N.Y. Labor Law §§191 and 195; N.Y. Labor Law §162; 12 N.Y.C.R.R. §142-2.4; N.Y. Labor Law §195 and 12 N.Y.C.R.R. §142-2.6; Connecticut, C.G.S.A. §31-71e; C.G.S.A. §31-71b; C.G.S.A. §§31-76c and 31-76f; C.G.S.A. §31-71b and §31-71f; C.G.S.A. §31-51ii; C.G.S.A. §31-66; Pennsylvania 34 Pa. Code § 9.1; 43 P.S. §260.3; 43 P.S. §333.104(c); 43 P.S. §§260.3 and 260.4; 43 P.S. §333.108; Maryland Md. Lab. & Emp. Code §3-503; Md. Lab. & Emp. Code §3-502; Md. Lab. & Emp. Code §§3-415 and 3-420; Md. Lab. & Emp. Code §§ 3-502 and 3-504; Md. Lab. & Emp. Code §3-424; Vermont VT Code R 24 090 003 §§X and XI; 21 V.S.A. §342 and VT Code R. 24 90 003 §VII; 21 V.S.A. § 384; 21 V.S.A. §342 and VT Code R. 24 090 003 §VII; 21 V.S.A. §304; 21 V.S.A. §§441 & 449; Massachusetts M.G.L.A. 149 §§152 and 150A; M.G.L.A. 149 §148; M.G.L.A. 151 §1A; M.G.L.A. 149 §§ 148 and 157A; M.G.L.A. 149 § 100; M.G.L.A. 151 § 15.  The Amended Complaint sought relief for unpaid overtime compensation; recovery of pay for all hours worked off-the-clock; liquidated damages and/or interest, injunctive and declaratory relief, and attorneys' fees and costs.  (Exhibit 1)

C.     On July 24, 2006 DEFENDANTS filed an Answer to the Amended Complaint disputing the material allegations both as to fact and law and denying any liability to the HERNANDEZ PLAINTIFFS or any member of the proposed SETTLEMENT CLASSES as denied further in this SETTLEMENT AGREEMENT.

D.      On July 24, 2006, Joseph Gasdia and Paul Gasdia (who are also named HERNANDEZ PLAINTIFFS), the GASDIA PLAINTIFFS, individually and on behalf of all others similarly situated, as class representatives filed a class action lawsuit against C&S Wholesale Grocers, Inc. and Richard B. Cohen in the Circuit Court for Harford County, Maryland titled *Gasdia et al. v. C&S Wholesale Grocers, Inc., et al*, Docket No. 12-C-06-1893 seeking compensation for all unpaid wages including, but not limited to, pay for all hours worked without being subject to "penalty" deductions; pay at agreed-upon rates; pay for hours worked "off-the-clock;" and unpaid overtime.  The Complaint alleges violations of Maryland Labor and Employee Code, sections 3-413 et seq. and 3-501 et seq.  Md. Lab. & Emp. Code §3-503; Md. Lab. & Emp. Code §3-502; Md. Lab. & Emp. Code §§ 3-415 and 3-420; Md. Lab. & Emp. Code §§3-502 and 3-504; Md. Lab. & Emp. Code §3-424.  This Complaint seeks compensatory and punitive damages; costs; reasonable attorneys' fees and expert fees; pre-judgment and post-judgment interest.  (Exhibit 2)

E.      On August 7, 2007, Eric Mahaney, Richard Pitney, Elijah Naylor and Shawn Neary, the MAHANEY PLAINTIFFS, filed a lawsuit in the United States District Court for The District of Connecticut titled *Eric Mahaney et al. v. C&S Wholesale Grocers, Inc. et al*. Civil Action No. 3:07 CV 1205 (VLB).  This Complaint asserts FLSA claims which are identical to those in *Hernandez*.  Plaintiffs also allege failure to pay compensation and certain retirement benefits due to plaintiffs in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq.; 29 U.S.C. § 1140; 29 U.S.C. §1104; and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §1001 et seq.; and for violations of certain

wage and hour laws and regulations set forth in the Connecticut Minimum Wage Act ("CMWA"), C.G.S. §31-58 *et seq*.; Conn. Agencies. Regs § 31-62-D1 *et seq*. (Exhibit 3)

F.      On November 2, 2006, based on a joint request filed by the PARTIES, the COURT stayed the LITIGATION of this case and permitted the PARTIES to conduct early mediation before an experienced mediator, the Honorable Nicholas H. Politan, United States District Court Judge for the District of New Jersey (*retired*).  During the next eleven months, the PARTIES exchanged extensive amounts of information and data; conducted a significant investigation and undertook detailed legal and factual analyses of the claims and defenses. The information exchanged by the PARTIES included numerous declarations; payroll records; daily time records; voice data; and warehouse transactional data.  The PARTIES also conducted interviews of certain witnesses.  The PARTIES conducted four days of face-to-face mediation and negotiations.  After extensive arms-length bargaining, the PARTIES entered into this proposed SETTLEMENT AGREEMENT.  The PARTIES enter into this SETTLEMENT AGREEMENT to resolve all claims by PLAINTIFFS and the members of the SETTLEMENT CLASSES as defined in this SETTLEMENT AGREEMENT that they have or may have against DEFENDANTS, to avoid the uncertainties of going forward with class certification, summary judgment, trial or risks of appeal, to avoid further expenses, inconveniences and the distractions of burdensome and protracted LITIGATION; and to obtain the covenants, releases, orders and judgment contemplated by this SETTLEMENT AGREEMENT and in order to achieve what the PARTIES believe is a fair, reasonable, adequate and final resolution of the claims being settled as set forth herein.

G.      Through this SETTLEMENT AGREEMENT and for settlement purposes only, the PARTIES stipulate to the filing of Plaintiffs' Second Amended Complaint adding the claims of Eric Mahaney, Richard Pitney, Elijah Naylor and Shawn Neary (the MAHANEY PLAINTIFFS), and stipulate to the dismissal of their lawsuit filed in the United States District Court for The District of Connecticut titled *Eric Mahaney et al. v. C&S Wholesale Grocers, Inc. et al*. Civil Action No. 3:07 CV 1205 (VLB) without prejudice pursuant to a stipulation of discontinuance.  The PARTIES further stipulate to adding the claims of Joseph Gasdia and Paul Gasdia (the GASDIA PLAINTIFFS) and stipulate to the dismissal of their class action lawsuit against C&S Wholesale Grocers, Inc. and Richard B. Cohen in the Circuit Court for Harford County, Maryland titled *Gasdia et al. v. C&S Wholesale Grocers, Inc., et al*, Docket No. 12-C-06-1893 with prejudice pursuant to a stipulation of discontinuance.  A copy of Plaintiffs' Second Amended Complaint is attached hereto as Exhibit 4.   Following the filing of Plaintiffs' Second Amended Complaint, DEFENDANTS will answer the Second Amended Complaint, dispute the material allegations both as to fact and law and deny any liability to the PLAINTIFFS or any member of the SETTLEMENT CLASSES.

H.      For purposes of settlement only, the PARTIES seek the certification of the following OPT-OUT SETTLEMENT CLASSES pursuant to Rule 23 of the Federal Rules of Civil Procedure as defined in Paragraph II.OO.1-7:

1.      The "CONNECTICUT STATE LAW CLASS";

2.      the "MARYLAND STATE LAW CLASS";

3.      the "MASSACHUSETTS STATE LAW CLASS";

4.      the "NEW YORK STATE LAW CLASS";

5.      the "PENNSYLVANIA STATE LAW CLASS";

6.      the "VERMONT STATE LAW CLASS"; and

7.      the "ERISA CLASS".

I.      For purposes of settlement only, the PARTIES also seek conditional certification of an opt-in SETTLEMENT CLASS pursuant to Section 216(b) of the FLSA, the "FLSA CLASS," as defined in Paragraph II.OO.8.

J.      CLASS COUNSEL has conducted a thorough investigation of the claims against DEFENDANTS of PLAINTIFFS and potential members of the SETTLEMENT CLASSES sought to be certified under this SETTLEMENT AGREEMENT, including interviewing INCENTIVE PIECE-RATE WORKERS, reviewing voluminous documents and data, including time and payroll data; and interviewing DEFENDANTS' managers and executives.  Based on their independent investigation and evaluation, CLASS COUNSEL believe that the settlement with DEFENDANTS for the consideration and on the terms set forth in this SETTLEMENT AGREEMENT is fair, reasonable, and adequate, and is in the best interest of all PLAINTIFFS and potential members of the SETTLEMENT CLASSES in light of all known facts and circumstances, including the risk of delay, defenses asserted by DEFENDANTS, and numerous appellate issues.

K.      DEFENDANTS expressly deny any liability or wrongdoing of any kind associated with the claims in the LITIGATION and Plaintiffs' Second Amended Complaint. DEFENDANTS contend they have complied with applicable federal and state law at all times.  By entering into the SETTLEMENT AGREEMENT, DEFENDANTS do not admit any liability or wrongdoing and expressly deny the same; it is expressly understood and agreed that the SETTLEMENT AGREEMENT is being entered into by DEFENDANTS solely for the purpose of avoiding the costs and disruption of ongoing  litigation and to settle all outstanding claims.  Nothing in the SETTLEMENT AGREEMENT, settlement proposals exchanged by the PARTIES or any motions filed or Orders entered pursuant to the SETTLEMENT AGREEMENT, is to be construed or deemed as an admission by DEFENDANTS of any liability, culpability, negligence, or wrongdoing, and the SETTLEMENT AGREEMENT, each of its provisions, its execution, and its implementation, including any motions filed or Orders entered, shall not in any respect be construed as, offered, or deemed admissible in any arbitration or legal proceedings for any purpose except in an action or proceeding to approve, interpret, or enforce the SETTLEMENT AGREEMENT.  Furthermore, neither the SETTLEMENT AGREEMENT, any motions filed, settlement proposals exchanged by the PARTIES or Orders entered pursuant to the SETTLEMENT AGREEMENT, nor any class certification pursuant to the SETTLEMENT AGREEMENT shall constitute an admission, finding, or evidence that any requirement for class certification has been satisfied in the LITIGATION or any other action, except for the limited settlement purposes pursuant to the terms of the SETTLEMENT AGREEMENT.

