

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK



ARMANDO HERNANDEZ, MICHAEL WANDS,
JOE ALVAREZ, BALMORES ORTIZ, DAVID
RODRIGUEZ, LUIS TEJADA, CHAD GOURLEY,
JOSEPH GASDIA, PAUL GASDIA, ERIC
CLEVELAND, JASON DIXON, ERIC BOLISKI,
ERIC MAHANEY, RICHARD PITNEY, ELIJAH
NAYLOR AND SHAWN NEARY, Individually and
on Behalf of All Others Similarly Situated, As Class    06 CV 2675 (CLB) (MDF)
Representatives,

        Plaintiffs,

        v.

C&S WHOLESALE GROCERS, INC., RICHARD
"RICK" B. COHEN, and C&S WHOLESALE
GROCERS, INC., as Plan Administrator,

        Defendants.

## **FINAL APPROVAL ORDER and JUDGMENT**

        This matter comes before the Court on the motion of Plaintiffs, by their counsel Sanford

Wittels & Heisler, LLP ("Lead Class Counsel") and Madsen, Prestley & Parenteau, LLC (Co-

Counsel); and by Defendants C&S Wholesale Grocers, Inc. and Richard "Rick" B. Cohen

("Defendants") and by their counsel Littler Mendelson, P.C. for an order and judgment finally

approving the Settlement Agreement dated February 19, 2008 and dismissing with prejudice all

claims and actions in this case. After having conducted conducting a Fairness Hearing on July

30, 2008, and after reviewing the Stipulation and Settlement Agreement ("Settlement

Agreement") and considering the papers submitted in support of the parties' application for final

approval of this class and collective action and an award of attorneys' fees and expenses,

including (i) Plaintiffs' Memorandum of Law in Support of Unopposed Motion for Final Approval, dated July 21, 2008; (ii) Joint Declaration of Plaintiffs' Counsel in Support of Unopposed Motion for Final Approval, and exhibits annexed thereto dated July 21, 2008; (iii) Certification of Glenn Pomerantz, CPA in Support of Final Approval of Settlement, dated July 21, 2008; and (iv), the Order and Supplemental Order Granting Preliminary Approval of Class and Collective Action Settlement and Petition for Attorney Fees, entered by the Honorable Charles L. Brieant dated February 25, 2008 and March 14, 2008, respectively, which, *inter alia*, preliminarily approved the settlement as fair, reasonable, and adequate, the Court hereby enters the following Final Order and Judgment:

      1.    This Court has jurisdiction over the subject matter of these actions and over all parties to these actions pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b) and 28 U.S.C. § 1367(a), including all members of the Settlement Classes, preliminarily certified for settlement purposes, by Order dated February 25, 2008 ("Preliminary Approval Order"), and defined as:

      1.    The "CONNECTICUT STATE LAW CLASS" which refers to any and all INCENTIVE PIECE-RATE WORKERS employed by C&S at its Windsor Locks or Suffield, Connecticut facilities (including those individuals asserting "4-hour rule" claims) during the period from April 6, 2004 through and including March 2, 2008;

      2.    The "MARYLAND STATE LAW CLASS" which refers to any and all INCENTIVE PIECE-RATE WORKERS employed by C&S at its Aberdeen or North East, Maryland facilities during the period from April 6, 2003 through and including March 2, 2008;

3.     The "MASSACHUSETTS STATE LAW CLASS" which refers to any and all INCENTIVE PIECE-RATE WORKERS employed by C&S at its North Hatfield, South Hatfield or Westfield, Massachusetts facilities during the period from April 6, 2003 through and including March 2, 2008;

4.     The "NEW YORK STATE LAW CLASS" which refers to any and all INCENTIVE PIECE-RATE WORKERS employed by C&S at its Newburgh or Chester, New York facilities during the period from April 6, 2000 through and including March 2, 2008;

5.     The "PENNSYLVANIA STATE LAW CLASS" which refers to any and all INCENTIVE PIECE-RATE WORKERS employed by C&S at its York or Harrisburg, Pennsylvania facilities during the period from April 6, 2003 through and including March 2, 2008;

6.     The "VERMONT STATE LAW CLASS" which refers to any and all INCENTIVE PIECE-RATE WORKERS employed by C&S at its Brattleboro, Vermont facility during the period from April 6, 2004 through and including March 2, 2008; and

7.     The "ERISA CLASS" which refers to any and all INCENTIVE PIECE-RATE WORKERS employed by C&S at its Newburgh, NY, Chester, NY, Windsor Locks, CT, Suffield, CT, Aberdeen, MD, North East, MD, North Hatfield, MA, South Hatfield, MA, Westfield, MA, Harrisburg, PA, York, PA, or Brattleboro, VT warehouse facilities as an incentive piece-rate worker, who participated in C&S's 401(k) plan who actually participated

3

and made an election to make deferral contributions in C&S's 401(k) plan during the period from August 7, 2001 through and including March 2, 2008.