L.     This SETTLEMENT AGREEMENT shall automatically terminate, and the SETTLEMENT CLASSES certification shall automatically be cancelled if this SETTLEMENT AGREEMENT is terminated pursuant to Paragraph X in which event this SETTLEMENT AGREEMENT shall not be offered, received or construed as an admission of any kind concerning whether any class is certifiable or any other matter.

M.     The PARTIES shall request this United States District Court for the Southern District of New York (the "COURT") to approve, administer, and implement the SETTLEMENT AGREEMENT with respect to all actions and claims settled in this SETTLEMENT AGREEMENT.

N.     This SETTLEMENT AGREEMENT is contingent upon the approval and certification of the SETTLEMENT CLASSES as defined in this SETTLEMENT AGREEMENT.  DEFENDANTS do not waive, and instead expressly reserve their rights to challenge the propriety of class certification for any purpose should the COURT not approve this SETTLEMENT AGREEMENT and enter a FINAL APPROVAL ORDER.

O.     This SETTLEMENT AGREEMENT sets forth the entire agreement between the parties hereto and fully supersedes any and all prior agreements or understandings, written or oral, between the parties pertaining to the subject matter hereof.

II.   **DEFINITIONS**

A.     "AUTHORIZED CLAIMANT" means a member of the SETTLEMENT CLASSES or the authorized legal representative of such member of the SETTLEMENT CLASSES, who files a CLAIM FORM AND REQUEST FOR TAXPAYER

IDENTIFICATION NUMBER AND CERTIFICATION ("W-9 FORM"), and becomes entitled to receive a SETTLEMENT PAYMENT.

B.      The "BAR DATE" is the date by which any member of the SETTLEMENT CLASSES  who wishes to qualify as an AUTHORIZED CLAIMANT must file a CLAIM FORM AND W-9 FORM, which date shall be no later than sixty (60) days after mailing of the CLASS NOTICE.  For those CLAIMANTS as to whom CLASS NOTICES are remailed as specified in Paragraph VI.B, the BAR DATE shall be no later than ninety (90) days after mailing of the initial CLASS NOTICE.

C.      "CAFA NOTICE" refers to the notice to be sent by DEFENDANTS to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b), substantially in the form of Exhibit "5" attached hereto.

D.      "CLAIM FORMS" refers to the documents substantially in the form of Exhibit "6" and Exhibit "7" attached hereto. Exhibit 6 shall be mailed to and filed by members of the SETTLEMENT CLASSES  who are former employees.  Exhibit 7 shall be mailed to and filed by members of the SETTLEMENT CLASSES who are current employees.

E.      "CLASS COUNSEL" refers to Lead Class Counsel Sanford, Wittels & Heisler, LLP and Co-Counsel Madsen, Prestley & Parenteau, LLC.

F.      "CLASS NOTICE" refers to the "Notice of Wage/Hour Class and Collective Action Settlement, Settlement Hearing and Claims Procedure" to be sent to the members of the SETTLEMENT CLASSES  substantially in the form of Exhibit "8" attached hereto.

G.      "COURT" refers to the COURT having jurisdiction of the  LITIGATION, at any stage, presently the United States District Court for the Southern District of New York.

H.      "EXPENSES" refers to the PARTIES' costs of the mediator; costs of the SETTLEMENT CLAIMS ADMINISTRATOR; PLAINTIFFS' expert costs; and any expert costs of DEFENDANTS or PLAINTIFFS attributable to the resolution of the LITIGATION that are incurred on or after January 1, 2008.

I.      "FINAL APPROVAL HEARING" means the hearing contemplated by the PARTIES, at which the COURT will approve, in final, the settlement and make such other final rulings as are contemplated by this SETTLEMENT AGREEMENT.

J.      "FINAL APPROVAL ORDER" refers to the order of the COURT granting final approval of this SETTLEMENT AGREEMENT on the terms provided herein or as the same may be modified by subsequent mutual agreement of the PARTIES.

K.      "FINAL JUDGMENT" refers to the judgment entered by the COURT in conjunction with the FINAL APPROVAL ORDER dismissing the LITIGATION with prejudice. The PARTIES shall submit an order of FINAL JUDGMENT setting forth the terms of this SETTLEMENT AGREEMENT, by incorporation or otherwise, for execution

and entry by the COURT at the time of the FINAL APPROVAL HEARING or at such other time as the COURT deems appropriate.

L.     "FINAL EFFECTIVE DATE" refers to the first date after all of the events and conditions set forth in Paragraph III.A. have been met or occurred.

M.     "FINAL SETTLEMENT CLASSES" refers to all members of the CONNECTICUT STATE LAW CLASS; MARYLAND STATE LAW CLASS; MASSACHUSETTS STATE LAW CLASS; NEW YORK STATE LAW CLASS; PENNSYLVANIA STATE LAW CLASS; VERMONT STATE LAW CLASS; and ERISA CLASS who do not timely and validly exclude themselves from the classes in compliance with the opt-out and exclusion procedures set forth in this SETTLEMENT AGREEMENT and all members of the FLSA CLASS who opt-in by timely submitting a CLAIM FORM and a W-9 FORM.

N.     The "FLSA CLASS PERIOD" means April 6, 2003 through and including March 2, 2008.

O.     "FLSA RELEASED CLAIMS" refers to the released claims set forth in Paragraph III.D.2

P.     "FLSA RELEASING PERSONS" means each and every FLSA SETTLEMENT CLASS MEMBER  who timely files a CLAIM FORM and a W-9 FORM and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest and assigns.

Q.     "FLSA SETTLEMENT CLASS MEMBER" refers to any member of the FLSA CLASS who opts-in by timely submitting a CLAIM FORM and a W-9 FORM.

R.     "LITIGATION" refers to:  (i) the action filed on or about April 6, 2006 titled *Hernandez, et al. v C&S Wholesale Grocers, Inc*. Case No. 6-cv-2675 (CLB)(MDF), subsequently amended on June 16, 2006, and to be subsequently amended by Plaintiffs' Second Amended Complaint as set forth in Paragraph I.G. which is currently pending in the United States District Court for the Southern District of New York; (ii) the action filed on or about July 24, 2006 in the Circuit Court for Hartford County, Maryland, titled *Gasdia et al. v. C&S Wholesale Grocers, Inc., et al*, Docket No. 12-C-06-2893; and (iii) the action filed on or about August 7, 2007 in the United States District Court for the District of Connecticut titled *Mahaney et al. v. C&S Wholesale Grocers, Inc., et al.*, Civil Action No. 3:07 CV 1205 (VLB).

S.     "C&S" refers to C&S Wholesale Grocers, Inc.

T.     "COHEN" refers to Richard B. Cohen.

U.     "MAXIMUM GROSS SETTLEMENT AMOUNT" refers to the amount set forth herein at Paragraph III.B.

V.     An "OPT-OUT" is a member of the CONNECTICUT STATE LAW CLASS; MARYLAND STATE LAW CLASS; MASSACHUSETTS STATE LAW CLASS; NEW YORK STATE LAW CLASS; PENNSYLVANIA STATE LAW CLASS, VERMONT

STATE LAW CLASS, or ERISA CLASS, who has timely filed a Request for Exclusion as specified in Paragraph VII.A. herein.

W.     "OPT-OUT PERIOD" refers to the period beginning with the date CLASS NOTICE is first mailed to members of the SETTLEMENT CLASSES  and ending sixty (60) days after the date of first mailing.  For those CLAIMANTS as to whom CLASS NOTICES are remailed as specified in Paragraph VI.B, the BAR DATE shall be no later than ninety (90) days after mailing of the initial CLASS NOTICE.

X.     "PARTIES" refers to the HERNANDEZ PLAINTIFFS, GASDIA PLAINTIFFS, and MAHANEY PLAINTIFFS, (collectively "PLAINTIFFS") and C&S and COHEN (collectively, "DEFENDANTS") and, in the singular, refers to any of them, as the context makes apparent.

Y.     "PLAINTIFFS" refers to HERNANDEZ PLAINTIFFS, GASDIA PLAINTIFFS, and MAHANEY PLAINTIFFS.

Z.     "PRELIMINARY APPROVAL ORDER" refers to the order of the COURT granting preliminary approval of this SETTLEMENT AGREEMENT on the terms provided herein or as the same may be modified by subsequent mutual agreement of the parties.

AA.    "ADJUSTED MAXIMUM GROSS SETTLEMENT AMOUNT" refers to the MAXIMUM GROSS SETTLEMENT AMOUNT, minus service payments; EXPENSES; employer-paid payroll taxes and CLASS COUNSEL attorneys' fees.

BB.     "INCENTIVE PIECE-RATE WORKER" means any individual who was employed by C&S Wholesale Grocers, Inc. as a selector, hi-lo lift operator, backhauler or slot cleaner, paid on an incentive piece-rate basis, at C&S's Newburgh, NY, Chester, NY, Windsor Locks, CT, Suffield, CT, Aberdeen, MD, North East, MD, North Hatfield, MA, South Hatfield, MA, Westfield, MA, Harrisburg, PA, York, PA, or Brattleboro, VT warehouse facilities during the applicable CONNECTICUT STATE LAW CLASS PERIOD; MARYLAND STATE LAW CLASS PERIOD; MASSACHUSETTS STATE LAW CLASS PERIOD; NEW YORK STATE LAW CLASS PERIOD; PENNSYLVANIA STATE LAW CLASS PERIOD; VERMONT STATE LAW CLASS PERIOD;  ERISA CLASS PERIOD; or FLSA CLASS PERIOD.