B.      "FLSA CLASS" - An opt-in collective action class pursuant to Section 216(b) of the FLSA that includes (a) any and all INCENTIVE PIECE-RATE WORKERS employed by C&S at its Newburgh, NY, Chester, NY, Windsor Locks, CT, Suffield, CT, Aberdeen, MD, North East, MD, North Hatfield, MA, South Hatfield, MA, Westfield, MA, Harrisburg, PA, York, PA, or Brattleboro, VT warehouse facilities at any time during the period from April 6, 2003 through and including March 2, 2008.

2.      The Court finds that the CONNECTICUT STATE LAW CLASS; MARYLAND STATE LAW CLASS; MASSACHUSETTS STATE LAW CLASS; NEW YORK STATE LAW CLASS; PENNSYLVANIA STATE LAW CLASS; VERMONT STATE LAW CLASS; and ERISA CLASS CLASSES, as defined above, satisfy the requirements of Fed. R. Civ. P. Rule 23(a) and are maintainable under Rule 23(b)(3), and that FLSA CLASS satisfies the requirements to be maintainable as a collective action under 29 U.S.C. § 216(b). The Court finally certifies the Settlement Classes for purposes of settlement of this action.

3.      The Notice given to the members of the Settlement Classes adequately informed the class members of the terms of the Settlement Agreement, the process available to them to obtain monetary relief, their right to opt out of the monetary provisions and pursue their own remedies and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement Agreement.  The Notice also adequately informed the Class Members of a website at which they could access additional information regarding the case and settlement, both in English and in Spanish translation.  The

4

Court finds that the Notice provided satisfied the requirements of Fed. R. Civ. P. 23(e)(1)(B).

4.      The Court hereby approves the proposed Settlement Agreement and finds that the settlement is fair, reasonable and adequate to all members of the Settlement Classes.  The Court finds that extensive investigation, research and litigation has been conducted such that counsel for the parties are able to evaluate their respective risks of further litigation, including the additional costs and delay associated with the further prosecution of this action.  The Court further finds that the Settlement Agreement has been reached as the result of intensive, arms-length negotiations, including mediation with an experienced third party neutral.

5.      Class Counsel shall be awarded the amount of $5,085,292.20 for fair and reasonable attorneys' fees and expenses incurred in the prosecution of this litigation.    The attorney's fees and expenses shall be paid to Class Counsel in accordance with the Stipulation and Settlement Agreement as follows:

        1.      $4,357,639.58  to Sanford Wittels & Heisler, LLP;

        2.      $125,740.37 to Madsen, Prestley & Parenteau, LLC.

The Attorneys' Fees and Expenses, which are to be paid from the Maximum Gross Settlement Amount in conformity with the Settlement Agreement, as set forth in Class Counsel's Calculation of Attorneys' Fees and Expenses attached to the Joint Declaration of Plaintiffs' Counsel (Ex. 12), are in full compromise and satisfaction of all attorneys' fees and costs and expenses for Class Counsel as specified in the Settlement Agreement.

6.      Service payments, as set forth in Exhibit 9 to the accompanying Joint Declaration of Plaintiffs' Counsel, dated July 21, 2008, are approved for the named plaintiffs, opt-in plaintiffs, class members who were interviewed by the defendants or prepared for such interviews, and class members who provided sworn declarations.  Such awards are to be paid from the Maximum Gross Settlement Amount as specified in the Stipulation and Settlement Agreement.  The Court

5

finds that these payments are fair and reasonable to adequately compensate these class members for their time, effort, and risk in assisting counsel in prosecuting these actions and for resolving all claims in this case.

7.     The Court finds and determines that the payments to be made to the members of the Settlement Classes, as provided in the Stipulation and Settlement Agreement are fair, reasonable, and adequate and gives final approval to and orders that those payments be made to the members of the Settlement Classes who submitted valid claims in accordance with the Stipulation and Settlement Agreement.