CC.     The "CONNECTICUT STATE LAW CLASS PERIOD" means April 6, 2004 through and including March 2, 2008.

DD.     The "MARYLAND STATE LAW CLASS PERIOD" means April 6, 2003 through and including March 2, 2008.

EE.     The "MASSACHUSETTS STATE LAW CLASS PERIOD" means April 6, 2003 through and including March 2, 2008.

FF.     The "NEW YORK STATE LAW CLASS PERIOD" means April 6, 2000 through and including March 2, 2008.

GG.     The "PENNSYLVANIA STATE LAW CLASS PERIOD" means April 6, 2003 through and including March 2, 2008.

HH.     The "VERMONT STATE LAW CLASS PERIOD" means April 6, 2004 through and including March 2, 2008.

II.     The "ERISA CLASS PERIOD" means August 7, 2001 through and including and including March 2, 2008.

JJ.     "RELATED PERSONS" refers to COHEN and his heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns and C&S and its past, present, and future parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, benefits plans sponsored or administered by C&S, divisions, units, branches and any other persons or entities acting on their behalf.

KK.     "RELEASED PERSONS" refers to COHEN and his heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns and C&S and its past, present, and future parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, benefits plans sponsored or administered by COHEN and C&S, divisions, units, branches and any other persons or entities acting on their behalf.

LL.    "UNDISTRIBUTED ADJUSTED MAXIMUM GROSS SETTLEMENT AMOUNT" refers to all money from the ADJUSTED MAXIMUM GROSS SETTLEMENT AMOUNT which is not distributed to AUTHORIZED CLAIMANTS.

MM.    "SETTLEMENT AGREEMENT" refers to this Stipulation and Settlement Agreement.

NN.    "SETTLEMENT CLAIMS ADMINISTRATOR" refers to The Garden City Group, Inc.;

OO.    "SETTLEMENT CLASSES" collectively refers to those persons to be conditionally certified by the COURT solely for the purpose of effectuating this SETTLEMENT AGREEMENT.   The SETTLEMENT CLASSES shall consist of the following individuals and shall be defined as follows:

    1.    The "CONNECTICUT STATE LAW CLASS" refers to any and all INCENTIVE PIECE-RATE WORKERS employed by C&S at its Windsor Locks or Suffield, Connecticut facilities (including those individuals asserting "4-hour rule" claims) during the period from April 6, 2004 through and including March 2, 2008.

    2.    The "MARYLAND STATE LAW CLASS" refers to any and all INCENTIVE PIECE-RATE WORKERS employed by C&S at its Aberdeen or North East, Maryland facilities during the period from April 6, 2003 through and including March 2, 2008.

3.     The "MASSACHUSETTS STATE LAW CLASS" refers to any and all INCENTIVE PIECE-RATE WORKERS employed by C&S at its North Hatfield, South Hatfield or Westfield, Massachusetts facilities during the period from April 6, 2003 through and including March 2, 2008.

4.     The "NEW YORK STATE LAW CLASS" refers to any and all INCENTIVE PIECE-RATE WORKERS employed by C&S at its Newburgh or Chester, New York facilities during the period from April 6, 2000 through and including March 2, 2008.

5.     The "PENNSYLVANIA STATE LAW CLASS" refers to any and all INCENTIVE PIECE-RATE WORKERS employed by C&S at its York or Harrisburg, Pennsylvania facilities during the period from April 6, 2003 through and including March 2, 2008.

6.     The "VERMONT STATE LAW CLASS" refers to any and all INCENTIVE PIECE-RATE WORKERS employed by C&S at its Brattleboro, Vermont facility during the period from April 6, 2004 through and including March 2, 2008.

7.     The "ERISA CLASS" refers to any and all INCENTIVE PIECE-RATE WORKERS employed by C&S at its Newburgh, NY, Chester, NY, Windsor Locks, CT, Suffield, CT, Aberdeen, MD, North East,

MD, North Hatfield, MA, South Hatfield, MA, Westfield, MA,
Harrisburg, PA, York, PA, or Brattleboro, VT warehouse facilities as
an incentive piece-rate worker, who participated in C&S's 401(k) plan
who actually participated and made an election to make deferral
contributions in C&S's 401(k) plan during the period from August 7,
2001 through and including March 2, 2008.

8.     FLSA CLASS refers to: (a) any and all INCENTIVE PIECE-RATE
WORKERS employed by C&S at its Newburgh, NY, Chester, NY,
Windsor Locks, CT, Suffield, CT, Aberdeen, MD, North East, MD,
North Hatfield, MA, South Hatfield, MA, Westfield, MA, Harrisburg,
PA, York, PA or Brattleboro, VT facilities during the period from
April 6, 2003 through and including March 2, 2008.

PP.     "SETTLEMENT PAYMENT" refers to the payment to which an
AUTHORIZED CLAIMANT shall become entitled pursuant to this SETTLEMENT
AGREEMENT, and as more fully set forth in Paragraph III.B.1.a. - f. below.

QQ.     "STATE LAW RELEASED CLAIMS" refers to released claims set forth in
Paragraph III.D.1.

RR.     "STATE LAW RELEASING PERSONS" means each and every member of
the STATE LAW SETTLEMENT CLASSES and their respective heirs, beneficiaries,
devisees, legatees, executors, administrators, trustees, conservators, guardians, personal

representatives, successors-in-interest and assigns, who receive payment pursuant to this SETTLEMENT AGREEMENT.

SS.     "STATE LAW SETTLEMENT CLASS MEMBER" refers to any potential member of the CONNECTICUT STATE LAW CLASS; MARYLAND STATE LAW CLASS; MASSACHUSETTS STATE LAW CLASS; NEW YORK STATE LAW CLASS; PENNSYLVANIA STATE LAW CLASS; VERMONT STATE LAW CLASS; or ERISA CLASS who does not file a valid or timely Request for Exclusion as provided in Paragraph VII of the SETTLEMENT AGREEMENT.

TT.     "W-9 FORM" refers to the Department of the Treasury Internal Revenue Service Form W-9, Request for Taxpayer Identification Number and Certification.

UU.     POTENTIAL GROSS SETTLEMENT AMOUNT refers to the amount calculated according to the formula as set forth herein at Paragraph III. B. 1. a.


III.     **TERMS OF SETTLEMENT**

    A.     FINAL EFFECTIVE DATE

        1.     Shall be the first date after all of the following events and conditions have been met or have occurred:

            a.     The COURT has, by entry of a PRELIMINARY APPROVAL ORDER:

       (i)     Approved the conditional certification of the relevant SETTLEMENT CLASSES;

       (ii)    Preliminarily approved the settlement set forth in this SETTLEMENT AGREEMENT, and the method of providing CLASS NOTICE to the relevant SETTLEMENT CLASSES; and

       (iii)   Set a hearing for the final approval of the settlement.

b.     The COURT has entered a FINAL APPROVAL ORDER approving this settlement and the COURT has entered the judgment as provided in Paragraph V;

c.     The deadline has passed without action by any Party to terminate the SETTLEMENT AGREEMENT pursuant to Paragraph X.B.; and

d.     The time to appeal from the FINAL APPROVAL ORDER has expired and no notice of appeal has been filed; and

e.     In the event that an appeal is actually filed, the latest of the following, if applicable, has occurred:

       (i)     Any appeal from the FINAL APPROVAL ORDER has been finally dismissed;

      (ii)      The FINAL APPROVAL ORDER has been affirmed on appeal in a form substantially identical to the form of the FINAL APPROVAL ORDER entered by the COURT;

      (iii)     The time to petition for review with respect to any appellate decision affirming the FINAL APPROVAL ORDER has expired;

      (iv)     If a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the FINAL APPROVAL ORDER in a form substantially identical to the form of the FINAL ORDER entered by the COURT, the PARTIES agree that the COURT shall retain jurisdiction to enforce the terms of this SETTLEMENT AGREEMENT unless specifically set forth otherwise herein.

## B.     MAXIMUM GROSS SETTLEMENT AMOUNT

      1.     As consideration for the settlement described herein in this SETTLEMENT AGREEMENT and in full settlement and satisfaction of all monetary claims, payments to any AUTHORIZED

CLAIMANTS encompassed by this SETTLEMENT AGREEMENT, EXPENSES, CLASS COUNSEL'S attorneys' fees, service payments, and employer-paid payroll taxes DEFENDANTS shall pay no more than the MAXIMUM GROSS SETTLEMENT AMOUNT of **Fourteen Million Dollars ($14,000,000)**, as follows:

a.    Within thirty (30) days of DEFENDANTS' signing of this SETTLEMENT AGREEMENT, DEFENDANTS shall provide the SETTLEMENT CLAIMS ADMINISTRATOR with a list containing the names, Social Security numbers, employee identification numbers, CLASS designation, and a count of the weeks of work as an INCENTIVE PIECE-RATE WORKER during the applicable STATE LAW CLASS PERIOD for all members of the SETTLEMENT CLASSES.  DEFENDANTS shall provide CLASS COUNSEL with the names, last known addresses and dates of employment for named plaintiffs and opt-ins who have authorized CLASS COUNSEL to execute this SETTLEMENT AGREEMENT on their behalf, as well as declarants, and class members who prepared for and/or were interviewed by DEFENDANTS.  The list of all remaining members of the SETTLEMENT CLASSES shall also be provided to CLASS COUNSEL with the names and Social Security numbers omitted.  Within fifteen (15) days of receipt

of the list of members of the SETTLEMENT CLASSES,  the SETTLEMENT CLAIMS ADMINISTRATOR shall calculate the POTENTIAL GROSS SETTLEMENT AMOUNT for each member of the SETTLEMENT CLASSES pursuant to the following formula:

---

The ADJUSTED MAXIMUM GROSS SETTLEMENT AMOUNT, as defined in Paragraph II (AA), shall be divided by the gross number of weeks of work performed by SETTLEMENT CLASSES members during the relevant periods of the SETTLEMENT CLASSES and each AUTHORIZED CLAIMANT shall be paid the resulting weekly gross settlement amount multiplied by the number of weeks that the AUTHORIZED CLAIMANT worked for C&S as an INCENTIVE PIECE-RATE WORKER during the relevant SETTLEMENT CLASSES period.