8.     This Court hereby dismisses all claims released in the Stipulation and Settlement Agreement of the Parties on the merits and with prejudice and without costs to any of the parties as against any other settling party, except as provided in the Settlement Agreement.

9.     The Court further orders that all persons who are members of the CONNECTICUT STATE LAW CLASS; MARYLAND STATE LAW CLASS; MASSACHUSETTS STATE LAW CLASS; NEW YORK STATE LAW CLASS; PENNSYLVANIA STATE LAW CLASS; VERMONT STATE LAW CLASS; and ERISA CLASS CLASSES who did not timely opt out of this case ("STATE LAW RELEASING PERSONS") are hereby barred and permanently enjoined from prosecuting, commencing or continuing any claims, causes of action, damages and liabilities of any kind, nature and character whosever in law, equity or otherwise, known or unknown, suspected or unsuspected, that now exist, may exist or heretofore existed, against Defendants, and their past, present, and future parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers, heirs, estate and assigns, and each of their past, present and future officers, directors, trustees, agents, employees, attorneys,

contractors, representatives, heirs, estate, benefits plans, sponsored or administered by C&S

Wholesale Grocers, Inc., divisions, units, branches and other persons or entities acting on their

behalf ("RELEASED PERSONS") from any and all wage-related claims, demands, rights,

liabilities, expenses, and losses of any kind, that any of the STATE LAW RELEASING

PERSONS has, had, might have or might have had against any of the RELEASED PERSONS

based on any act or omission that occurred at any time prior to  March 2, 2008 related to any of

the facts or claims alleged in this LITIGATION or by reason of the negotiations leading to this

settlement, even if presently unknown and/or un-asserted.  Any STATE LAW RELEASING

PERSON who did not timely opt into this case is not barred by this Order from pursuing FLSA

claims against Defendants.    Claims that are barred for all STATE LAW RELEASING

PERSONS also include any claims that could be brought by INCENTIVE PIECE-RATE

WORKERS alleging that Defendants retaliated against them for complaining about their wages

or for asserting wage-related claims, any wage-and-hour laws or other laws, and any other claims

of any kind related to C&S Wholesale Grocers, Inc.'s alleged failure to pay wages INCENTIVE

PIECE-RATE WORKERS through March 2, 2008, including but not limited to: minimum wage,

overtime, liquidated damages, missed meal, rest and lunch breaks, travel time, deductions,

charge backs, penalties, fines, interest quantum meruit, unjust enrichment, failure to reimburse

for business-related expenses, negligent supervision, failure to maintain records, failure to

furnish wage statements, failure to enforce company payroll policies, conversion, any claims that

could be brought by INCENTIVE PIECE-RATE WORKERS alleging Defendants retaliated

against them for complaining about their wages or for asserting wage-related claims defined in

this paragraph, and any other claims of any kind related to defendants' alleged failure to pay

wages to INCENTIVE PIECE-RATE WORKERS.

7

10.    All persons who are members of the FLSA CLASS who timely opted into this case ("FLSA RELEASING PERSONS") are hereby barred and permanently enjoined from prosecuting, commencing or continuing any claims, causes of action, damages and liabilities of any kind, nature and character whosever in law, equity or otherwise, known or unknown, suspected or unsuspected, that now exist, may exist or heretofore existed, against Defendants, their predecessors, successors, parents, subsidiaries, affiliates and assigns together with their past present and future officers, directors, employees, share holders, representatives, insurers, benefit plans, plan administrators, reinsurers, controlling persons, partners, affiliates, attorneys, agents, subsidiaries, and parents, including without limitation, the heirs, executors, administrators, successors and assigns of any and all of them ("RELEASED PERSONS") from any and all claims pursuant to Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et. seq., of any kind, that any of the FLSA RELEASING PERSONS has, had, might have or might have had against any of the RELEASED PERSONS based on any act or omission that occurred at any time prior to March 2, 2008, in any way related to any of the facts or claims alleged in this LITIGATION or by reason of the negotiations leading to this settlement, even if presently unknown and/or un-asserted. The claims barred include any FLSA retaliation claims that could be brought by FLSA RELEASING PERSONS against Defendants and any RELEASED PERSONS.

11.    The Court further orders that the Settlement Claims Administrator will send notice of the Final Approval Order to the Final Settlement Class Members.

12.    The Court retains jurisdiction over this action and the parties to administer, supervise, interpret and enforce the Settlement Agreement and this Order.

Dated: July 30, 2008
White Plains, NY

SO ORDERED:

8 Hon. Kenneth M. Karas, USDJ.