---

b.     When complete, the weekly gross settlement amount calculated by the SETTLEMENT CLAIMS ADMINISTRATOR for all members of the SETTLEMENT CLASSES shall equal the ADJUSTED MAXIMUM GROSS SETTLEMENT AMOUNT.   This calculation shall be provided to CLASS COUNSEL and counsel for DEFENDANTS, who shall have

ten (10) days to review and comment on the calculations.  The list to be provided to CLASS COUNSEL shall not identify members of the SETTLEMENT CLASSES by name (except as to named plaintiffs and opt-ins who have authorized CLASS COUNSEL to execute this SETTLEMENT AGREEMENT on their behalf, as well as declarants, and class members who prepared for and/or were interviewed by DEFENDANTS) but instead utilize a unique identifying number.  The SETTLEMENT CLAIMS ADMINISTRATOR shall review any comments received from CLASS COUNSEL or counsel for DEFENDANTS and shall finalize the ADJUSTED MAXIMUM GROSS SETTLEMENT AMOUNT list within ten (10) days of any comments received by either CLASS COUNSEL or counsel for DEFENDANTS.  The SETTLEMENT CLAIMS ADMINISTRATOR's determination after input from CLASS COUNSEL and counsel for DEFENDANTS of the ADJUSTED MAXIMUM GROSS SETTLEMENT AMOUNT shall be final and not subject to appeal to the district court or appellate courts.

c.     Members of the SETTLEMENT CLASSES who timely file CLAIM FORMS and W-9 FORMS and become AUTHORIZED CLAIMANTS shall receive their individually

calculated SETTLEMENT PAYMENTS less required withholding, costs and deductions set forth below.

d. The PARTIES agree that all SETTLEMENT PAYMENTS to be issued to AUTHORIZED CLAIMANTS shall be separated into equal payments for back wages and liquidated damages. The back wages shall be subject to all required employee paid payroll taxes (federal income taxes, state income taxes, employee's share of FICA taxes, and other state-specific statutory deductions) and other authorized or required deductions (garnishments, tax liens, child support, etc.), which the AUTHORIZED CLAIMANTS will be responsible for paying from their allotted SETTLEMENT PAYMENTS. C&S shall pay the employer's share of FICA, FUTA and any other employer state-specific requirements on SETTLEMENT PAYMENTS characterized as back wages, which amount shall be included in the MAXIMUM GROSS SETTLEMENT AMOUNT. C&S will report the back wage payment to the AUTHORIZED CLAIMANT on an IRS Form W-2 and the liquidated damages payment on an IRS Form 1099. The pro rata share of any payment that is attributable to attorneys' fees shall be characterized as income but not wages and appropriate IRS Form 1099 shall be issued both to the AUTHORIZED

CLAIMANT and CLASS COUNSEL.  The pro rata share attributable to attorneys' fees, shall be based upon an allocation of fees across the SETTLEMENT CLASSES.

e. **401(k) Payments**.  Any portion of the SETTLEMENT PAYMENT designated as wages for an AUTHORIZED CLAIMANT who is a current employee as of the date of the SETTLEMENT PAYMENT, shall be subject to the 401(k) deferral election designated by the AUTHORIZED CLAIMANT in effect as of the date of the SETTLEMENT PAYMENT.  Any portion of the SETTLEMENT PAYMENT designated as wages for an AUTHORIZED CLAIMANT who is not a current employee as of the date of the SETTLEMENT PAYMENT shall not be subject to any 401(k) deferral elections.

f. CLASS COUNSEL shall make an application to the COURT for an award of Thirty-three percent (33%) of the MAXIMUM GROSS SETTLEMENT after EXPENSES have been deducted, as payment of attorneys' fees. DEFENDANTS will not oppose this request. Payment of CLASS COUNSEL attorneys' fees shall be made by delivery of the amount approved for payment of attorneys' fees to Sanford, Wittels &

Heisler, LLP and Madsen, Prestley & Parenteau, LLC within fifteen (15) days of the FINAL EFFECTIVE DATE.  Payment of such attorneys' fees to CLASS COUNSEL shall constitute full satisfaction of any and all obligations by DEFENDANTS to pay any person, attorney or law firm for attorneys' fees incurred on behalf of PLAINTIFFS and all members of the FINAL SETTLEMENT CLASSES, and shall relieve the RELEASED PERSONS of any other claims or liability to any person for any attorneys' fees to which any person may claim to be entitled on behalf of PLAINTIFFS or any members of the FINAL SETTLEMENT CLASSES for this LITIGATION. Upon payment of CLASS COUNSEL'S fees, CLASS COUNSEL shall release DEFENDANTS and RELEASED PERSONS from any and all claims for prevailing party attorneys' fees relating to this LITIGATION.

g.      From the MAXIMUM GROSS SETTLEMENT AMOUNT, CLASS COUNSEL shall seek service payments in the gross amount of Four Hundred Thousand Dollars ($400,000) for named plaintiffs and opt-ins who have authorized CLASS COUNSEL to execute this SETTLEMENT AGREEMENT on their behalf, as well as declarants and class members who prepared for and/or were interviewed by the DEFENDANTS,

28

who become AUTHORIZED CLAIMANTS. Service payments shall be made in amounts per capita to be determined by CLASS COUNSEL, provided that no per capita payment shall exceed $25,000. SETTLEMENT CLASSES members who receive a service payment shall remain eligible for their individually calculated SETTLEMENT PAYMENTS less required withholding, costs and deductions. SETTLEMENT CLASSES members who are eligible for service payments by being in one of the following four categories -- i.e., named plaintiffs, opt-ins, declarants and interviewees -- and the range of service payments per category (which shall not generally exceed $2,500 per individual within a category), are set forth in Exhibit 9.

h.   SETTLEMENT PAYMENTS to members of the SETTLEMENT CLASSES who timely submit CLAIM FORMS and W-9 FORMS, become AUTHORIZED CLAIMANTS and are eligible to receive SETTLEMENT PAYMENTS, including service payments, shall receive their total SETTLEMENT PAYMENTS, less applicable taxes and deductions within thirty (30) days of the FINAL EFFECTIVE DATE.

2.    The PARTIES agree that the total amount of all SETTLEMENT PAYMENTS to AUTHORIZED CLAIMANTS will depend on which members of the SETTLEMENT CLASSES  become AUTHORIZED CLAIMANTS and is therefore unknown at this time.  In no event will the total payments to AUTHORIZED CLAIMANTS exceed the ADJUSTED MAXIMUM GROSS SETTLEMENT AMOUNT.

3.    The PARTIES agree that:   (a) DEFENDANTS shall have no obligation to segregate any monies to fund the payments contemplated by this SETTLEMENT AGREEMENT; (b) DEFENDANTS shall retain exclusive authority over and responsibility for those monies; except that (c) DEFENDANTS shall agree to make the additional payments listed below in the event all members of the FINAL SETTLEMENT CLASSES do not elect to participate and the resulting portion of the ADJUSTED MAXIMUM GROSS SETTLEMENT AMOUNT is not distributed to AUTHORIZED CLAIMANTS.  Such portion shall be referred to as the "UNDISTRIBUTED ADJUSTED MAXIMUM GROSS SETTLEMENT AMOUNT" and shall be divided into two amounts as outlined below:

a.    The first portion, representing seventy-five percent ("C&S Amount") of the UNDISTRIBUTED ADJUSTED MAXIMUM GROSS SETTLEMENT AMOUNT, shall remain

the sole and exclusive property of C&S. However, if this portion is at least $100,000, C&S shall contribute $100,000 to a charity of its choice.

b.      The second portion, representing twenty-five percent ("Class Amount") of the UNDISTRIBUTED ADJUSTED MAXIMUM GROSS SETTLEMENT AMOUNT shall be distributed to AUTHORIZED CLAIMANTS utilizing the allocation method used to distribute the ADJUSTED MAXIMUM GROSS SETTLEMENT AMOUNT to AUTHORIZED CLAIMANTS.

4.      FINAL SETTLEMENT CLASSES members who are current employees and who opt into this settlement and become AUTHORIZED CLAIMANTS shall also agree to certify in writing at the time of execution of the appropriate CLAIM FORMS that they: (a) have been provided with and read C&S' payroll reporting policies and working time policies, which describe, *among other things*, "incentive piece rate work" and "off-the-clock" work (and which policies have been provided to the employee in Spanish translation, upon request); (b) agree to comply with  C&S's payroll reporting policies and accurately report all working time; (c) will immediately report to a designated Company contact any improper instruction by anyone to

work off-the-clock or otherwise under report any working time; (d) will not perform any off-the-clock work; and (e) understand and agree that their incentive piece-rates are intended to compensate them for all hours worked; and (f) understand and agree that their incentive piece-rates may fluctuate in subsequent pay periods, based on factors such as their attendance and quality and that they understand the formula used to determine their incentive piece-rates in subsequent pay periods.

C.      Confidentiality Provisions

1.      AUTHORIZED CLAIMANTS shall make no disclosures concerning the existence or terms of the SETTLEMENT AGREEMENT or payments made to them pursuant to the SETTLEMENT AGREEMENT after the BAR DATE, except to members of his immediate family, legal counsel, accountant or financial advisor, or any court or government agency pursuant to an official request. AUTHORIZED CLAIMANTS shall respond to any inquiry about the matter by stating, in words or substance and without more: *"I have satisfactorily resolved my claims in the lawsuit against the company."*

2.      PLAINTIFFS and CLASS COUNSEL may make the following public statement, only, which may be made after the FINAL ORDER has been issued by the Court and all possible appeals have been exhausted:

*"Plaintiffs have successfully resolved their wage and hour lawsuit against C&S Wholesale Grocers, Inc. for a gross sum of up to $14 million.  All details relating to the settlement can be found in the settlement documents filed with the federal district court.  If class members have questions, they should contact  The Garden City Group, Inc. at _____ or Plaintiffs' counsel, Steven Wittels, at (646) 723-2947 and/or C&S-lawsuit @nydclaw.com]]."*

D.    Release of Claims; Waiver; Assignment of Rights

1.    <u>Release by State Law Settlement Class Members</u>:  Effective as of the FINAL EFFECTIVE DATE, each and every STATE LAW SETTLEMENT CLASS MEMBER and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns (collectively, the "STATE LAW RELEASING PERSONS") hereby forever completely release and discharge DEFENDANTS, and the RELEASED PERSONS, as defined earlier in this SETTLEMENT AGREEMENT, from any and all wage-related claims, demands, rights, liabilities, expenses, and losses of any kind, that any of the STATE LAW RELEASING PERSONS has, had, might have or might have had against any of the RELEASED PERSONS based on any act or omission that occurred at any time up to and

including March 2, 2008, in any way related to any of the facts or claims alleged in this LITIGATION or by reason of the negotiations leading to this settlement, even if presently unknown and/or un-asserted.  The matters released herein include any claims that could be brought by INCENTIVE PIECE-RATE WORKERS alleging that DEFENDANTS retaliated against them for complaining about their wages or for asserting wage-related claims, any wage-and-hour laws any claims pursuant to The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq*., including, but not limited to 29 U.S.C. § 1140; 29 U.S.C. § 1104; and any other claims of any kind related to DEFENDANT'S alleged failure to pay wages to INCENTIVE PIECE-RATE WORKERS through and including March 2, 2008, including but not limited to:

The wage and hour laws and regulations of the state of Connecticut including, but not limited to Connecticut Minimum Wage Act ("CMWA"), C.G.S. § 31-58 *et seq*.; C.G.S. § 31-51ii; C.G.S. § 31-60; C.G.S. § 31-66; C.G.S. § 31-71b; C.G.S. § 31-71e; C.G.S. §31-71f; C.G.S. § 31-76c; C.G.S. §31-76f; and Conn. Agencies. Regs. § 31-62-D1, *et seq*. The wage and hour laws and regulations of the state of Maryland, including, but not limited to Md. Lab. & Emp. Code § 3-415; Md. Lab. & Emp. Code § 3-420; Md. Lab. & Emp. Code § 3-424; Md. Lab. & Emp. Code § 3-502; Md. Lab. & Emp. Code § 3-503; and Md. Lab. & Emp. Code § 3-504.  The wage and hour laws and regulations of the state of Massachusetts, including, but not limited to M.G.L.A. 149 § 100; M.G.L.A. 149 § 148; M.G.L.A. 149 §150A; M.G.L.A. 149 § 152; M.G.L.A. 149 § 157A; M.G.L.A. 151 § 1A-B; and M.G.L.A. 151 § 15.  The wage and hour laws and regulations of the state of New York, including, but not limited to N.Y. Labor Law § 162; N.Y. Labor Law §§ 190 *et seq*., N.Y. Labor Law § 191; N.Y. Labor Law § 193; N.Y. Labor Law § 195; N.Y. Labor Law § 198; 12

N.Y.C.R.R. § 142-2.2; 12 N.Y.C.R.R. § 142-2.4; 12 N.Y.C.R.R. § 142-2.6; 12 NYCRR § 142-2.10; and N.Y. Labor Law §§ 650 *et seq.* The wage and hour laws and regulations of the state of Pennsylvania, including, but not limited to 43 P.S. § 260.3; 43 P.S. § 260.4; 43 P.S. § 333.104(c); 43 P.S. § 333.108; and 34 Pa. Code § 9.1. The wage and hour laws and regulations of the state of Vermont, including, but not limited to VT Code. R 24 090 003 § VII; VT Code R 24 090 003 § X; VT Code R 24 090 003 § XI; 21 V.S.A. § 304; 21 V.S.A. § 342; 21 V.S.A. § 384; 21 V.S.A. § 441; and 21 V.S.A. § 449. The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq.*, including, but not limited to 29 U.S.C. § 1140; 29 U.S.C. § 1104; Fair Labor Standards Act of 1938 ("FLSA"), 29, U.S.C. § 201 *et seq.*

The STATE LAW RELEASING PERSONS further covenant and agree not to accept, recover or receive any back pay, liquidated damages, or any other form of monetary relief based on any claims asserted or settled in this LITIGATION which may arise out of, or in connection with any other individual, class or any administrative remedies pursued by any federal, state or local governmental agency against any of the RELEASED PERSONS.

2.   Release by FLSA SETTLEMENT CLASS MEMBERS: Effective as of the FINAL EFFECTIVE DATE, each and every FLSA SETTLEMENT CLASS MEMBER who timely files a CLAIM FORM and W-9 Form and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns (collectively, the "FLSA RELEASING PERSONS") hereby forever

completely release and discharge DEFENDANTS, and the RELEASED PERSONS, from any and all claims pursuant to Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et. seq*., of any kind, that any of the FLSA RELEASING PERSONS has, had, might have or might have had against any of the RELEASED PERSONS based on any act or omission that occurred at any time up to and including March 2, 2008, in any way related to any of the facts or claims alleged in this LITIGATION or by reason of the negotiations leading to this settlement, even if presently unknown and/or un-asserted.  The matters released by the FLSA RELEASING PERSONS herein also include any FLSA retaliation claims that could be brought by INCENTIVE PIECE-RATE WORKERS against DEFENDANTS or any RELEASED PERSONS based on any act or omission that occurred up to and including and including March 2, 2008.

FLSA RELEASING PERSONS further covenant and agree not to accept, recover or receive any back pay, liquidated damages, other damages or any other form of relief based on any FLSA claims asserted or settled in this LITIGATION which may arise out of, or in connection with any other individual, class or any administrative remedies pursued by any federal, state or local governmental agency against any of the RELEASED PERSONS.

3.      <u>Assignment</u>:  PLAINTIFFS, for themselves and on behalf of the other STATE LAW RELEASING PERSONS AND FLSA RELEASING PERSONS, represent and warrant that nothing which would otherwise be released herein has been assigned, transferred, or hypothecated or purportedly assigned, transferred, or hypothecated.  Upon the FINAL EFFECTIVE DATE of this SETTLEMENT AGREEMENT, or upon such earlier date as a SETTLEMENT PAYMENT has been issued to the individual RELEASING PARTY, members of the FINAL SETTLEMENT CLASS shall be deemed to have given this warranty.

4.      <u>Tolling Agreement</u>:  On August 8, 2006, the running of the statutes of limitations for all INCENTIVE PIECE-RATE WORKERS employed by C&S at its Newburgh, NY, Chester, NY, Windsor Locks, CT, Suffield, CT, Aberdeen, MD, North East, MD, North Hatfield, MA, South Hatfield, MA, Westfield, MA, Harrisburg, PA, York, PA, and Brattleboro, VT facilities was tolled by agreement of DEFENDANTS and the HERNANDEZ PLAINTIFFS.  Through and including March 2, 2008, the tolling of the statutes of limitations is ended by agreement of the parties.

IV.   **DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL**

A.      <u>Permission to File Second Amended Complaint</u>:  As soon as practicable after the execution of this SETTLEMENT AGREEMENT, but no later than thirty

(30) days after the execution of the SETTLEMENT AGREEMENT by C&S and CLASS COUNSEL, CLASS COUNSEL shall, with appropriate Court approval, file Plaintiffs' Second Amended Complaint in the form attached hereto as Exhibit 4, adding Eric Mahaney, Richard Pitney, Elijah Naylor and Shawn Neary (the MAHANEY PLAINTIFFS) as named PLAINTIFFS and adding their claims. CLASS COUNSEL shall move for dismissal of the lawsuit filed in the United States District Court for The District of Connecticut titled *Eric Mahaney et al. v. C&S Wholesale Grocers, Inc. et al*. Civil Action No. 3:07 CV 1205 (VLB).  Plaintiffs' Second Amended Complaint shall also add the claims of Joseph Gasdia and Paul Gasdia (the GASDIA PLAINTIFFS) and CLASS COUNSEL shall move for the dismissal of the class action lawsuit against C&S Wholesale Grocers, Inc. and Richard B. Cohen in the Circuit Court for Harford County, Maryland titled *Gasdia et al. v. C&S Wholesale Grocers, Inc., et al*, Docket No. 12-C-06-1893.

B. <u>Seek Preliminary Approval</u>: As soon as practicable after the execution of this SETTLEMENT AGREEMENT, but no later than sixty (60) days after the execution of the SETTLEMENT AGREEMENT by C&S and CLASS COUNSEL, CLASS COUNSEL, on behalf of PLAINTIFFS and all potential members of the SETTLEMENT CLASSES, and DEFENDANTS shall submit this SETTLEMENT AGREEMENT to and move the COURT for an Order, a copy of which is attached as Exhibit "10" ("PRELIMINARY APPROVAL ORDER"), which shall:

1.     Assert jurisdiction over the claims and PARTIES alleged in the PLAINTIFFS' Second Amended Complaint and the implementation and administration of this SETTLEMENT AGREEMENT;

2.     Grant preliminary approval of the settlement set forth in this SETTLEMENT AGREEMENT as adequate, fair, and reasonable and in the best interests of all PLAINTIFFS and potential members of the SETTLEMENT CLASSES;

3.     Conditionally certify the Rule 23 and Section 216(b) classes as defined in this SETTLEMENT AGREEMENT for settlement purposes only;

4.     Appoint Armando Hernandez, Michael Wands, Joe Alvarez, Balmores Ortiz, David Rodriguez, Luis Tejada, Chad Gourley, Joseph Gasdia, Paul Gasdia, Eric Cleveland, Jason Dixon, Eric Boliski, Eric Mahaney, Richard Pitney, Elijah Naylor and Shawn Neary as SETTLEMENT CLASS representatives for the CONNECTICUT STATE LAW CLASS; MARYLAND STATE LAW CLASS; MASSACHUSETTS STATE LAW CLASS; NEW YORK STATE LAW CLASS; PENNSYLVANIA STATE LAW CLASS; VERMONT STATE LAW CLASS; and the ERISA CLASS;

5.     Approve the CLASS NOTICE, and CLAIM FORMS, copies of which are attached as Exhibit "6" and Exhibit "7" and authorize the mailing

of the CLASS NOTICE, CLAIM FORMS, and W-9 FORMS to all members of the SETTLEMENT CLASSES.

6.    Appoint Sanford, Wittels & Heisler, LLP as LEAD CLASS COUNSEL and Madsen, Prestley & Parenteau, LLC. As CO-COUNSEL for the SETTLEMENT CLASSES pursuant to Fed. R. Civ. Pro. 23(g);

7.    Appoint The Garden City Group, Inc. as the SETTLEMENT CLAIMS ADMINISTRATOR pursuant to Fed. R. Civ. Pro. 53;

8.    Set a date for the execution and return of CLAIM FORMS and W-9 FORMS, filing of objections or opting out of the settlement; and

9.    Schedule a hearing for the final approval of the SETTLEMENT AGREEMENT and entry of a FINAL ORDER dismissing with prejudice all claims encompassed by this SETTLEMENT AGREEMENT ("FINAL ORDER") in materially the same form attached as Exhibit "11".

C.    <u>Seek Certification of Settlement Classes</u>: The PARTIES agree to request the COURT to certify, for settlement purposes only, the following SETTLEMENT CLASSES as defined in Paragraph II.OO:

1.    The "CONNECTICUT STATE LAW CLASS";

2.      The "MARYLAND STATE LAW CLASS";

3.      The "MASSACHUSETTS STATE LAW CLASS";

4.      The "NEW YORK STATE LAW CLASS";

5.      The "PENNSYLVANIA STATE LAW CLASS";

6.      The "VERMONT STATE LAW CLASS"; and

7.      The "ERISA CLASS".

8.      The "FLSA CLASS".

D.      <u>Opposition to Class Certification</u>: DEFENDANTS expressly reserve their right to oppose class certification should the SETTLEMENT AGREEMENT not become final.

E.      <u>Dismissal With Prejudice</u>: PLAINTIFFS and DEFENDANTS agree that they will stipulate to the dismissal with prejudice of the LITIGATION as amended by Plaintiffs' Second Amended Complaint  on the date upon which a FINAL ORDER is entered by the COURT approving this SETTLEMENT AGREEMENT and dismissing this LITIGATION with prejudice and the FINAL ORDER becomes non-appealable, or, if such order is appealed by a Class Member, the date of the final resolution of any and all appeals approving this SETTLEMENT AGREEMENT and resulting in the carrying

out of the terms of this SETTLEMENT AGREEMENT and the dismissal of the action with prejudice.

V.    **FINAL SETTLEMENT APPROVAL**

As part of this settlement, PLAINTIFFS shall timely contact the COURT to hold a FINAL APPROVAL HEARING for the purpose of obtaining the FINAL APPROVAL ORDER and entry of judgment granting dismissal of this action as amended by the PLAINTIFFS' Second Amended Complaint with prejudice and permanently barring all STATE LAW RELEASING PERSONS from prosecuting against DEFENDANTS, and the RELEASED PERSONS, as defined earlier in this SETTLEMENT AGREEMENT, any STATE LAW RELEASED CLAIMS (defined to also include any ERISA claims) which were or could have been asserted by the STATE LAW SETTLEMENT CLASS MEMBERS, including without limitation any claims arising out of the acts, facts, transactions, occurrences, representations, or omissions set forth in the Complaint in this action, up to and including March 2, 2008, under state and federal law; and barring all FLSA RELEASING PERSONS  from prosecuting against C&S, COHEN, and the RELEASED PERSONS, as defined earlier in this SETTLEMENT AGREEMENT, any FLSA RELEASED CLAIMS which were or could have been asserted pursuant to the FLSA, including without limitation any claims arising out of the acts, facts, transactions, occurrences, representations, or omissions set forth in the Complaint in this action, up to and including March 2, 2008 is executed, upon satisfaction of all payments and obligations hereunder.  Except to the extent provided below in Paragraph X, the PARTIES agree to use their best efforts to affect these goals at the FINAL APPROVAL HEARING.   The date of the FINAL APPROVAL

HEARING shall be set by the COURT but in no event shall be scheduled prior to the required time frame set forth in the Class Action Fairness Act of 2005 and notice of such shall be provided to members of the SETTLEMENT CLASSES in the CLASS NOTICE, although such hearing may be continued by the COURT without further notice to members of the  SETTLEMENT CLASSES, other than those who filed proper and timely objections.

VI.     **NOTICE TO SETTLEMENT CLASSES**

      A.      Upon the COURT'S Preliminary Approval of this SETTLEMENT AGREEMENT, DEFENDANTS shall provide the SETTLEMENT CLAIMS ADMINISTRATOR a listing of each member of the SETTLEMENT CLASSES with his or her last known address, phone number, C&S Employee number (if known), Social Security number, and SETTLEMENT PAYMENT. CLASS COUNSEL shall also provide the SETTLEMENT CLAIMS ADMINISTRATOR with any updated addresses for members of the SETTLEMENT CLASSES by a date to be determined.  Prior to the sending of notice to the members of the SETTLEMENT CLASSES, the SETTLEMENT CLAIMS ADMINISTRATOR shall immediately attempt to confirm the accuracy of the names and addresses through the United States Post Office's National Change of Address database and shall mail the COURT approved Notice and CLAIM FORMS and W-9 FORMS to all those individuals who have been identified by C&S's records as included within the SETTLEMENT CLASSES definitions.

B.      The CLASS NOTICE will inform potential members of the SETTLEMENT CLASSES about this SETTLEMENT AGREEMENT and will also advise them of the opportunity to object to or OPT-OUT (or, in the case of the FLSA CLASS, to file consents to join in the settlement) and/or to appear at the FINAL APPROVAL HEARING at which the COURT will determine whether to grant final approval of this SETTLEMENT AGREEMENT.  All mailings by the SETTLEMENT CLAIMS ADMINISTRATOR shall be by first class mail, and include a business return envelope.  If a notice is returned as undeliverable, the SETTLEMENT CLAIMS ADMINISTRATOR will perform one skip trace, and resend CLASS NOTICES once to those members of the SETTLEMENT CLASSES for whom it obtains more recent addresses.

C.      Within 20 days following entry of the COURT'S FINAL APPROVAL ORDER, the SETTLEMENT CLAIMS ADMINISTRATOR will send a copy of the FINAL APPROVAL ORDER to all AUTHORIZED CLAIMANTS via first class mail to the address provided by each AUTHORIZED CLAIMANT.

VII.    **BINDING EFFECT; EXCLUSION, OPT-OUT AND OBJECTION RIGHTS**

A.      <u>Right of State Law Settlement Class Members to Opt-Out and be Excluded</u>: Any STATE LAW SETTLEMENT CLASS MEMBER, defined to include any potential member of the ERISA CLASS, may elect to OPT-OUT and be excluded from the STATE LAW SETTLEMENT CLASSES at any time

during the OPT-OUT PERIOD. Members of the SETTLEMENT CLASSES who fall into more than one SETTLEMENT CLASSES and elect to be excluded from any of the SETTLEMENT CLASSES will be excluded from each of the entire SETTLEMENT CLASSES. To be effective, any such election must be made in writing; must contain the name, address, telephone number and social security number of the individual requesting exclusion; must be signed by the individual who is electing to be excluded and OPT-OUT; and must be mailed to the SETTLEMENT CLAIMS ADMINISTRATOR so that it is received by the SETTLEMENT CLAIMS ADMINISTRATOR on or before sixty (60) days after the date the CLASS NOTICE, CLAIM FORM and W-9 FORM was first mailed to members of the SETTLEMENT CLASSES (or for those CLAIMANTS as to whom CLASS NOTICES are remailed as specified in Paragraph VI.B, no later than ninety (90) days after mailing of the initial CLASS NOTICE).  Any member of the SETTLEMENT CLASSES who timely requests exclusion and opts-out in compliance with these requirements (i) shall not have any rights under this SETTLEMENT AGREEMENT; (ii) shall not be entitled to receive a SETTLEMENT PAYMENT; and (iii) shall not be bound by this SETTLEMENT AGREEMENT, the FINAL APPROVAL ORDER, or the judgment.

B.     <u>Binding Effect on members of FINAL SETTLEMENT CLASSES in the State Law Classes and ERISA Class</u>:     Except for those members of the

SETTLEMENT CLASSES who exclude themselves in compliance with the procedures set forth above, all members of the SETTLEMENT CLASSES in the CONNECTICUT STATE LAW CLASS; MARYLAND STATE LAW CLASS; MASSACHUSETTS STATE LAW CLASS; NEW YORK STATE LAW CLASS; PENNSYLVANIA STATE LAW CLASS; VERMONT STATE LAW CLASS; or ERISA CLASS will be deemed to be members of the FINAL SETTLEMENT CLASSES for all purposes under this SETTLEMENT AGREEMENT; will be bound by the terms and conditions of this SETTLEMENT AGREEMENT, the FINAL APPROVAL ORDER, the judgment, and the releases set forth herein; and will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the settlement.

C.     <u>Right to Object</u>:  Any member of the SETTLEMENT CLASSES may object to this settlement, provided that such objections are made in a writing filed with the COURT, and served both on the SETTLEMENT CLAIMS ADMINISTRATOR and on counsel for the PARTIES, no later than forty-five (45) days after the date the CLASS NOTICE, CLAIM FORM and W-9 FORM was first mailed to members of the SETTLEMENT CLASSES (or for those CLAIMANTS as to whom CLASS NOTICES are remailed as specified in Paragraph VI.B, no later than ninety (90) days after mailing of the initial CLASS NOTICE).  Such objection shall include the name and address of the objector, a detailed statement of the basis for each objection asserted, the

grounds on which such member of the SETTLEMENT CLASSES  desires to appear and be heard (if any), and, if the objector is represented by counsel, the name and address of counsel.  If the objector intends to appear at the FINAL APPROVAL HEARING, then the objector or his/her counsel must also file with the Court a notice of appearance within the time frame set forth in this paragraph.  No member of the SETTLEMENT CLASSES may be heard at the FINAL APPROVAL HEARING who has not complied with this requirement and any member of the SETTLEMENT CLASSES who fails to comply with this requirement will be deemed to have waived any right to object and any objection to the settlement.

D.     <u>Right to Receive Settlement Payment</u>: Members of the  SETTLEMENT CLASSES  must timely file a CLAIM FORM and W-9 FORM so that it is postmarked and sent to the SETTLEMENT CLAIMS ADMINISTRATOR on or before sixty (60) days after the date the CLASS NOTICE was first mailed to members of the SETTLEMENT CLASSES (or for those CLAIMANTS as to whom CLASS NOTICES are remailed as specified in Paragraph VI.B, no later than ninety (90) days after mailing of the initial CLASS NOTICE)  in order to receive any monetary benefits from this settlement.  In the event a member of the SETTLEMENT CLASSES timely files a CLAIM FORM and W-9 FORM but omits any required information, the SETTLEMENT CLAIMS ADMINISTRATOR shall provide the member of the SETTLEMENT CLASSES with fifteen (15) days, plus 3 days for mailing, to

cure any deficiencies.  The SETTLEMENT CLAIMS ADMINISTRATOR'S decision on whether a CLAIM FORM and/or W-9 FORM is sufficiently complete shall be binding on the PARTIES and the member of the SETTLEMENT CLASSES.

VIII.   SETTLEMENT CLAIMS ADMINISTRATION

A.   <u>Engagement of Settlement Claims Administrator</u>: Within twenty (20) days of the execution of this SETTLEMENT AGREEMENT, DEFENDANTS shall engage The Garden City Group, Inc.to be the SETTLEMENT CLAIMS ADMINISTRATOR.  The fees and costs of the SETTLEMENT CLAIMS ADMINISTRATOR shall be deducted from the MAXIMUM GROSS SETTLEMENT AMOUNT.

B.   <u>Duties of Settlement Claims Administrator</u>:  The SETTLEMENT CLAIMS ADMINISTRATOR shall be responsible for: (i) calculating the GROSS SETTLEMENT AMOUNTS for members of the SETTLEMENT CLASSES; (ii) preparing, printing and disseminating to members of the SETTLEMENT CLASSES  the CLASS NOTICE, CLAIM FORMS, W-9 Forms, and business-reply return envelopes addressed to the SETTLEMENT CLAIMS ADMINISTRATOR, and remailing said documents in accordance with paragraph VI.B; (iii) preparing, printing and disseminating to AUTHORIZED CLAIMANTS the COURT'S FINAL APPROVAL ORDER; (iv) preparing, monitoring and maintaining a toll-free number with translation services and a

website which includes a Spanish-translation version of the CLASS NOTICE and CLAIM FORM to be accessible to members of the SETTLEMENT CLASSES, which shall remain in operation until the opt-out period has expired; (v) promptly furnishing to counsel for the PARTIES copies of any requests for exclusion, objections or other written or electronic communications from members of the SETTLEMENT CLASSES which the SETTLEMENT CLAIMS ADMINISTRATOR receives; (vi) receiving and reviewing the CLAIM FORMS and W-9 Forms submitted by members of the SETTLEMENT CLASSES to determine eligibility for payment; (vii) determining the SETTLEMENT PAYMENT for each AUTHORIZED CLAIMANT in accordance with this SETTLEMENT AGREEMENT; (viii) keeping track of requests for exclusion including maintaining the original mailing envelope in which the request was mailed; (ix) mailing the settlement checks to AUTHORIZED CLAIMANTS; (x) preparing and mailing CLASS COUNSEL'S fees and costs, service payments, and SETTLEMENT PAYMENTS in accordance with this SETTLEMENT AGREEMENT and Order of the COURT; (xi) ascertaining current address and addressee information for each CLASS NOTICE, CLAIM FORM, and W-9 FORM returned as undeliverable, including tracking undeliverable notices and following-up on undeliverable notices by searching alternative databases for correct address and addressee information, and the mailing of CLASS NOTICE, CLAIM FORM, and W-9 Form, with First Class Mail postage-paid

return envelopes addressed to the SETTLEMENT CLAIMS ADMINISTRATOR.; (xii) performing all tax reporting duties required by federal, state or local law; (xiii) responding to inquiries of members of the SETTLEMENT CLASSES regarding the terms of settlement and procedures for filing objections, opt-out forms, and CLAIM FORMS and W-9 FORMS; (xiv) referring to CLASS COUNSEL all inquiries by members of the SETTLEMENT CLASSES regarding matters not within the SETTLEMENT CLAIMS ADMINISTRATOR'S duties specified herein; (xv) apprising counsel for the PARTIES of the activities of the SETTLEMENT CLAIMS ADMINISTRATOR; (xvi) maintaining adequate records of its activities, including the dates of the mailing of CLASS NOTICE (s) and mailing and receipt of CLAIM FORM(s), W-9 FORM(s), returned mail and other communications and attempted written or electronic communications with members of the SETTLEMENT CLASSES ; (xvii) confirming in writing its completion of the administration of the settlement; (xviii) timely responding to communications from the PARTIES or their counsel; and (xix) such other tasks as the PARTIES mutually agree.

1.      No later than ten (10) days prior to the FINAL APPROVAL HEARING, the SETTLEMENT CLAIMS ADMINISTRATOR shall certify jointly to CLASS COUNSEL and DEFENDANTS' counsel: (a) a list of all members of the SETTLEMENT CLASSES who timely filed their CLAIM FORM and W-9 FORM, (b) a list of all members of

the SETTLEMENT CLASSES  who filed a timely objection, and (c) the percentage and list of all members of the SETTLEMENT CLASSES who request to be an OPT-OUT at any time during the OPT-OUT PERIOD.  The SETTLEMENT CLAIMS ADMINISTRATOR shall also provide DEFENDANTS with an updated address list for the members of the SETTLEMENT CLASSES.

2.    Upon final COURT approval, DEFENDANTS will provide the SETTLEMENT CLAIMS ADMINISTRATOR with funds to mail to all AUTHORIZED CLAIMANTS.  The SETTLEMENT CLAIMS ADMINISTRATOR shall mail these funds to the address provided by the AUTHORIZED CLAIMANT on the AUTHORIZED CLAIMANT'S CLAIM FORM or at an updated address provided by the AUTHORIZED CLAIMANT.

3.    AUTHORIZED CLAIMANTS will have 180 calendar days after settlement checks are mailed out to cash the checks.  If any AUTHORIZED CLAIMANTS do not cash their checks within that 180-day period, their check will be voided.  In that event, C&S will be refunded or C&S shall turnover such amount(s), in accordance with the relevant state's escheatment laws.  AUTHORIZED CLAIMANTS who contact CLASS COUNSEL or the SETTLEMENT CLAIMS

ADMINISTRATOR within the 180 day period and establish that they have not received and executed their checks to the satisfaction and rectification of the SETTLEMENT CLAIMS ADMINISTRATOR shall be reissued one additional check and shall be given an additional 60 days from the date the reissued checks are mailed out to cash the reissued check.

4.    As a condition for payment of any money provided for in this SETTLEMENT AGREEMENT and in consideration thereof, each member of the SETTLEMENT CLASSES  (or his or her heirs, estate or personal representative) will be required to execute and deliver a CLAIM FORM, including a release and waiver, in the form attached as Exhibit "6" and Exhibit "7", which will release DEFENDANTS from and agree not to initiate any legal action against DEFENDANTS for any and all claims settled herein as provided in the Exhibits and complete, execute, and deliver a W-9 FORM, in the form attached as Exhibit 12.

5.    All CLAIM FORMS, W-9 FORMS, and any requests to be an OPT-OUT at any time during the OPT-OUT PERIOD shall be filed directly with the SETTLEMENT CLAIMS ADMINISTRATOR at the address indicated on the Form.

6. All CLAIM FORMS and W-9 FORMS must be postmarked and sent to the SETTLEMENT CLAIMS ADMINISTRATOR on or before sixty (60) days after the date the Notice was first mailed to members of the SETTLEMENT CLASSES (or for those CLAIMANTS as to whom CLASS NOTICES are remailed as specified in Paragraph VI.B, no later than ninety (90) days after mailing of the initial CLASS NOTICE). The SETTLEMENT CLAIMS ADMINISTRATOR shall mail additional forms to members of the SETTLEMENT CLASSES before the filing deadline if requested to do so by CLASS COUNSEL.

IX.   **DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL**

A.   CLASS COUNSEL will submit a proposed FINAL ORDER and judgment for review by the COURT at the FINAL APPROVAL HEARING:

1. Approving the settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions.

2. Approving CLASS COUNSEL'S application for an award of attorneys' fees, costs, and expenses.

3. Certifying the SETTLEMENT CLASSES for purposes of settlement only.

4.   Dismissing the LITIGATION  on the merits and with prejudice and permanently barring all members of the CONNECTICUT STATE LAW CLASS; MARYLAND STATE LAW CLASS; MASSACHUSETTS STATE LAW CLASS; NEW YORK STATE LAW CLASS; PENNSYLVANIA STATE LAW CLASS; VERMONT STATE LAW CLASS; and ERISA CLASS who do not timely become an OPT-OUT from prosecuting against DEFENDANTS, and the RELEASED PERSONS, as defined earlier in this SETTLEMENT AGREEMENT, any STATE LAW RELEASED CLAIMS which were or could have been asserted by the CONNECTICUT STATE LAW CLASS; MARYLAND STATE LAW CLASS; MASSACHUSETTS STATE LAW CLASS; NEW YORK STATE LAW CLASS; PENNSYLVANIA STATE LAW CLASS; VERMONT STATE LAW CLASS; and ERISA CLASS including without limitation any claims arising out of the acts, facts, transactions, occurrences, representations, or omissions set forth in Plaintiffs' Second Amended Complaint in this action through and including March 2, 2008, under state and federal law; and barring all FLSA SETTLEMENT CLASS MEMBERS from prosecuting against DEFENDANTS, and the RELEASED PERSONS, as defined earlier in this  SETTLEMENT  AGREEMENT,  any  FLSA  RELEASED CLAIMS which were or could have been asserted pursuant to the

FLSA, including without limitation any claims arising out of the acts, facts, transactions, occurrences, representations, or omissions set forth in the Complaint in this action, through and including March 2, 2008, upon satisfaction of all payments and obligations hereunder.

X.      **TERMINATION OF THE SETTLEMENT AGREEMENT**

A.      <u>Grounds for Settlement Termination</u>:   In accordance with the procedures specified in Paragraph X. B, below, this SETTLEMENT AGREEMENT may be terminated on the following grounds:

1.      Any PARTY may terminate the SETTLEMENT AGREEMENT if the COURT declines to enter the PRELIMINARY APPROVAL ORDER, FINAL APPROVAL ORDER or judgment in the form submitted by the PARTIES, or the settlement as agreed does not become final for any other reason.

2.      If   fifteen percent (15%) or more of any of the STATE LAW SETTLEMENT CLASS MEMBERS exercise their rights to become an OPT-OUT and be excluded from the State Law and ERISA SETTLEMENT CLASSES and this SETTLEMENT AGREEMENT, DEFENDANTS shall have the right, notwithstanding any other provisions of this SETTLEMENT AGREEMENT, to withdraw from this SETTLEMENT AGREEMENT, whereupon the SETTLEMENT

AGREEMENT will be null and void for all purposes and may not be used or introduced in further LITIGATION or any other proceeding of any kind.

B.     Procedures for Termination:     To terminate this SETTLEMENT AGREEMENT on one of the grounds specified above, the terminating Party shall give written notice to the other Party no later than:

1.     15 business days after the COURT acts; or

2.     15 business days after DEFENDANTS receive notice from the SETTLEMENT CLAIMS ADMINISTRATOR that the requisite number of members of the SETTLEMENT CLASSES    timely requested exclusion from the FINAL SETTLEMENT CLASS.

C.     Effect of Termination:  Termination shall have the following effects:

1.     The SETTLEMENT AGREEMENT shall be terminated and shall have no force or effect, and no Party shall be bound by any of its terms;

2.     In the event the settlement is terminated, DEFENDANTS shall have no obligation to make any payments to any party, class member or attorney, except that DEFENDANTS shall pay the SETTLEMENT CLAIMS ADMINISTRATOR for services rendered up to the date the SETTLEMENT CLAIMS ADMINISTRATOR is notified that the settlement has been terminated if it is terminated pursuant to X.A.2, and DEFENDANTS and CLASS COUNSEL shall each pay the

56

SETTLEMENT CLAIMS ADMINISTRATOR one half of said payment if it is terminated pursuant to X.A.1;

3.      The PRELIMINARY APPROVAL ORDER, FINAL APPROVAL ORDER and judgment, including any order of class certification, shall be vacated;

4.      The SETTLEMENT AGREEMENT and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the PARTIES, all of whom shall be restored to their respective positions in the action prior to the settlement;

5.      Neither this SETTLEMENT AGREEMENT, nor any ancillary documents, actions, statements or filings in furtherance of settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in the LITIGATION or any other action for any purpose whatsoever.

## XI.   PARTIES' AUTHORITY

A.      The signatories hereby represent that they are fully authorized to enter into this settlement and bind the PARTIES hereto to the terms and conditions hereof.

B.      CLASS COUNSEL hereby represent that they have retainer agreements and/or authorizations to bind the named plaintiffs and certain of the opt-in

plaintiffs, and to execute this SETTLEMENT AGREEMENT on their behalf, and execute this SETTLEMENT AGREEMENT on their behalf.  With regard to the remaining opt-in plaintiffs, CLASS COUNSEL will undertake their best efforts to obtain authorizations to execute this SETTLEMENT AGREEMENT.   Opt-in plaintiffs who have not executed such an authorization on or before January 31, 2008 shall be removed as parties in the action by stipulation, which shall be subject to order by the COURT.  Such opt-in plaintiffs shall not thereafter be treated as PARTIES, and they shall not, accordingly and *inter alia,* be entitled to service payments, but shall remain members of the appropriate SETTLEMENT CLASSES.

XII.   **MUTUAL FULL COOPERATION**

The PARTIES agree to fully cooperate with each other to accomplish the terms of the SETTLEMENT AGREEMENT, including, but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of the SETTLEMENT AGREEMENT.  The PARTIES to the SETTLEMENT AGREEMENT shall use their best efforts, including all efforts contemplated by the SETTLEMENT AGREEMENT and any other efforts that may become necessary by order of the COURT, or otherwise, to effectuate the SETTLEMENT AGREEMENT and the terms set forth herein.  As soon as practicable after execution of the SETTLEMENT AGREEMENT, CLASS COUNSEL shall, with the assistance and cooperation of DEFENDANTS and their counsel, take all necessary steps to secure the COURT'S final approval of the SETTLEMENT AGREEMENT.

XIII.   **NOTICES**

Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To the Plaintiff Classes:

Steven L. Wittels, Esq.
Sanford, Wittels & Heisler, LLP
950 Third Avenue, 10th Floor
New York, NY 10022

William Madsen, Esq.
Madsen, Prestley & Parenteau, LLC
44 Capitol Avenue, Suite 201
Hartford, CT 06106

To the Defendants:

Lisa A. Schreter, Esq.
David M. Wirtz, Esq.
Littler Mendelson, P.C.
885 Third Avenue,16th Floor
New York, NY 10022-4834l

XIV.   **CONSTRUCTION**

The PARTIES hereto agree that the terms and conditions of the SETTLEMENT AGREEMENT are the result of lengthy, intensive, arms-length negotiations among the

PARTIES, and that ordinary rules of construction will apply, except that the SETTLEMENT AGREEMENT shall not be construed in favor of or against any party by reason of the extent to which any party or his, her or its counsel participated in the drafting of the SETTLEMENT AGREEMENT.

## XV.    CLASS COUNSEL SIGNATORIES

It is agreed that because the members of the SETTLEMENT CLASS are so numerous, it is impossible or impractical to have each member of the SETTLEMENT CLASSES execute the SETTLEMENT AGREEMENT.  The CLASS NOTICE will advise all members of the SETTLEMENT CLASSES of the binding nature of the release, and that the release will have the same force and effect as if the SETTLEMENT AGREEMENT were executed by each member of the SETTLEMENT CLASS.

## XVI.   COUNTERPARTS

The SETTLEMENT AGREEMENT may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one SETTLEMENT AGREEMENT, which shall be binding upon and effective as to all PARTIES.

IN WITNESS WHEREOF, the undersigned have duly executed this SETTLEMENT AGREEMENT on _February 19_, 2008:

**CLASS COUNSEL**

Steven L. Wittels
Sanford, Wittels & Heisler, LLP
950 Third Avenue, 10th Floor
New York, NY 10022
LEAD CLASS COUNSEL

William Madsen, Esq.
Madsen, Prestley & Parenteau, LLC
44 Capitol Avenue, Suite 201
Hartford, CT 06106
CO-CLASS COUNSEL

Scott W. Day, Esq. (ct 27550)
DUNN & PHILLIPS, P.C.
185 Belmont Avenue
Springfield, MA 01108
OF COUNSEL

**C&S AND RICHARD COHEN**

David M. Wirtz
Lisa A. Schreter
A. Michael Weber
Glenn J. Smith
Littler Mendelson, P.C.
885 Third Avenue, 16th Floor
New York, NY 10022-4834l